# NO. 24-1836

In The
## UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

## UNITED STATES,

**Plaintiff/Appellee**

### v.

## OSVALDO CALDERIN-PASCUAL, a/k/a Cubano a/k/a Calde,

***Defendant,***

## DAVID CALDERIN-PASCUAL

**Third-Party Petitioner/Appellant**

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT COURT OF PUERTO RICO

## APPENDIX

GEORGE T. PALLAS, P.A
1st Circuit Bar No: 1213445
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
george@pallaslaw.com
By:/s/ *George T. Pallas*
GEORGE T. PALLAS, Esq

TABLE OF CONTENTS

Page

Docket Sheet [3:21-cr-350-ADC] ....................................................1

Indictment [DE3]

    Filed September 23, 2021……………………………………...43

Plea and Forfeiture Agreement Luis Almonte-Cruz [DE155]

    Filed July 6, 2023……………………………………………60

Plea and Forfeiture Agreement Ramon Antonio Vega-Ortiz [DE162]

    Filed July 14, 2023…………………………………………...79

Plea and Forfeiture Agreement Osvaldo Calderin Pascual[DE173]

    Filed August 4, 2023………………………………………...100

Preliminary Order of Forfeiture Osvaldo Calderin Pascual [DE216]

    Filed December 19, 2023…………………………………...123

Petition for Hearing to Contest Forfeiture Pro-Se [DE223]

    Filed February 29, 2024…………………………………...126

United States Motion to Dismiss Petition [DE238]

    Filed April 25, 2024……………………………………….....134

Response to Government's Motion to Dismiss Petition or For An Order Directing the Filing of an Amended Petition [DE 244]

    Filed May 21, 2024………………………………………….139

Final Order of Forfeiture Osvaldo Calderin-Pascual [DE257]

    Filed August 15, 2024……………………………………….147

Motion to Unrestrict Document [DE 272] ………………………………..149

    filed November 8, 2024

United States' Response to Motion to Unrestrict Document [DE 275]

    filed November 12, 2024 ...............................................................157

Notice of Appeal [DE262]

    Filed August 28, 2024..................................................................160

Case: 24-1836     Document: 00118242615     Page: 4     Date Filed: 01/31/2025     Entry ID: 6697336

APPEAL

# United States District Court
## District of Puerto Rico (San Juan)
## CRIMINAL DOCKET FOR CASE #: 3:21-cr-00350-ADC All Defendants

Case title: USA v. Vega-Ortiz et al                    Date Filed: 09/23/2021

Assigned to: Judge Aida M. Delgado-
Colon

### Defendant (1)

**Ramon Antonio Vega-Ortiz**          represented by **Robert Millan**
*also known as*                                        Millan Law Offices
Gago                                                   Calle San Jose #250
*also known as*                                        San Juan, PR 00901
Moncho                                                 787-725-0946
                                                       Fax: 787-725-0946
                                                       Email: rmi3183180@aol.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*

                                                       **Steven E. Amster**
                                                       Law Office of Steven E. Amster
                                                       4000 Ponce de Leon Blvd.
                                                       Ste 470
                                                       Coral Gables, FL 33146
                                                       305-371-2455
                                                       Fax: 305-517-8171
                                                       Email: s_atty@bellsouth.net
                                                       *LEAD ATTORNEY*
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*

                                                       **Roberto Abesada-Aguet**
                                                       1357 Ashford Ave.
                                                       #2-184
                                                       San Juan, PR 00907
                                                       787-948-5131
                                                       Email: ra@abesada.com

### Pending Counts                                     ### Disposition

21:841(a)(1), 841(b)(1)(A)(ii), AND 846
CONSPIRACY TO POSSESS WITH
INTENT TO DISTRIBUTE

CONTROLLED SUBSTANCES
(1)

21:841(a)(1) AND 841(b)(1)(A)(ii) AND
18:2 A/A POSSESSION WITH INTENT
TO DISTRIBUTE-COCAINE
(2)

21:952(a), 960(a), 960(b)(1)(B), AND 963
CONSPIRACY TO IMPORT A
CONTROLLED SUBSTANCE
(3)

21:952(a), 960(a), 960(b)(1)(B), AND 963
AND 18:2 A/A ATTEMPTED
IMPORTATION OF A CONTROLLED
SUBSTANCE
(4)

18:1956(h) CONSPIRACY TO
LAUNDER MONETARY
INSTRUMENTS
(5)

18:1956(a)(1)(B)(i) AND 18:2 A/A
LAUNDERING OF MONETARY
INSTRUMENTS
(6-11)

18:1957 AND 18:2 A/A ENGAGING IN
MONETARY TRANSACTIONS
(12-14)

**<u>Highest Offense Level (Opening)</u>**

Felony

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

**<u>Highest Offense Level (Terminated)</u>**

None

| **<u>Complaints</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

---

Assigned to: Judge Aida M. Delgado-
Colon

Appeals court case number: 24-1836

**<u>Defendant (2)</u>**

**Osvaldo Calderin-Pascual**
*also known as*
Cubano
*also known as*
Calde

represented by **Greg Alfredo Gonzalez**
Law Office of Gregory A. Gonzalez, P.A.
3232 Coral Way #2002
Suite 109
Florida
Miami, FL 33145
305-299-9061
Email: greg@greggonzalez.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jennie M. Espada-Ocasio**
Espada Esquire Legal Services Psc
PO BOX 13811
San Juan, PR 00908-3811
787-758-1999
Fax: 787-773-0500
Email: espada.esquire@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Miguel A. Rodriguez-Robles**
Cond. Riberas de Rio Hondo
100 Rio Espiritu Santo
Apt. 101
Bayamon, PR 00961-3290
787-549-2839
Email: miguelrodriguezrobles@gmail.com
*TERMINATED: 01/03/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Milkanyeliz Rosado-Montanez**
PO Box 2
Barceloneta, PR 00617
787-216-9294
Email: anye-liz@live.com
*TERMINATED: 06/16/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Ramon M Gonzalez-Santiago**
Ramon M. Gonzalez Law Office
PO Box 195493
San Juan, PR 00919-5493
787-722-6930

Fax: 787-708-4472
Email: rmgonzalezesq@gmail.com
*TERMINATED: 08/22/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Maria A. Dominguez-Victoriano**
DMR Law LLC
1430 South Dixie Hwy
Suite 314
Miami-Dade County, Ste 314
Miami, FL 33146
787-331-9970
Email: m.dominguez@dmrpr.com
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Pending Counts**

21:841(a)(1), 841(b)(1)(A)(ii), AND 846
CONSPIRACY TO POSSESS WITH
INTENT TO DISTRIBUTE
CONTROLLED SUBSTANCES
(1)

21:841(a)(1) AND 841(b)(1)(A)(ii) AND
18:2 A/A POSSESSION WITH INTENT
TO DISTRIBUTE-COCAINE
(2)

21:952(a), 960(a), 960(b)(1)(B), AND 963
CONSPIRACY TO IMPORT A
CONTROLLED SUBSTANCE
(3)

21:952(a), 960(a), 960(b)(1)(B), AND 963
AND 18:2 A/A ATTEMPTED
IMPORTATION OF A CONTROLLED
SUBSTANCE
(4)

18:1956(h) CONSPIRACY TO
LAUNDER MONETARY
INSTRUMENTS
(5)

18:1957 AND 18:2 A/A ENGAGING IN
MONETARY TRANSACTIONS
(12-14)

**Disposition**

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Judge Aida M. Delgado-Colon

**Defendant (3)**

**Luis Almonte-Cruz**
*TERMINATED: 09/21/2023*
*also known as*
Fiscal
*TERMINATED: 09/21/2023*

represented by **Jose G. Perez-Ortiz**
Jose Guillermo Perez Ortiz
MAI Center
Marginal Kennedy 771, Calle 1, Suite 204
San Juan, PR 00920-1706
787-409-7884
Fax: 1-888-227-5728
Email: joseguiperez@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 21:841(a)(1), 841(b)(1)(A)(ii), AND 846 CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES (1) | IMPR for a term of 135 months as to Count One and Count Five, to be served concurrently with each other. SRT of 5 years as to Count One and Count Five, to be served concurrently with each other. SMA of $200.00. Forfeiture. |
| 18:1956(h) CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS (5) | IMPR for a term of 135 months as to Count One and Count Five, to be served concurrently with each other. SRT of 5 years as to Count One and Count Five, to be served concurrently with each other. SMA of $200.00. Forfeiture. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|

| | |
|---|---|
| 21:841(a)(1) AND 841(b)(1)(A)(ii) AND 18:2 A/A POSSESSION WITH INTENT TO DISTRIBUTE-COCAINE (2) | Dismissed. |
| 21:952(a), 960(a), 960(b)(1)(B), AND 963 CONSPIRACY TO IMPORT A CONTROLLED SUBSTANCE (3) | Dismissed. |
| 21:952(a), 960(a), 960(b)(1)(B), AND 963 AND 18:2 A/A ATTEMPTED IMPORTATION OF A CONTROLLED SUBSTANCE (4) | Dismissed. |
| 18:1956(a)(1)(B)(i) AND 18:2 A/A LAUNDERING OF MONETARY INSTRUMENTS (6-11) | Dismissed. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Judge Aida M. Delgado-Colon

**Defendant (4)**

| | | |
|---|---|---|
| **Reinaldo Feliciano-Troche** *TERMINATED: 08/16/2023* *also known as* Chano *TERMINATED: 08/16/2023* | represented by | **Saul Roman-Santiago** Saul Roman Law Office PO Box 191736 San Juan, PR 00919-1736 787-810-3677 Fax: 787-281-8606 Email: saulromanlaw@gmail.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* Designation: CJA Appointment |

| **Pending Counts** | **Disposition** |
|---|---|
| 21:841(a)(1), 841(b)(1)(A)(ii), AND 846 CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES (1) | IMPR of 120 months as to each count, to be served concurrently with each other. SRT of 5 years, to be served concurrently with each other. SMA of $300.00. Forfeiture. |

| 21:841(a)(1) AND 841(b)(1)(A)(ii) AND 18:2 A/A POSSESSION WITH INTENT TO DISTRIBUTE-COCAINE (2) | IMPR of 120 months as to each count, to be served concurrently with each other. SRT of 5 years, to be served concurrently with each other. SMA of $300.00. Forfeiture. |
| 21:952(a), 960(a), 960(b)(1)(B), AND 963 CONSPIRACY TO IMPORT A CONTROLLED SUBSTANCE (3) | IMPR of 120 months as to each count, to be served concurrently with each other. SRT of 5 years, to be served concurrently with each other. SMA of $300.00. Forfeiture. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| None | |

---

**Interested Party**

**US Probation Office**

---

**Interested Party**

**VA Leasing Corp.**                    represented by **Roberto Abesada-Aguet**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

---

**Interested Party**

**David Calderin**                     represented by **George T Pallas**
George T. Pallas, P.A.
2420 Coral Way
Miami, FL 33145
305-856-8580
Email: george@pallaslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

                                        *Designation: Retained*

                                        **John M. Cunill**
                                        Law Offices of Adorno & Cunill PL
                                        1000 Brickell Ave
                                        Ste 1100
                                        Miami, FL 33131
                                        305-381-9999
                                        Fax: 305-675-2692
                                        Email: john@adornocunill.com
                                        *ATTORNEY TO BE NOTICED*

---

**Plaintiff**

**USA**                    represented by **Carlos Jose Romo-Aledo**
                                        DOJ-USAO
                                        Torre Chardon
                                        350 Carlos Chardon Street
                                        Suite 1201
                                        San Juan, PR 00918
                                        787-766-5656
                                        Email: carlos.romo.aledo@usdoj.gov
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*
                                        *Designation: AUSA Designation*

                                        **Jawayria Zarreen Auchter - INACTIVE**
                                        DOJ-USAO
                                        District of Utah
                                        111 South Main Street, Suite 1800
                                        Salt Lake City, UT 84111-2176
                                        801-325-3238
                                        Email: USAPR.InactiveAUSA@usdoj.gov
                                        *TERMINATED: 07/20/2022*
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*
                                        *Designation: AUSA Designation*

                                        **Luis Angel Valentin**
                                        United States Department of Justice
                                        United States Attorney's Office
                                        350 Carlos Chardon Ave.
                                        Suite 1201
                                        San Juan, PR 00918
                                        787-370-6519
                                        Email: luis.valentin@usdoj.gov
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*
                                        *Designation: AUSA Designation*

**Daniel Joseph Olinghouse**
United States Attorney's Office
District of Puerto Rico
Torre Chardon Suite 1201
350 Carlos Chardon Street
San Juan, PR 00918
787-766-5656
Email: Daniel.Olinghouse2@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2021 | 1 | MOTION to Seal Case by USA as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4). (idg) (Entered: 09/24/2021) |
| 09/23/2021 | 2 | ORDER granting 1 Motion to Seal Case as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4). Signed by US Magistrate Judge Camille L. Velez-Rive on 9/23/2021. (idg) (Entered: 09/24/2021) |
| 09/23/2021 | 3 | INDICTMENT as to Ramon Antonio Vega-Ortiz (1) count(s) 1, 2, 3, 4, 5, 6-11, 12-14, Osvaldo Calderin-Pascual (2) count(s) 1, 2, 3, 4, 5, 12-14, Luis Almonte-Cruz (3) count(s) 1, 2, 3, 4, 5, 6-11, Reinaldo Feliciano-Troche (4) count(s) 1, 2, 3. (idg) (Additional attachment(s) added on 9/24/2021: # 1 NPV) (idg). Modified to remove sealed on 10/15/2021 (idg). (Entered: 09/24/2021) |
| 09/23/2021 | 4 | Minute Entry for proceedings held before US Magistrate Judge Camille L. Velez-Rive: Return of Indictment by Grand Jury as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4) held on 9/23/2021. **Arraignment to be set upon arrest.** Arrest Warrants to be issued.(Court Reporter DCR.) (idg) (Entered: 09/24/2021) |
| 09/23/2021 | 5 | *RESTRICTED* Arrest Warrant Issued by US Magistrate Judge Camille L. Velez-Rive in case as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4). (idg) (Entered: 09/24/2021) |
| 10/12/2021 | | Arrest of Ramon Antonio Vega-Ortiz (1) in Southern District of Florida. (idg) (Entered: 10/19/2021) |
| 10/13/2021 | 6 | MOTION to Unseal Case by USA as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4). Responses due by 10/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Auchter, Jawayria) (Entered: 10/13/2021) |
| 10/13/2021 | | Arrest of Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4) (gyr) (Entered: 10/14/2021) |
| 10/13/2021 | 9 | Minute Entry for proceedings held before US Magistrate Judge Marshal D. Morgan: Initial Appearance as to Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), and Reinaldo Feliciano-Troche (4) was held on 10/13/2021. Present: AUSA Jawayria Auchter and AFPD Jessica Earl. The defendants were present, under custody, and |

| | | assisted by a certified court interpreter. All parties were present via VTC. The Court found that the defendants knowingly and voluntarily waived their right to attend this hearing in person and consented to proceed by way of VTC. The defendants were advised as to the charges in the Indictment, the maximum penalties that they are exposed to if convicted of those charges, and their rights. Pursuant to the Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (Oct. 21, 2020) and Rule 5(f) of the Federal Rules of Criminal Procedure, the United States is reminded of its obligation to disclose in a timely manner all exculpatory evidence to the defendant[s], that is, all evidence that is favorable to the defendant[s] or tends to cast doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Failure to comply with this order may result in consequences, including, but not limited to, the reversal of any conviction, the exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, and/or sanctions by the Court. Attorneys from the CJA Panel were appointed to represent the defendants. The Court ordered the defendants temporarily detained pending further proceedings. **Arraignment/Bail Hearing as to Osvaldo Calderin-Pascual (2) was set for 10/25/2021 at 2:30 PM via VTC before US Magistrate Judge Marshal D. Morgan. Arraignment/Detention Hearing as to Luis Almonte-Cruz (3) and Reinaldo Feliciano-Troche (4) was set for 10/18/2021 at 2:00 PM via VTC before US Magistrate Judge Marshal D. Morgan.** (Court Reporter DCR/ ZoomGov Recording.) Hearing held at 03:11. Hearing ended at 03:19. Interpreter Felix Toledo. (mig) (Entered: 10/14/2021) |
|---|---|---|
| 10/13/2021 | | CJA 20 as to Reinaldo Feliciano-Troche (4): Appointment of Attorney Saul Roman-Santiago for Reinaldo Feliciano-Troche. Signed by US Magistrate Judge Marshal D. Morgan on 10132021. (mcc) (Entered: 10/18/2021) |
| 10/13/2021 | | CJA 20 as to Luis Almonte-Cruz (3): Appointment of Attorney Jose G. Perez-Ortiz for Luis Almonte-Cruz. Signed by US Magistrate Judge Marshal D. Morgan on 10/13/2021. (gyr) (Entered: 10/18/2021) |
| 10/13/2021 | 13 | ORDER scheduling detention hearing as to Luis Almonte-Cruz (3). Defendant is TEMPORARILY DETAINED pending hearing. Signed by US Magistrate Judge Marshal D. Morgan on 10/13/2021. (mcc) (Entered: 10/18/2021) |
| 10/13/2021 | 14 | ORDER scheduling detention hearing as to Osvaldo Calderin-Pascual (2). Defendant is TEMPORARILY DETAINED pending hearing. Signed by US Magistrate Judge Marshal D. Morgan on 10/13/2021. (gyr) (Entered: 10/18/2021) |
| 10/13/2021 | 15 | ORDER scheduling detention hearing as to Reinaldo Feliciano-Troche (4). Defendant is TEMPORARILY DETAINED pending hearing. Signed by US Magistrate Judge Marshal D. Morgan on 10/13/2021. (gyr) (Entered: 10/18/2021) |
| 10/14/2021 | 7 | ***SELECTED PARTIES***Notice of Disclosure of Pretrial Services Report as to Luis Almonte-Cruz (3). Pretrial Services Reports are made available to Defense Counsel and the Government. The Pretrial Reports are not public record, are not to be produced or disclosed to any other party, and shall remain confidential as provided in Title 18 U.S.C. 3153(c)(1), by USA, US Probation Officer, Luis Almonte-Cruz (U.S. Probation Officer, Naysha Nunez) (Entered: 10/14/2021) |
| 10/14/2021 | 8 | ORDER re 6 Motion to Unseal Case as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4): GRANTED. Signed by Judge Aida M. Delgado-Colon on 10/14/2021. (cmd) (Entered: 10/14/2021) |

| 10/15/2021 | 10 | ***SELECTED PARTIES***Notice of Disclosure of Pretrial Services Report as to Reinaldo Feliciano-Troche (4). Pretrial Services Reports are made available to Defense Counsel and the Government. The Pretrial Reports are not public record, are not to be produced or disclosed to any other party, and shall remain confidential as provided in Title 18 U.S.C. 3153(c)(1), by USA, US Probation Officer, Reinaldo Feliciano-Troche (U.S. Probation Officer, Elisa Abruna) (Entered: 10/15/2021) |
|---|---|---|
| 10/17/2021 | 11 | NOTICE OF ATTORNEY APPEARANCE: Miguel A. Rodriguez-Robles appearing for Osvaldo Calderin-Pascual (2) (Rodriguez-Robles, Miguel) (Entered: 10/17/2021) |
| 10/18/2021 | 12 | Emergency MOTION to Continue *Hearings* by USA as to Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4). Responses due by 11/1/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Auchter, Jawayria) (Entered: 10/18/2021) |
| 10/18/2021 | 16 | Minute Entry for proceedings held before US Magistrate Judge Marshal D. Morgan: Arraignment as to Luis Almonte-Cruz (3) Re: Counts 1-11 was held on 10/18/2021. Present: AUSA Max Perez, defense counsel Jose Perez, USPO Leslie Pagan, and SUSPO Elisa Abruna. The defendant was present, under custody at MDC, and assisted by a certified court interpreter. All parties were present via VTC. The Court found that the defendant knowingly and voluntarily waived his right to attend this hearing in person and consented to proceed by way of VTC. The defendant was found competent to understand the proceedings. He did not have a physical copy of the Indictment but had discussed it with his attorney. The defendant waived the reading of the Indictment and entered a plea of not guilty as to all counts. The Government has 7 days to produce discovery and the defense has 14 days thereafter to file motions. The case is referred to U.S. District Judge Aida M. Delgado-Colon for further proceedings. As to detention, the defense requested the continuance of the hearing. **The Detention Hearing IS RESET for 10/19/2021 AT 1:30 PM by VTC before US Magistrate Judge Marshal D. Morgan.** (Court Reporter DCR/ ZoomGov Recording.) Hearing set for 02:00. Hearing held at 02:58. Hearing ended at 03:10. Interpreter Iris Ramirez. (mig) (Entered: 10/18/2021) |
| 10/18/2021 | 17 | Rule 5 Documents Received as to Ramon Antonio Vega-Ortiz (1). (Attachments: # 1 Docket Sheet, # 2 Indictment, # 3 Minute Entry, # 4 Minute, # 5 Notice of Attorney Appearance, # 6 Order)(idg) Modified title on 10/20/2021 (idg). (Entered: 10/19/2021) |
| 10/18/2021 | 21 | Minute Entry for proceedings held before US Magistrate Judge Marshal D. Morgan: Arraignment/Detention Hearing as to Reinaldo Feliciano-Troche (4), re: Counts 1-3 was held on 10/18/2021. Present: AUSA Max Perez, defense counsel Saul Roman, USPO Leslie Pagan, and SUSPO Elisa Abruna. The defendant was present, under custody at MDC, and assisted by a certified court interpreter. All parties were present via VTC. The Court found that the defendant knowingly and voluntarily waived his right to attend this hearing in person and consented to proceed by way of VTC. The defendant was found competent to understand the proceedings. He did not have a physical copy of the Indictment but had discussed it with his attorney. The defendant waived the reading of the Indictment and entered a plea of not guilty as to all counts. The Government has 7 days to produce discovery and the defense has 14 days thereafter to file motions. The case is referred to U.S. District Judge Aida M. Delgado-Colon for further proceedings. As to detention, The defense did not request conditions of release at this time but reserved the right to request the reopening of the hearing if circumstances changed. The Government requested detention. After having heard the parties, the Court ordered the defendant detained pending trial. Order to be issued. |

| | | |
|---|---|---|
| | | (Court Reporter DCR/ ZoomGov Recording.) Hearing set for 02:00. Hearing held at 03:10. Hearing ended at 03:17. Interpreter Iris Ramirez. (mig) (Entered: 10/21/2021) |
| 10/18/2021 | 25 | ORDER OF DETENTION PENDING TRIAL as to Reinaldo Feliciano-Troche (4). Signed by US Magistrate Judge Marshal D. Morgan on 10/18/2021. (cml) (Entered: 10/26/2021) |
| 10/19/2021 | 18 | NOTICE OF ATTORNEY APPEARANCE: Milkanyeliz Rosado-Montanez appearing for Osvaldo Calderin-Pascual (2) (Rosado-Montanez, Milkanyeliz) (Entered: 10/19/2021) |
| 10/19/2021 | 19 | Minute Entry for proceedings held before US Magistrate Judge Marshal D. Morgan: Detention Hearing as to Luis Almonte-Cruz (3) was held on 10/19/2021. Present: AUSA Jawayria Auchter, defense counsel Jose Perez-Ortiz, and USPO Leslie Pagan. The defendant was present, under custody at MDC, and assisted by a certified court interpreter. All parties were present via VTC. The Court found that the defendant knowingly and voluntarily waived his right to attend this hearing in person and consented to proceed by way of VTC. The Government requested detention for the defendant. Defense counsel argued for conditions of release and suggested specific bail conditions for the Court's consideration. After having heard the parties, the Court ordered the defendant detained pending trial based on flight risk and danger to the community. Order to be issued. (Court Reporter DCR/ ZoomGov Recording.) Hearing set for 01:30. Hearing held at 01:29. Hearing ended at 01:50. Interpreter Lisa Leilanie Solis. (mig) (Entered: 10/21/2021) |
| 10/19/2021 | 20 | ORDER OF DETENTION PENDING TRIAL as to Luis Almonte-Cruz (3). Signed by US Magistrate Judge Marshal D. Morgan on 10/19/2021. (cml) (Entered: 10/21/2021) |
| 10/22/2021 | 22 | ***SELECTED PARTIES***Notice of Disclosure of Pretrial Services Report as to Osvaldo Calderin-Pascual (2). Pretrial Services Reports are made available to Defense Counsel and the Government. The Pretrial Reports are not public record, are not to be produced or disclosed to any other party, and shall remain confidential as provided in Title 18 U.S.C. 3153(c)(1), by USA, US Probation Officer, Osvaldo Calderin-Pascual (U.S. Probation Task Force, Leslie Pagan) (Entered: 10/22/2021) |
| 10/22/2021 | 23 | Emergency MOTION Requesting Order by USA as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4). Responses due by 11/5/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Auchter, Jawayria) (Entered: 10/22/2021) |
| 10/23/2021 | 24 | ORDER re 23 Motion Requesting Order as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4): GRANTED. Signed by Judge Aida M. Delgado-Colon on 10/23/2021. (cmd) (Entered: 10/23/2021) |
| 10/25/2021 | 26 | Minute Entry for proceedings held before US Magistrate Judge Marshal D. Morgan: Arraignment/Bail Hearing as to Osvaldo Calderin-Pascual (2) re: Counts 1-5, 12-14 was held on 10/25/2021. Present: AUSA Jawayria Auchter, defense counsel Miguel Rodriguez, and USPO Leslie Pagan. The defendant was present, under custody at MDC, and assisted by a certified court interpreter. All parties were present via VTC. The Court found that the defendant knowingly and voluntarily waived his right to attend this hearing in person and consented to proceed by way of VTC. The defendant was found competent to understand the proceedings. He did not have a physical copy |

of the Indictment but had discussed it with his attorney. The defendant waived the reading of the Indictment and entered a plea of not guilty as to all applicable counts. The Government has 7 days to produce discovery and the defense has 14 days thereafter to file motions. The case is referred to U.S. District Judge Aida M. Delgado-Colon for further proceedings. As to bail, counsel Rodriguez argued for conditions of release and made a proffer. The Government requested detention. After having heard the parties, the Court ordered the defendant detained pending trial based on flight risk and danger to the community. Order to be issued. (Court Reporter DCR/ ZoomGov Recording.) Hearing set for 02:30. Hearing held at 03:32. Hearing ended at 03:55. Interpreter Sonia Crescioni. (mig) (Entered: 10/27/2021)

| 10/25/2021 | 27 | ORDER OF DETENTION PENDING TRIAL as to Osvaldo Calderin-Pascual (2). Signed by US Magistrate Judge Marshal D. Morgan on 10/25/2021. (cml) (Entered: 10/28/2021) |
| 11/18/2021 | 28 | BILL of Particulars by USA as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4) (Auchter, Jawayria) (Entered: 11/18/2021) |
| 11/30/2021 | 29 | MOTION for *Cautionary Notices* by USA as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4). Responses due by 12/14/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Text of Proposed Order)(Auchter, Jawayria) Modified event and title on 12/1/2021 (idg). (Entered: 11/30/2021) |
| 12/06/2021 | 30 | ORDER as to Ramon Antonio Vega-Ortiz (1) re 17 Rule 5(c)(3) Documents Received: **Arraignment is set for 12/13/2021 at 1:30 PM in VTC Bridge BJM before US Magistrate Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 12/6/2021. (bgl) (Entered: 12/06/2021) |
| 12/10/2021 | 31 | ORDER as to Ramon Antonio Vega-Ortiz (1): **Arraignment is reset for 12/20/2021 at 2:30 PM in VTC Bridge BJM before US Magistrate Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 12/10/2021. (bgl) (Entered: 12/10/2021) |
| 12/19/2021 | 32 | Notice of Appearance for defendant Attorney: Robert Millan. by Ramon Antonio Vega-Ortiz (1). Responses due by 1/3/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Millan, Robert) Modified title on 12/20/2021 (idg). (Entered: 12/19/2021) |
| 12/19/2021 | 33 | Motion to allow Steven Amster to appear pro hac vice (Pro Hac fee $300 receipt number APRDC-7573974). Responses due by 1/3/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Millan, Robert) (Entered: 12/19/2021) |
| 12/20/2021 | 34 | ORDER granting 33 Motion to Appear PHV as to Ramon Antonio Vega-Ortiz (1). Signed by US Magistrate Judge Bruce J. McGiverin on 12/20/2021. (bgl) (Entered: 12/20/2021) |
| 12/20/2021 | 36 | Minute Entry for proceedings held before US Magistrate Judge Bruce J. McGiverin: Arraignment as to Ramon Antonio Vega-Ortiz (1) Counts 1,2,3,4,5,6-11,12-14 held on 12/20/2021 via VTC. Present were AUSA Jawayria Auchter and Atty. Steven Amster, appearing pro hac vice. The defendant was present, under custody, and assisted by a certified court interpreter. All participants were present via VTC. The defendant |

| | | waived his right to appear physically at the hearing and consented to proceed by way of VTC. The defendant was found competent to understand the proceedings. He waived the reading of the indictment and entered a plea of not guilty as to all applicable counts. The Government has 7 days to produce discovery and the defense has 14 days thereafter to file motions. Case is referred to U.S. District Judge Aida Delgado-Colon for trial and further proceedings. Pursuant to the Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (Oct. 21, 2020) and Rule 5(f) of the Federal Rules of Criminal Procedure, the United States is reminded of its obligation to disclose in a timely manner all exculpatory evidence to the defendant[s], that is, all evidence that is favorable to the defendant[s] or tends to cast doubt on the United States case, as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Failure to comply with this order may result in consequences, including, but not limited to, the reversal of any conviction, the exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, and/or sanctions by the Court. As to detention, the Government informed that the minute entries in the Rule 5 proceedings indicate that a Detention Hearing was already held in the Southern District of Florida (Miami); defense counsel confirmed this information. Both parties informed that an order of detention was issued in the arresting district. The order of detention in the arresting district will remain in force. (Court Reporter BJM Zoom.) Hearing set for 02:30. Hearing held at 02:48. Hearing ended at 02:51. Interpreter Carlos Ravelo. (gyr) (Entered: 12/22/2021) |
|---|---|---|
| 12/21/2021 | 35 | NOTICE TO PRO HAC VICE: The Court has granted your pro hac vice application (See docket 34 ). The USDC for the District of Puerto Rico is a NextGen court and the filing of a notice of appearance is now required using your upgraded PACER account in order to start receiving notifications. For more information, visit the following link: **https://www.prd.uscourts.gov/nextgen-cmecf-what-it-means-you**. (idg) (Entered: 12/21/2021) |
| 12/22/2021 | 37 | ORDER as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4) : **Status Conference is set for 1/25/2022 at 1:00 PM via VTC Bridge before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 12/22/2021. (cmd) (Entered: 12/22/2021) |
| 12/29/2021 | 38 | NOTICE OF ATTORNEY APPEARANCE: Ramon M Gonzalez-Santiago appearing for Osvaldo Calderin-Pascual (2) (Gonzalez-Santiago, Ramon) (Entered: 12/29/2021) |
| 12/29/2021 | 39 | Motion to allow Gregory Gonzalez to appear pro hac vice (Pro Hac fee $300 receipt number APRDC-7584159). Responses due by 1/12/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Gonzalez-Santiago, Ramon) (Entered: 12/29/2021) |
| 01/01/2022 | 40 | MOTION to Withdraw as Attorney by Miguel A. Rodriguez-Robles. by Osvaldo Calderin-Pascual (2). Responses due by 1/18/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Rodriguez-Robles, Miguel) (Entered: 01/01/2022) |
| 01/03/2022 | 41 | ORDER re 40 Motion to Withdraw as Attorney: GRANTED. Attorney Miguel A. Rodriguez-Robles withdrawn from case as to Osvaldo Calderin-Pascual (2). Signed by Judge Aida M. Delgado-Colon on 1/3/22. (cmd) (Entered: 01/03/2022) |
| 01/24/2022 | 42 | ORDER finding as moot 12 Motion to Continue as to Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4). Signed by Judge Aida M. Delgado-Colon on 1/24/2022. (wm) (Entered: 01/24/2022) |

| 01/25/2022 | 43 | Minute Entry for proceedings held before Judge Aida M. Delgado-Colon:Status Conference as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4) held via VTC on 1/25/2022. Present were AUSA Jawayria Auchter and defense counsel Steven Amster, Ramon Gonzalez, Greg Gonzalez, Jose Perez-Ortiz and Saul Roman. The Government informed the Court that the first package of discovery was sent to the defendants and a second package will produced in 14 days. Plea offers will also be tendered. Defense counsel requested additional time to review the discovery. Attorney Perez on behalf of defendant Luis Almonte-Cruz (3), stated that the discovery pertaining to the money laundering charges has not been produced. He requested that the Government makes the video and audio recordings available for the defendants at MDC. The Government shall make the recordings available by 2/11/2022. If there are any security concerns regarding the same, the Court shall brought to the attention of the Court. Government's motion at docket 29 and Motion by Attorney Greg Gonzalez were granted. **Status Conference is set for 4/4/2022 at 4:30 PM in VTC Bridge ADC before Judge Aida M. Delgado-Colon.** (Court Reporter Amy Walker.) Hearing set for 1:00 PM. Hearing held at 1:23 PM. Hearing ended at 1:43 PM. (cmd) (Entered: 01/25/2022) |
| 01/25/2022 | 44 | ORDER re 29 Motion for Cautionary Notice as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4): GRANTED. Signed by Judge Aida M. Delgado-Colon on 1/25/22. (cmd) (Entered: 01/25/2022) |
| 01/25/2022 | 45 | ORDER re 39 Motion to Appear PHV as to Osvaldo Calderin-Pascual (2) by Attorney Greg Gonzalez: GRANTED.Signed by Judge Aida M. Delgado-Colon on 1/25/22. (cmd) (Entered: 01/25/2022) |
| 01/26/2022 | 46 | NOTICE TO PRO HAC VICE Gregory A. Gonzalez re: 45 Order on Motion to Appear PHV: The Court has granted your pro hac vice application. In order to start receiving notifications, you must file a notice of appearance using your upgraded PACER account. For more information, visit the following link: **https://www.prd.uscourts.gov/nextgen-cmecf-what-it-means-you**. (idg) (Entered: 01/26/2022) |
| 03/04/2022 | 47 | MOTION Requesting Copy of Docket Sheet by Osvaldo Calderin-Pascual (2), pro se. (Attachments: # 1 Envelope)(idg) (Entered: 03/14/2022) |
| 03/30/2022 | 48 | MOTION to Substitute Attorney *During Status Conference* by Reinaldo Feliciano-Troche (4). Responses due by 4/13/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Roman-Santiago, Saul) (Entered: 03/30/2022) |
| 04/01/2022 | 49 | ORDER as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4): **Status Conference set for 4/4/2022 *is ADVANCED TO 1:00 PM* via VTC Bridge ADC before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 4/1/2022.(cmd) (Entered: 04/01/2022) |
| 04/01/2022 | 50 | ORDER re 48 Motion to Substitute Attorney. as to Reinaldo Feliciano-Troche (4). Noted. Signed by Judge Aida M. Delgado-Colon on 4/1/2022. (wm) (Entered: 04/01/2022) |
| 04/04/2022 | 51 | ***EX-PARTE*** MOTION *Misc. Relief* by USA as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche |

| | | |
|---|---|---|
| | | (4). Responses due by 4/18/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Auchter, Jawayria) (Entered: 04/04/2022) |
| 04/04/2022 | 52 | MOTION to Restrict Document *ECF No. 51* by USA as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4). Responses due by 4/18/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Auchter, Jawayria) (Entered: 04/04/2022) |
| 04/04/2022 | 55 | Minute Entry for proceedings held before Judge Aida M. Delgado-Colon: Status Conference as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4) held via VTC on 4/4/2022. Present were AUSA Jawayria Auchter and defense counsel Steven Amster, Greg Gonzalez and Jose Perez-Ortiz. Attorney Perez will substitute Attorney Saul Roman for today's hearing. The Government informed the Court that another discovery package was provided to defense counsel today and plea offers have been tendered. Discovery related to the money laundering charge will be provided individually in two weeks. Defense counsel requested additional time to review the voluminous discovery that has been produced. The Court granted the request. Motion filed by defendant Osvaldo Calderin-Pascual (2) at docket 47 is DENIED. Defendant is represented by counsel and shall refrain form filing pro se motions. **Discovery due by 4/15/2022. Status Conference set for 6/2/2022 03:30 PM in VTC Bridge ADC before Judge Aida M. Delgado-Colon.** (Court Reporter Amy Walker.) Hearing set for 1:00 PM. Hearing held at 1:28 PM. Hearing ended at 1:40 PM. (cmd) (Entered: 04/08/2022) |
| 04/04/2022 | 56 | ORDER re 47 Motion Requesting Copy of Docket Sheet as to Osvaldo Calderin-Pascual (2): DENIED. The defendant is represented by counsel and shall refrain from filing pro se motions. Signed by Judge Aida M. Delgado-Colon on 4/4/2022. (cmd) (Entered: 04/08/2022) |
| 04/05/2022 | 53 | ORDER re 52 Motion to Restrict as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4): GRANTED. Signed by Judge Aida M. Delgado-Colon on 4/5/2022. (cmd) (Entered: 04/05/2022) |
| 04/06/2022 | 54 | ***SELECTED PARTIES***ORDER re 51 Motion as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4): NOTED. Signed by Judge Aida M. Delgado-Colon on 4/6/2022. (cmd) (Entered: 04/06/2022) |
| 04/21/2022 | 57 | NOTICE OF ATTORNEY APPEARANCE: Daniel Joseph Olinghouse appearing for USA. (Olinghouse, Daniel) (Entered: 04/21/2022) |
| 04/22/2022 | 58 | NOTICE *of Appearance of Interested Party VA Leasing* by Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4) (Abesada-Aguet, Roberto) (Entered: 04/22/2022) |
| 04/22/2022 | 59 | ***FILED IN ERROR - Filer to select ONLY the defendant as to which the motion/ property relates.*** Motion to allow Leo Benitez to appear pro hac vice (Pro Hac fee $300 receipt number PRDC-7727017). Responses due by 5/6/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Abesada-Aguet, Roberto) Modified to file in error on 5/2/2022 (idg). (Entered: 04/22/2022) |

| 04/22/2022 | 60 | MOTION *to Release Restrained Property* re 24 Order on Motion Requesting Order, by USA as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4). Responses due by 5/6/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit)(Olinghouse, Daniel) (Entered: 04/22/2022) |
| 04/22/2022 | | NOTICE of Docket Text Modification by Deputy Clerk re: 59 Motion to allow Leo Benitez to appear pro hac vice (Pro Hac fee $300 receipt number PRDC-7727017). ***FILED IN ERROR - Filer to select ONLY the defendant as to which the motion/property relates.*** (idg) (Entered: 05/02/2022) |
| 05/02/2022 | 61 | ORDER re 60 Motion to Release Restrained Property re 24 Order on Motion Requesting Order, by USA as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4): GRANTED and so ordered. Signed by Judge Aida M. Delgado-Colon on 5/2/2022. (cmd) (Entered: 05/02/2022) |
| 05/03/2022 | 62 | Motion to allow Leo Benitez to appear pro hac vice (Pro Hac fee $300 receipt number PRDC-7727017). Responses due by 5/17/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Abesada-Aguet, Roberto) (Entered: 05/03/2022) |
| 05/19/2022 | 63 | ORDER re 62 Motion to Appear PHV as to Ramon Antonio Vega-Ortiz (1): GRANTED. Signed by Judge Aida M. Delgado-Colon on 5/19/2022. (cmd) (Entered: 05/19/2022) |
| 05/19/2022 | | NOTICE TO PRO HAC VICE Leo Benitez re: 63 Order on Motion to Appear PHV : The Court has granted your pro hac vice application. In order to start receiving notifications, you must file a notice of appearance using your upgraded PACER account. For more information, visit the following link: **https://www.prd.uscourts.gov/nextgen-cmecf-what-it-means-you**. (idg) (Entered: 05/20/2022) |
| 06/02/2022 | 69 | Minute Entry for proceedings held before Judge Aida M. Delgado-Colon: Status Conference as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4) held via VTC on 6/2/2022. Present were AUSA Jawayria Auchter, Attorneys Steven Amster, Greg Gonzalez, Jose Perez and Saul Roman. The Government informed of some delays with the access and downloading of the discover packages by defense counsel. Today she has once again uploaded the 3 packages previously produced as well as a new fourth package which includes the money laundering evidence for counsel to download. Plea offers have been tendered. As to defendant Ramon Antonio Vega-Ortiz (1), Atty. Amster stated that the defendant has been moved from MDC to a state institution and communications have become difficult. He requests more time and that the defendant be transferred back to MDC Guaynabo or Miami. The Court stated that the institution where the defendant is housed has the same facilities as MDC Guaynabo so counsel should be able to visit and coordinate phone calls with the defendant in the same way. As to defendant Osvaldo Calderin-Pascual (2), Attorney Gonzalez stated that he has visited the defendant in 3 occasions and has discussed 2 packages. He requested additional time to review discovery. Defendant not likely to go to trial. As to defendant Luis Almonte-Cruz (3), Attorney Perez informs that he has been successful in sending 2 discovery packages to Miami but discussing the same with the defendant is difficult since there are issues accessing the videos. As to defendant Reinaldo Feliciano-Troche |

| | | |
|---|---|---|
| | | (4), Attorney Roman informs that a copy of all the discover received has been delivered to the defendant by defense counsel, except the fourth package which is new. They have not been able to access a video of August 2021 where allegedly the defendant was involved. Defense counsel shall reach out to AUSA Auchter if the same is not included in the packages sent. The same will be promptly provided. Discovery to be placed at MDC Guaynabo for the defendant's review. After having heard the parties, the Court set the following deadlines: **Parties are to conclude plea negotiations by 8/05/2022. Status Conference is set for 8/16/2022 at 2:00 PM in VTC Bridge ADC before Judge Aida M. Delgado-Colon.** (Court Reporter Amy Walker.) Hearing set for 3:30 PM. Hearing held at 3:47 PM. Hearing ended at 4:07 PM. (cmd) (Entered: 06/07/2022) |
| 06/04/2022 | 64 | ***SELECTED PARTIES*** MOTION for Bond *Reopening of Bail Hearing Proceedings "In Presence"*, MOTION for Leave to File *Documents in Spanish*, MOTION for Extension of Time to File document *until June 14, 2022 to submit certified translations* by Reinaldo Feliciano-Troche (4), USA, US Probation Office as to Reinaldo Feliciano-Troche (4). Responses due by 6/21/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit Character.letters, # 2 Exhibit Appraisal of Real Property, # 3 Exhibit Purchase-Sale Deed)(Roman-Santiago, Saul) (Entered: 06/04/2022) |
| 06/04/2022 | 65 | MOTION to Restrict Document *Docket #64* by Reinaldo Feliciano-Troche (4). Responses due by 6/21/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Roman-Santiago, Saul) (Entered: 06/04/2022) |
| 06/04/2022 | 66 | ***FILED IN ERROR - Has been re-filed in d.e. 68 with correct case number.*** MOTION Requesting Order *To Authorize Expert Services for Certified Translations (CJA-21)* re 64 MOTION for Bond *Reopening of Bail Hearing Proceedings "In Presence"* MOTION for Leave to File *Documents in Spanish* MOTION for Extension of Time to File document *until June 14, 2022 to submit certified translations* by Reinaldo Feliciano-Troche (4). Responses due by 6/21/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Roman-Santiago, Saul) Modified to file in error on 6/7/2022 (idg). (Entered: 06/04/2022) |
| 06/04/2022 | 67 | MOTION Requesting Order *To Authorize Expert Services for Certified Translations (CJA-21)* re 64 MOTION for Bond *Reopening of Bail Hearing Proceedings "In Presence"* MOTION for Leave to File *Documents in Spanish* MOTION for Extension of Time to File document *until June 14, 2022 to submit certified translations* by Reinaldo Feliciano-Troche (4). Responses due by 6/21/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit RITA, INC. - estimated invoice)(Roman-Santiago, Saul) (Entered: 06/04/2022) |
| 06/06/2022 | 68 | MOTION Requesting Order *To Authorize Expert Services for Certified Translations (CJA-21)* by Reinaldo Feliciano-Troche (4). Responses due by 6/21/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit RITA, INC. - estimated invoice)(Roman-Santiago, Saul) (Entered: 06/06/2022) |
| 06/09/2022 | 70 | ORDER re 65 Motion to Restrict as to Reinaldo Feliciano-Troche (4): GRANTED. Signed by Judge Aida M. Delgado-Colon on 6/9/2022. (cmd) (Entered: 06/09/2022) |

| 06/15/2022 | 71 | MOTION to Withdraw as Attorney by Milkanyeliz Rosado-Montaez. by Osvaldo Calderin-Pascual (2). Responses due by 6/29/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Rosado-Montanez, Milkanyeliz) (Entered: 06/15/2022) |
| --- | --- | --- |
| 06/16/2022 | 72 | ORDER re 71 Motion to Withdraw as Attorney: GRANTED. Attorney Milkanyeliz Rosado-Montanez withdrawn from case as to Osvaldo Calderin-Pascual (2). Signed by Judge Aida M. Delgado-Colon on 6/16/2022. (cmd) (Entered: 06/16/2022) |
| 06/16/2022 | 73 | Second MOTION for Extension of Time until 10 days from Court's Order to Submit Certified Translations by Reinaldo Feliciano-Troche (4). Responses due by 6/30/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Roman-Santiago, Saul) (Entered: 06/16/2022) |
| 07/01/2022 | 74 | ORDER re 73 Motion for Extension of Time as to Reinaldo Feliciano-Troche (4): GRANTED. Signed by Judge Aida M. Delgado-Colon on 7/1/2022. (cmd) (Entered: 07/01/2022) |
| 07/18/2022 | 75 | NOTICE OF ATTORNEY APPEARANCE: Luis Angel Valentin appearing for USA. (Valentin, Luis) (Entered: 07/18/2022) |
| 07/19/2022 | 76 | MOTION to Withdraw as Attorney by Jawaryia Z. Auchter. by USA as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4). Responses due by 8/2/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Auchter, Jawaryia) (Entered: 07/19/2022) |
| 07/20/2022 | 77 | ORDER re 76 Motion to Withdraw as Attorney: GRANTED. AUSA Jawayria Zarreen Auchter withdrawn from case as to ALL DEFENDANTS. Signed by Judge Aida M. Delgado-Colon on 7/20/2022. (cmd) (Entered: 07/20/2022) |
| 08/16/2022 | 78 | ORDER REFERRING MOTION as to Reinaldo Feliciano-Troche (4) re: 64 Motion for Bond *Reopening of Bail Hearing Proceedings "In Presence"*, Motion for Leave to File *Documents in Spanish*, Motion for Extension of Time to File document *until June 14, 2022 to submit certified translations* filed by Reinaldo Feliciano-Troche TO US MAGISTRATE JUDGE MARSHAL D. MORGAN. Signed by Judge Aida M. Delgado-Colon on 8/16/2022. (gyr) (Entered: 08/16/2022) |
| 08/16/2022 | 79 | ORDER as to Reinaldo Feliciano-Troche (4): Motions Requesting Order filed at dockets 67 and 68 are GRANTED. Signed by Judge Aida M. Delgado-Colon on 8/16/2022. (gyr) (Entered: 08/16/2022) |
| 08/16/2022 | 83 | Minute Entry for proceedings held before Judge Aida M. Delgado-Colon: Status Conference as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4) held on 8/16/2022 via VTC. Present were AUSA Luis Valentin and attorneys Steven Amster, Greg Gonzalez, Jose Perez and Saul Roman. The government informed that discovery packages containing conversations and videos have been produced. Additionally, lab reports regarding the substances involved have also been provided to the defense and plea offers have been tendered to all attorneys. At this time, the government has received two counteroffers. AUSA Valentin notified that he has to review and discuss the counteroffers with his supervisory chain of command and he intends to do so within the next several weeks. Furthermore, AUSA Valentin mentioned that the case was recently transferred to him and he has been reviewing the discovery, conferring with the lead case agent and engaging in conversations with defense counsel. The government stated that it |

| | | apply to service done electronically. (Roman-Santiago, Saul) (Entered: 08/29/2022) |
|---|---|---|
| 08/31/2022 | 84 | ORDER granting 82 Motion to Restrict as to Reinaldo Feliciano-Troche (4). Signed by US Magistrate Judge Marshal D. Morgan on 8/31/2022. (cml) (Entered: 08/31/2022) |
| 08/31/2022 | 85 | ORDER noted 81 Motion Submitting Re: 81 MOTION Submitting *Certified Translation of Documents* filed by Reinaldo Feliciano-Troche as to Reinaldo Feliciano-Troche (4). Signed by US Magistrate Judge Marshal D. Morgan on 8/31/2022. (cml) (Entered: 08/31/2022) |
| 10/25/2022 | 88 | NOTICE OF ATTORNEY APPEARANCE: Jennie M. Espada-Ocasio appearing for Osvaldo Calderin-Pascual (2) (Espada-Ocasio, Jennie) (Entered: 10/25/2022) |
| 10/26/2022 | 89 | Minute Entry for proceedings held before Judge Aida M. Delgado-Colon: Pretrial Conference as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4) held on 10/26/2022 via VTC. Present on behalf of the government was AUSA Luis Valentin; on behalf of the defense were attorneys Steven Amster, Greg Gonzalez, Jennie Espada, Jorge G. Perez, and Saul Roman. The government informed it anticipates the case will conclude in a global resolution. As to defendants Ramon Antonio Vega-Ortiz (1) and Osvaldo Calderin-Pascual (2), the government indicated an agreement has been reached in principle. As to Luis Almonte-Cruz (3) and Reinaldo Feliciano-Troche (4), the government rejected counteroffers proposed by the defense; notwithstanding, the defense has advised that they expect the case to be resolved via plea agreement. As a result, the government requested 60 additional days to complete further details that will resolve the case. As to Ramon Antonio Vega-Ortiz (1), counsel Amster agreed with government's proffer and his complaints concerning appointment problems in Guayama 1000 were heard. He requested for his client to be transferred to MDC Guaynabo. The Court stated it will raise the mentioned issues regarding the correctional facility with the USMS. As to Osvaldo Calderin-Pascual (2), counsel Gonzalez was able to meet with his client and agreed with the government's request of 60 additional days. As to Luis Almonte-Cruz (3), counsel Perez joined the government's request for 60 additional days to see if an agreement can be reached. In addition, counsel Perez made reference to some pending discovery issues proffered by the previous prosecutor of the case, which were already notified and outlined to the new prosecutor. An additional mitigation package will be prepared by counsel Perez in order to verify if the case can be resolved without going to trial. As to Reinaldo Feliciano-Troche (4), counsel Roman is awaiting the requested additional discovery items as well and joined the government's request for 60 additional days. The government will meet with the case agent within one or two weeks to make sure that those discovery items, to the extent that they exist, are provided to counsel for their review. After having heard the parties, the Court imposed the following deadline and setting: **Change of Plea Motions due by 1/12/2023. Pretrial Conference is set for 1/12/2023 at 1:00 PM in VTC Bridge ADC before Judge Aida M. Delgado-Colon.** Hearing access credentials are available in the following URL link: **https://www.prd.uscourts.gov/video-teleconference-vtc-hearing-links**. The Speedy Trial Act is tolled in the interest of justice in view of the parties being in advanced negotiations. (Court Reporter Robin Dispenzieri.) Hearing set for 01:00. Hearing held at 01:15. Hearing ended at 01:30. (gyr) (Entered: 11/06/2022) |
| 12/14/2022 | 90 | Notice of Defective Pleading as to Osvaldo Calderin-Pascual (2): Lacks proper signature. Documents presented to the court in paper require a handwritten signature. L.Civ.R. 11. Notice of Manual Notification sent to Osvaldo Calderin-Pascual (2), pro |

| | | |
|---|---|---|
| | | anticipates the case being resolved in its entirety and requested 45 days to coordinate meetings with defense counsel and conduct plea negotiations. As to defendants Ramon Antonio Vega-Ortiz (1) and Osvaldo Calderin-Pascual (2), defense counsel explained the difficulties they had to meet with their clients in the correctional facilities and to obtain the discovery, previously, due to technical issues. They do not anticipate the filing of dispositive motions at this time. As to Luis Almonte-Cruz (3), attorney Perez informed that he sent a counteroffer last month and has not received the discovery pertaining the money laundering charges. As to Reinaldo Feliciano-Troche (4), attorney Roman notified that a counteroffer was sent last week. He has been engaging in conversations with AUSA Valentin regarding pending discovery, specifically as to the video of August 2021 and some information concerning the counteroffer that counsel will be providing to the government as per their request. All defense attorneys joined the government's request for additional time but, instead, requested 60 days to continue plea negotiations. **Change of Plea Motions due by 10/26/2022. Pretrial Conference is set for 10/26/2022 at 1:00 PM in VTC Bridge ADC before Judge Aida M. Delgado-Colon.** Hearing access credentials are available in the following URL link: **https://www.prd.uscourts.gov/video-teleconference-vtc-hearing-links**. Case will be set for trial. (Court Reporter Amy Walker.) Hearing set for 02:00. Hearing held at 02:03. Hearing ended at 02:22. (gyr) (Entered: 08/30/2022) |
| 08/18/2022 | 80 | ORDER granting 64 MOTION for Bond Reopening of Bail Hearing Proceedings "In Presence", MOTION for Leave to File Documents in Spanish, MOTION for Extension of Time to File document until June 14, 2022 to submit certified translations by Reinaldo Feliciano-Troche (4). **Re-opening of Bail Hearing is set for 8/26/2022 at 10:30 AM in Courtroom 10 before US Magistrate Judge Marshal D. Morgan.** Signed by US Magistrate Judge Marshal D. Morgan on 8/18/2022. (cml) (Entered: 08/18/2022) |
| 08/26/2022 | 86 | Minute Entry for proceedings held before US Magistrate Judge Marshal D. Morgan: A Reopening of Bail Hearing as to Reinaldo Feliciano-Troche was held on 8/26/2022 in courtroom 10. Present: AUSA Luis Valentin, defense counsel Saul Roman, and USPO Emanuel Bravo. The defendant was present, under custody and assisted by certified court interpreters. The Government requested detention for the defendant and made a proffer. The defense argued for conditions of release and suggested conditions for the consideration of the Court. After a brief recess and after having heard the parties, the Court ordered the defendant to remain detained pending trial based on flight risk and danger to the community. Order to be issued. (Court Reporter DCR Courtroom 10.) Hearing set for 10:30. Hearing held at 03:39. Hearing ended at 04:49. Interpreter Lisa Leilanie Solis and Carlos Ravelo. (mig) (Entered: 09/01/2022) |
| 08/26/2022 | 87 | ORDER OF DETENTION PENDING TRIAL as to Reinaldo Feliciano-Troche. Signed by US Magistrate Judge Marshal D. Morgan on 8/26/2022. (cml) (Entered: 09/02/2022) |
| 08/29/2022 | 81 | ***SELECTED PARTIES*** MOTION Submitting *Certified Translation of Documents* by Reinaldo Feliciano-Troche, USA, US Probation Office as to Reinaldo Feliciano-Troche. Responses due by 9/12/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit Character.letters, # 2 Exhibit Appraisal of Real Property, # 3 Exhibit Purchase-Sale Deed)(Roman-Santiago, Saul) (Entered: 08/29/2022) |
| 08/29/2022 | 82 | MOTION to Restrict Document *Docket #81* by Reinaldo Feliciano-Troche. Responses due by 9/12/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not |

|  |  | se. (Attachments: # 1 Exhibit, # 2 Exhibit) (idg) (Entered: 12/14/2022) |
|---|---|---|
| 01/11/2023 | 91 | ***FILED IN ERROR - Wrong Defendant. Counsel to re-file.*** MOTION to Restrict Document by Ramon Antonio Vega-Ortiz (1). Responses due by 1/25/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Millan, Robert) Modified to file in error on 1/12/2023 (idg). (Entered: 01/11/2023) |
| 01/11/2023 | 92 | ***SELECTED PARTIES*** INFORMATIVE Motion regarding plea agreement by USA, Ramon Antonio Vega-Ortiz (1) as to Ramon Antonio Vega-Ortiz (1). Responses due by 1/25/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Millan, Robert). Added MOTION for Extension of Time on 1/12/2023 (idg). (Entered: 01/11/2023) |
| 01/11/2023 |  | NOTICE of Docket Text Modification by Deputy Clerk re: 91 MOTION to Restrict Document. ***FILED IN ERROR - Wrong Defendant. Counsel to re-file.*** (idg) (Entered: 01/12/2023) |
| 01/12/2023 | 93 | MOTION to Restrict Document by Ramon Antonio Vega-Ortiz (1). Responses due by 1/26/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Millan, Robert) (Entered: 01/12/2023) |
| 01/12/2023 | 94 | Minute Entry for proceedings held before Judge Aida M. Delgado-Colon: Pretrial Conference as to All Defendants held on 1/12/2023 via VTC. Present on behalf of the government was AUSA Luis A. Valentin; on behalf of the defense were attorneys Steven Amster (for Defendant No. 1), Greg Gonzalez (for Defendant No. 2), Jennie Espada (for Defendant No. 2), Jose Perez (for Defendant No. 3), and Saul Roman (for Defendant No. 4). The Court discussed the informative motion filed at ECF No. 92 requesting an extension of time. Thereafter, the government informed significant communications have been conducted with all defense counsel and anticipates the case will be resolved as to all defendants. In regards to defendants Ramon Antonio Vega-Ortiz (1) and Osvaldo Calderin-Pascual (2), the government mentioned they intend to plead guilty but need additional time to finalize some points in the agreement. The government will meet with defense counsel for Defendants No. 1 and 2 to finalize some items that remain outstanding. As a separate matter, attorney Espada clarified the pro se motion filed at ECF No. 90 was addressed with Defendant No. 2 and everything has been resolved regarding his concerns to discovery. Subsequently, the government notified the pending additional discovery items alluded in the last status conference by defense counsel Jose Perez and Saul Roman for Defendants No. 3 and 4 were resolved. In the same manner, both defense counsel for Defendants No. 3 and 4 submitted counter proposals but the same were rejected by the government. As to defendant Luis Almonte-Cruz (3), the government received a mitigation package this week from attorney Perez which is currently under review. As per conversations with defense counsel, the government understands the case as to Defendant No. 3 may also be resolved by way of plea. As to defendant Reinaldo Feliciano-Troche (4), the government indicated attorney Roman requested additional time to review the proposal and a meeting to discuss the matter. Efforts are being made by the government to conduct the requested meeting. Accordingly, the government requested 60 days to resolve the case. Attorneys Steven Amster, Greg Gonzalez, and Jose Perez had nothing further to add. Attorney Saul Roman agreed with the government's summary of the case and stated the additional time requested would be helpful to resolve the case at bar. After having heard the parties, the Court imposed the following deadlines and setting: **Change of Plea Motions and In Limine Motions due by** |

|  |  | **3/20/2023. Pretrial Conference** is set for 4/26/2023 at 5:00 PM in VTC Bridge ADC before Judge Aida M. Delgado-Colon. Hearing access credentials are available in the following URL link: **https://www.prd.uscourts.gov/video-teleconference-vtc-hearing-links.** (Court Reporter Tracy Binder.) Hearing set for 01:00. Hearing held at 01:03. Hearing ended at 01:14. (gyr) (Entered: 01/20/2023) |
|---|---|---|
| 03/20/2023 | 95 | ***SELECTED PARTIES*** MOTION re Protective Order by USA, Reinaldo Feliciano-Troche (4) as to Reinaldo Feliciano-Troche (4). Responses due by 4/3/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Text of Proposed Order)(Valentin, Luis) Modified event and title on 4/20/2023 (idg). (Entered: 03/20/2023) |
| 03/20/2023 | 96 | MOTION to Restrict Document *Docket Entry 95* by USA as to Reinaldo Feliciano-Troche (4). Responses due by 4/3/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valentin, Luis) (Entered: 03/20/2023) |
| 03/21/2023 | 97 | ORDER granting 93 Motion to Restrict as to Ramon Antonio Vega-Ortiz (1). Signed by Judge Aida M. Delgado-Colon on 3/21/2023. (dv) (Entered: 03/21/2023) |
| 03/22/2023 | 98 | ORDER as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4): **IN-PERSON Pretrial Conference set for 4/26/2023 05:00 PM in Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 3/22/2023.(su) (Entered: 03/22/2023) |
| 04/20/2023 | 99 | ORDER granting 96 Motion to Restrict as to Reinaldo Feliciano-Troche (4). Signed by Judge Aida M. Delgado-Colon on 4/20/2023. (su) (Entered: 04/20/2023) |
| 04/20/2023 | 100 | MOTION for Hearing *Lafler-Frye Hearing In Presence* by Reinaldo Feliciano-Troche (4). Responses due by 5/4/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Roman-Santiago, Saul) (Entered: 04/20/2023) |
| 04/21/2023 | 101 | ORDER as to ALL Defendants: **Pretrial Conference set for 4/26/2023 at 5:00 PM IS ADVANCED FOR 01:00 PM in Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 4/21/2023.(su) (Entered: 04/21/2023) |
| 04/21/2023 | 102 | MOTION Requesting Order for PHV to be Excused from the Pretrial Conference by Osvaldo Calderin-Pascual (2). Responses due by 5/5/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Supplement Attorney Greg A. Gonzalez's Motion.)(Gonzalez-Santiago, Ramon) Modified title on 4/24/2023 (idg). (Entered: 04/21/2023) |
| 04/25/2023 | 103 | ORDER re 102 MOTION Requesting Order for PHV to be Excused from the Pretrial Conference by Osvaldo Calderin-Pascual (2). Noted. Signed by Judge Aida M. Delgado-Colon on 4/25/2023. (wm) (Entered: 04/25/2023) |
| 04/26/2023 | 104 | ***SELECTED PARTIES***ORDER granting 95 Motion for Protective Order as to Reinaldo Feliciano-Troche (4). Signed by Judge Aida M. Delgado-Colon on 4/23/2023. (su) (Entered: 04/27/2023) |

| 04/26/2023 | 105 | ORDER granting 100 Motion for Hearing as to Reinaldo Feliciano-Troche (4) **FRYE Motion Hearing set for 5/1/2023 11:00 AM in Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 4/26/2023. (su) (Entered: 04/27/2023) |
|---|---|---|
| 04/26/2023 | 106 | Minute Entry for proceedings held before Judge Aida M. Delgado-Colon: Pretrial Conference as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4) held on 4/26/2023. Present were: AUSA Luis Valentin, Defense Counsel Steven Amster, Jennie Espada Jose Perez-Ortiz and Saul Roman. As to deft #1: COP set for 6/12/2023 at 11:00 am. As to deft #2: Plea offer tendered. Not going to trial. As to deft #3 Plea offer tendered/counteroffer submitted and a new plea offered will be tendered. As to Deft #4: Plea offer tendered, parties are negotiating, a FRYE HEARING was set for 5/1/2023 @ 11:00 am as to deft #4. Government informed that after COP deadline 5/12/2023 the 3 points reductions will not be accepted. Government informed that the jury trial duration will be 3 weeks. **Plea Agreement deadline due by 5/12/2023. TENTATIVE Jury Trial set for 7/10/2023 09:00 AM before Judge Aida M. Delgado-Colon.** (Court Reporter Tracy Binder.)Hearing set for 01:00.Hearing held at 01:15.Hearing ended at 01:38. (su) (Entered: 04/28/2023) |
| 04/26/2023 | 143 | ORAL MOTION for Change of Plea requested in open Court by Ramon Antonio Vega-Ortiz (1). (su) (Entered: 06/22/2023) |
| 04/28/2023 | 107 | ORDER as to Ramon Antonio Vega-Ortiz (1): **Change of Plea Hearing set for 6/12/2023 11:00 AM in Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 4/26/2023.(su) (Entered: 04/28/2023) |
| 05/01/2023 | 108 | Minute Entry for proceedings held before Judge Aida M. Delgado-Colon: FRYE Hearing as to Reinaldo Feliciano-Troche (4) held on 5/1/2023. Present in court AUSA Daniel Olinghouse and AUSA Luis Angel Valentin and Defense Counsel Saul Roman. The defendant was present in court, under custody and were assisted by certified court interpreter. Before the hearing Defense Counsel previously explained his client the purpose of today's Lafler/Frye hearing. During this hearing, the defendant was informed by the United States, and the Court of the potential maximum penalties and the statutory guidelines for him to be aware of the consequences of either pleading guilty to the current plea agreement tendered, making a straight plea, or be found guilty by a jury. The defendant was informed of the specific terms he may be facing as to each count by either pleading guilty pursuant to the terms of the plea agreement, entering a straight plea, or be found guilty by a jury. The defendant for the record, after being questioned by the Judge, informed that he fully understood the potential maximum penalties and the statutory guidelines as to all counts and the consequences of either accepting the final plea offer, or go to jury trial and be found guilty by a jury. **Change of plea motion or motion informing if the defendant will proceed to jury trial shall be filed no later than 5/12/2023. Jury Trial remain set for 7/10/2023.** (Court Reporter Tracy Binder.)Hearing set for 11:00.Hearing held at 11:18.Hearing ended at 12:09.Interpreter Carlos Ravelo. (su) (Entered: 05/04/2023) |
| 05/10/2023 | 222 | *RESTRICTED* USM Return of Cautionary Notice executed as to Registry of Property of Ponce, First Section on 5/9/2023. (idg) (Entered: 01/29/2024) |
| 05/12/2023 | 109 | MOTION for Change of Plea by Reinaldo Feliciano-Troche (4). Responses due by 5/26/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Roman-Santiago, Saul) (Entered: 05/12/2023) |

| 05/12/2023 | 110 | MOTION for Change of Plea by Osvaldo Calderin-Pascual (2). Responses due by 5/26/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Espada-Ocasio, Jennie) (Entered: 05/12/2023) |
|---|---|---|
| 05/12/2023 | 111 | MOTION for Change of Plea by Luis Almonte-Cruz (3). Responses due by 5/26/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Ortiz, Jose) (Entered: 05/12/2023) |
| 05/15/2023 | 112 | ORDER REFERRING MOTION: as to Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4) 111 MOTION for Change of Plea filed by Luis Almonte-Cruz, 110 MOTION for Change of Plea filed by Osvaldo Calderin-Pascual, 109 MOTION for Change of Plea filed by Reinaldo Feliciano-Troche is referred TO MAGISTRATE JUDGE, **for setting of COP Hearing and R&R.**Signed by Judge Aida M. Delgado-Colon on 5/15/2023.(su) (Entered: 05/15/2023) |
| 05/15/2023 | 113 | MEMORANDUM OF THE CLERK as to Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3) and Reinaldo Feliciano-Troche (4): By Order of Judge Aida M. Delgado-Colon (Docket No. 112), the 109 , 110 and 111 MOTIONS for Change of Plea have been randomly referred within the Case Assignment System to Magistrate Judge Bruce J. McGiverin for hearing and Report and Recommendation. Signed by Clerk on 05/15/2023. (ft) (Entered: 05/15/2023) |
| 05/19/2023 | 114 | NOTICE OF ATTORNEY APPEARANCE: Maria A. Dominguez-Victoriano appearing for Osvaldo Calderin-Pascual (2) (Dominguez-Victoriano, Maria) (Entered: 05/19/2023) |
| 05/31/2023 | 115 | ORDER as to Osvaldo Calderin-Pascual (2): **Change of Plea Hearing is set for 6/7/2023 at 10:00 AM in Courtroom 11 before US Magistrate Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 5/31/2023. (bgl) (Entered: 05/31/2023) |
| 05/31/2023 | 116 | ORDER as to Luis Almonte-Cruz (3): **Change of Plea Hearing is set for 6/7/2023 at 11:00 AM in Courtroom 11 before US Magistrate Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 5/31/2023. (bgl) (Entered: 05/31/2023) |
| 05/31/2023 | 117 | ORDER as to Reinaldo Feliciano-Troche (4): **Change of Plea Hearing is set for 6/7/2023 at 1:30 PM in Courtroom 11 before US Magistrate Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 5/31/2023. (bgl) (Entered: 05/31/2023) |
| 05/31/2023 | 118 | MOTION to Restrict Document *Motion Requesting Medical Attention* by Osvaldo Calderin-Pascual (2). Responses due by 6/14/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Espada-Ocasio, Jennie) (Entered: 05/31/2023) |
| 05/31/2023 | 119 | ***SELECTED PARTIES*** MOTION for Medical Treatment by Osvaldo Calderin-Pascual (2), USA as to Osvaldo Calderin-Pascual (2). Responses due by 6/14/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Espada-Ocasio, Jennie) (Entered: 05/31/2023) |
| 06/05/2023 | 120 | MOTION to Continue *Change of Plea Hearing* by Luis Almonte-Cruz (3). Responses due by 6/20/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Ortiz, Jose) (Entered: 06/05/2023) |

25

| 06/06/2023 | 121 | ORDER granting 120 Motion to Continue as to Luis Almonte-Cruz (3): **Change of Plea Hearing is reset for 6/20/2023 at 10:00 AM in Courtroom 11 before US Magistrate Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 6/6/2023. (bgl) (Entered: 06/06/2023) |
|---|---|---|
| 06/06/2023 | 122 | MOTION to Restrict Document by Osvaldo Calderin-Pascual (2). Responses due by 6/20/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Espada-Ocasio, Jennie) (Entered: 06/06/2023) |
| 06/06/2023 | 123 | ***FILED IN ERROR - Duplicate entry re 124 Motion.*** MOTION to Continue by Osvaldo Calderin-Pascual (2). Responses due by 6/20/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Espada-Ocasio, Jennie) Modified to restrict and file in error on 6/6/2023 (idg). (Entered: 06/06/2023) |
| 06/06/2023 | 124 | ***SELECTED PARTIES*** MOTION to Continue by Osvaldo Calderin-Pascual (2), USA as to Osvaldo Calderin-Pascual (2). Responses due by 6/20/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Espada-Ocasio, Jennie) (Entered: 06/06/2023) |
| 06/06/2023 | | NOTICE of Docket Text Modification by Deputy Clerk re: 123 MOTION to Continue. ***FILED IN ERROR - Duplicate entry re 124 Motion.*** (idg) (Entered: 06/06/2023) |
| 06/06/2023 | 125 | ORDER granting 122 Motion to Restrict as to Osvaldo Calderin-Pascual (2). Signed by US Magistrate Judge Bruce J. McGiverin on 6/6/2023. (bgl) (Entered: 06/06/2023) |
| 06/06/2023 | 126 | ORDER granting 124 Motion to Continue as to Osvaldo Calderin-Pascual (2). **Change of Plea Hearing is reset for 6/21/2023 at 10:00 AM in Courtroom 11 before US Magistrate Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 6/6/2023. (bgl) (Entered: 06/06/2023) |
| 06/07/2023 | 127 | MOTION to Continue by Ramon Antonio Vega-Ortiz (1). Responses due by 6/21/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Amster, Steven) (Entered: 06/07/2023) |
| 06/07/2023 | 128 | WAIVER of Right to Trial by Jury and Consent to Proceed before a U.S. Magistrate Judge by Reinaldo Feliciano-Troche (4). (bgl) (Entered: 06/07/2023) |
| 06/07/2023 | 129 | Minute Entry for proceedings held before US Magistrate Judge Bruce J. McGiverin: Change of Plea Hearing as to Reinaldo Feliciano-Troche (4) held on 6/7/2023. Present in court were AUSA Luis A. Valentin and Atty. Saul Roman-Santiago. The defendant was present in court, under custody and assisted by a certified court interpreter. Waiver of Right to Trial by Jury and Consent to proceed before a U. S. Magistrate Judge was filed and accepted in open court. The defendant was found competent to plead. The defendant was advised of the maximum penalties he is facing, his constitutional rights, consequences of waiving his constitutional rights and the applicable statutory guidelines. After having heard the parties, the Magistrate Judge will issue a Report and Recommendation so that the guilty plea -STRAIGHT- as to Counts One (1), Two (2) and Three (3) of the Indictment be accepted. PSI Report ordered. **Sentencing Hearing will be set by Judge Aida M. Delgado-Colon.** The defendant shall remain detained. (Court Reporter DCR/ Courtroom 11.) Hearing set for 01:30. Hearing held at 01:39. Hearing ended at 02:06. Interpreter Carlos Ravelo. (bgl) (Entered: 06/07/2023) |

CM/ECF LIVE - U.S. District Court for the District of Puerto Rico    https://ecf.prd.uscourts.gov/cgi-bin/DktRpt.pl?168566585463354...

Case: 24-1836    Document: 00118242615    Page: 30    Date Filed: 07/31/2025    Entry ID: 6897936-...

| 06/09/2023 | 130 | Joint MOTION to Continue by Ramon Antonio Vega-Ortiz (1). Responses due by 6/23/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Amster, Steven) (Entered: 06/09/2023) |
|---|---|---|
| 06/09/2023 | 131 | ORDER GRANTED 130 Motion to Continue COP Hearing as to Ramon Antonio Vega-Ortiz (1). **Change of Plea Hearing set for 6/12/2023 IS RESET FOR 7/27/2023 03:00 PM in Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 6/9/2023. (su) (Entered: 06/09/2023) |
| 06/12/2023 | 132 | ORDER as to Reinaldo Feliciano-Troche (4): **Sentencing Hearing set for 8/16/2023 03:00 PM in Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 6/12/2023.(su) (Entered: 06/12/2023) |
| 06/14/2023 | 133 | ORDER as to Ramon Antonio Vega-Ortiz (1): **Change of Plea Hearing set for 7/27/2023 IS ADVANCED FOR 6/27/2023 03:00 PM in Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 6/14/2023.(su) (Entered: 06/14/2023) |
| 06/16/2023 | 134 | Second MOTION to Continue *Change of Plea Hearing* by Luis Almonte-Cruz (3). Responses due by 6/30/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Ortiz, Jose) (Entered: 06/16/2023) |
| 06/16/2023 | 135 | ORDER granting 134 Second Motion to Continue Change of Plea Hearing as to Luis Almonte-Cruz (3): **Change of Plea Hearing is reset for 7/6/2023 at 11:00 AM in Courtroom 11 before US Magistrate Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 6/16/2023. (bgl) (Entered: 06/16/2023) |
| 06/20/2023 | 136 | ***SELECTED PARTIES***Second MOTION to Continue *Change of Plea Hearing* by Osvaldo Calderin-Pascual (2), USA as to Osvaldo Calderin-Pascual (2). Responses due by 7/5/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Dominguez-Victoriano, Maria) (Entered: 06/20/2023) |
| 06/20/2023 | 137 | ***FILED IN ERROR Incorrect PDF*** ***SELECTED PARTIES*** MOTION to Restrict Document by Osvaldo Calderin-Pascual (2). Responses due by 7/5/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Dominguez-Victoriano, Maria) Modified on 6/21/2023 (mg). Modified on 6/21/2023 to add restrictions. (mg). (Entered: 06/20/2023) |
| 06/20/2023 | 138 | ORDER granting 137 Motion to Restrict by Osvaldo Calderin-Pascual (2). Signed by US Magistrate Judge Bruce J. McGiverin on 6/20/2023. (JM) (Entered: 06/20/2023) |
| 06/20/2023 | 139 | ORDER granting 136 Second Motion to Continue by Osvaldo Calderin-Pascual (2): **Change of Plea Hearing reset for 7/5/2023 10:30 AM in Courtroom 11 before US Magistrate Judge Bruce J. McGiverin.** The Clerk is directed to forward a copy of Calderin's 119 MOTION for Medical Treatment to MDC's legal advisor, who shall respond by restricted access to motion due by 6/29/2023. **MDC's response to motion due by 6/29/2023.** Signed by US Magistrate Judge Bruce J. McGiverin on 6/20/2023. (JM) Modified on 6/20/2023 to remove VTC setting as per Chamber's request. (mg). (Entered: 06/20/2023) |
| 06/20/2023 |  | NOTICE of Docket Text Modification by Deputy Clerk re: 137 MOTION to Restrict Document. ***FILED IN ERROR Incorrect PDF*** Counsel to file Motion to Restrict. (mg) (Entered: 06/21/2023) |

27

| 06/21/2023 | <u>140</u> | ***SELECTED PARTIES*** MOTION to Continue by Ramon Antonio Vega-Ortiz (1) as to Ramon Antonio Vega-Ortiz (1). Responses due by 7/5/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Amster, Steven) (Entered: 06/21/2023) |
|---|---|---|
| 06/22/2023 | <u>141</u> | MOTION to Restrict Document by Ramon Antonio Vega-Ortiz (1) as to Ramon Antonio Vega-Ortiz (1). Responses due by 7/6/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Amster, Steven) Modified on 6/23/2023 to remove security (ecc). (Entered: 06/22/2023) |
| 06/22/2023 | 142 | ORDER as to Ramon Antonio Vega-Ortiz (1): GRANTED <u>140</u> MOTION to Continue *Change of Plea set for 6/27/2023* filed by Ramon Antonio Vega-Ortiz; GRANTED <u>141</u> MOTION to Restrict Document filed by Ramon Antonio Vega-Ortiz. Signed by Judge Aida M. Delgado-Colon on 6/22/2023.(su) (Entered: 06/22/2023) |
| 06/22/2023 | 144 | ORDER REFERRING MOTION as to Ramon Antonio Vega-Ortiz (1) 143 ORAL MOTION for Change of Plea filed by Ramon Antonio Vega-Ortiz is hereby referred TO MAGISTRATE JUDGE GISELLE LOPEZ-SOLER, **for COP Hearing and R&R,** See Motion <u>140</u> requesting that it be set for 7/14/2023. Signed by Judge Aida M. Delgado-Colon on 6/22/2023.(su) (Entered: 06/22/2023) |
| 06/23/2023 | 145 | ORDER as to Ramon Antonio Vega-Ortiz (1) re 143 Motion for Change of Plea filed by Ramon Antonio Vega-Ortiz. **Change of Plea Hearing set for 7/14/2023 at 10:00 a.m. in Courtroom 9 before US Magistrate Judge Giselle Lopez-Soler.** Not later than two business days before the hearing, the defendant shall file a motion tendering as an exhibit the plea agreement (without the supplement) signed by all the parties or, alternatively, advise the court that the defendant intends to enter a straight plea. Signed by US Magistrate Judge Giselle Lopez-Soler on 6/23/2023. (hgp) (Entered: 06/23/2023) |
| 06/28/2023 | <u>146</u> | REPORT AND RECOMMENDATIONS on Plea of Guilty as to Reinaldo Feliciano-Troche (4). **Objections to R&R due by 7/12/2023.** Signed by US Magistrate Judge Bruce J. McGiverin on 6/28/2023. (JM) (Entered: 06/28/2023) |
| 06/29/2023 | <u>147</u> | ***SELECTED PARTIES*** MDC GUAYNABO RESPONSE re 139 Order as to Osvaldo Calderin-Pascual (2). (Attachments: # <u>1</u> Attachment) (bgl) (Entered: 06/29/2023) |
| 06/29/2023 | <u>148</u> | MOTION Requesting Order / *Objection to the Magistrate Judge's Report and Recommendation* re <u>146</u> REPORT AND RECOMMENDATIONS on Plea of Guilty as to Reinaldo Feliciano-Troche (4) by Reinaldo Feliciano-Troche (4). Responses due by 7/13/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Roman-Santiago, Saul) (Entered: 06/29/2023) |
| 06/30/2023 | 149 | ORDER as to Osvaldo Calderin-Pascual (2): The Change of Plea Hearing set for 7/5/2023, **WILL BE HELD at 11:30 AM in Courtroom 11 before US Magistrate Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 6/30/2023. (mr) (Entered: 06/30/2023) |
| 07/05/2023 | 150 | ORDER as to Osvaldo Calderin-Pascual (2): **Change of Plea Hearing set for 7/5/2023 WILL BE HELD at 1:45 PM in Courtroom 11 before US Magistrate Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 7/5/2023. (bgl) (Entered: 07/05/2023) |

| | | |
|---|---|---|
| 07/05/2023 | 151 | ***SELECTED PARTIES*** MOTION to Continue *Change of Plea Hearing* by Osvaldo Calderin-Pascual (2), USA as to Osvaldo Calderin-Pascual (2). Responses due by 7/19/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Dominguez-Victoriano, Maria) (Entered: 07/05/2023) |
| 07/05/2023 | 152 | MOTION to Restrict Document *Docket 151* by Osvaldo Calderin-Pascual (2). Responses due by 7/19/2023. NOTE: Pursuant to FRCP 6(a) an additional three days do not apply to service done electronically. (Dominguez-Victoriano, Maria) (Entered: 07/05/2023) |
| 07/05/2023 | 153 | ORDER granting 152 Motion to Restrict as to Osvaldo Calderin-Pascual (2); granting 151 Motion to Continue as to Osvaldo Calderin-Pascual (2): **Change of Plea Hearing is reset for 7/31/2023 at 1:30 PM in Courtroom 11 before US Magistrate Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 7/5/2023. (bgl) (Entered: 07/05/2023) |
| 07/06/2023 | 154 | WAIVER of Right to Trial by Jury and Consent to Proceed before a U.S. Magistrate Judge by Luis Almonte-Cruz (3). (gav) (Entered: 07/06/2023) |
| 07/06/2023 | 155 | PLEA AND FORFEITURE AGREEMENT as to Luis Almonte-Cruz (3). (gav) (Entered: 07/06/2023) |
| 07/06/2023 | 156 | ***EX-PARTE***PLEA AGREEMENT SUPPLEMENT as to Luis Almonte-Cruz (3). (gav) (Entered: 07/06/2023) |
| 07/06/2023 | 157 | Minute Entry for proceedings held before US Magistrate Judge Bruce J. McGiverin: Change of Plea Hearing as to Luis Almonte-Cruz (3) held on 7/6/2023. Present AUSA Michelle Colon and attorney Jose Perez. The defendant was in the courtroom, under custody and assisted by a certified court interpreter. Waiver of Right to Trial by Jury and Consent to proceed before a U. S. Magistrate Judge was filed and accepted in open court. The defendant was found competent to plead. The defendant was advised of the maximum penalties he is facing, his constitutional rights, consequences of waiving his constitutional rights and the applicable statutory guidelines. After having heard the parties, the Magistrate Judge will issue a Report and Recommendation so that the guilty plea as to Count One (1) and Count Five (5) of the Indictment be accepted. PSI Report ordered. **Sentencing will be set by Judge Aida M. Delgado-Colon.** The defendant shall remain detained. (Court Reporter DCR.)Hearing set for 11:00.Hearing held at 11:17.Hearing ended at 11:53.Interpreter Ani Navarro. (gav) (Entered: 07/06/2023) |
| 07/10/2023 | 158 | REPORT AND RECOMMENDATIONS on Plea of Guilty as to Luis Almonte-Cruz (3). **Objections to R&R due by 7/24/2023.** Signed by US Magistrate Judge Bruce J. McGiverin on 7/10/2023. (JM) (Entered: 07/10/2023) |
| 07/11/2023 | 171 | *RESTRICTED* USM Return of Cautionary Notice Executed re: Ramon Antonio Vega-Ortiz as to Registry of Property of San German on 05/31/2023. (arg) Modified on 8/4/2023 to add defendants name. (mg). Modified typo on 9/5/2023 (idg). (Entered: 08/03/2023) |
| 07/12/2023 | 159 | ***SELECTED PARTIES*** NOTICE of Disclosure of PSR as to Reinaldo Feliciano-Troche (4). Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the presentence report for the defendant of record. According to said rule, any inaccuracies or discrepancies should be reported to the Probation Officer within 14 days from disclosure of the document. Since the presentence report is a Court |

| | | Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, US Probation Office, Reinaldo Feliciano-Troche. (Nazario, Alexandra) (Entered: 07/12/2023) |
|---|---|---|
| 07/14/2023 | 160 | ORDER noting 147 MDC GUAYNABO RESPONSE re 139 Order as to Osvaldo Calderin-Pascual (2). Signed by US Magistrate Judge Bruce J. McGiverin on 7/14/2023. (JM) (Entered: 07/14/2023) |
| 07/14/2023 | 161 | WAIVER of Right to Trial by Jury and Consent to Proceed before a U.S. Magistrate Judge by Ramon Antonio Vega-Ortiz (1). (mld) (Entered: 07/14/2023) |
| 07/14/2023 | 162 | PLEA AND FORFEITURE AGREEMENT as to Ramon Antonio Vega-Ortiz (1). (mld) (Entered: 07/14/2023) |
| 07/14/2023 | 163 | ***EX-PARTE*** PLEA AGREEMENT SUPPLEMENT as to Ramon Antonio Vega-Ortiz (1). (mld) (Entered: 07/14/2023) |
| 07/14/2023 | 164 | Minute Entry for proceedings held before US Magistrate Judge Giselle Lopez-Soler: Change of Plea Hearing as to Ramon Antonio Vega-Ortiz (1) held on 7/14/2023. Present in Court were AUSA Luis Angel Valentin and Atty. Steven E. Amster. The defendant was under custody, present in court and assisted by the Court Interpreter. Waiver of Trial by Jury and Consent to Proceed before a U.S. Magistrate Judge in a Felony Case for Pleading Guilty was filed by the defendant and approved by the Court. The defendant was placed under oath. Defendant was found competent to plead. The defendant was advised of the maximum penalties he is facing, his constitutional rights, consequences of waiving his constitutional rights and the applicable statutory guidelines. After having heard the parties, the Magistrate Judge will issue a Report and Recommendation to U.S. District Judge Aida M. Delgado-Colon, so that the guilty plea as to Counts One (1) and Five (5) of the Indictment be accepted. The Court ordered the preparation of the Pre-Sentence Investigation Report. The sentencing hearing will be set by the presiding judge. (Court Reporter DCR-Courtroom 9.) Hearing set for 10:00 AM. Hearing held at 10:29 AM. Hearing ended at 11:10 AM. Interpreter Lydia Platon. (mld) (Entered: 07/14/2023) |
| 07/17/2023 | 165 | REPORT AND RECOMMENDATIONS on Plea of Guilty as to Ramon Antonio Vega-Ortiz (1). **Objections to R&R due by 7/31/2023.** Signed by US Magistrate Judge Giselle Lopez-Soler on 7/17/23. (Lopez-Soler, Giselle) (Entered: 07/17/2023) |
| 07/18/2023 | 166 | ORDER as to Luis Almonte-Cruz (3): **Sentencing Hearing set for 9/21/2023 04:00 PM in Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 7/18/2023.(su) (Entered: 07/18/2023) |
| 07/28/2023 | 167 | ORDER as to Ramon Antonio Vega-Ortiz (1): **Sentencing Hearing set for 10/18/2023 05:00 PM in Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 7/28/2023.(su) (Entered: 07/28/2023) |
| 07/31/2023 | 168 | ***FILED IN ERROR - Local counsel's signature is missing in the PDF. Has been corrected and re-filed in d.e. 169 .*** MOTION to Withdraw as Attorney by Greg A. Gonzalez and Ramon M. Gonzalez. by Osvaldo Calderin-Pascual (2). Responses due by 8/14/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Gonzalez-Santiago, Ramon) Modified to file in error on 8/1/2023 (idg). (Entered: 07/31/2023) |
| 07/31/2023 | 169 | MOTION to Withdraw as Attorney by Greg A. Gonzalez and Ramon M. Gonzalez. by Osvaldo Calderin-Pascual (2). Responses due by 8/14/2023. NOTE: Pursuant to FRCP |

| | | |
|---|---|---|
| | | 6(a) an additional three days does not apply to service done electronically. (Gonzalez-Santiago, Ramon) (Entered: 07/31/2023) |
| 07/31/2023 | 170 | Minute Entry for proceedings held before US Magistrate Judge Bruce J. McGiverin: Change of Plea as to Osvaldo Calderin-Pascual (2) not held on 7/31/2023. Present AUSA Luis Valentin, attorney Maria Dominguez and attorney Jennie Espada. Upon request from the parties, the Court continued the Change of Plea Hearing for August 4, 2023 at 2:00PM. **Change of Plea Hearing set for 8/4/2023 02:00 PM in Courtroom 11 before US Magistrate Judge Bruce J. McGiverin.** (Court Reporter DCR.)Hearing set for 01:30.Hearing held at 01:45.Hearing ended at 01:45.Interpreter Carlos Ravelo. (gav) Modified on 8/1/2023 add parties present at hearing (gav). (Entered: 07/31/2023) |
| 07/31/2023 | | NOTICE of Docket Text Modification by Deputy Clerk re: 168 MOTION to Withdraw as Attorney by Greg A. Gonzalez and Ramon M. Gonzalez. ***FILED IN ERROR - Local counsel's signature is missing in the PDF. Has been corrected and re-filed in d.e. 169 .*** (idg) (Entered: 08/01/2023) |
| 08/04/2023 | 172 | WAIVER of Right to Trial by Jury and Consent to Proceed before a U.S. Magistrate Judge by Osvaldo Calderin-Pascual (2). (gav) (Entered: 08/04/2023) |
| 08/04/2023 | 173 | PLEA AND FORFEITURE AGREEMENT as to Osvaldo Calderin-Pascual (2). (gav) (Entered: 08/04/2023) |
| 08/04/2023 | 174 | ***EX-PARTE***PLEA AGREEMENT SUPPLEMENT as to Osvaldo Calderin-Pascual (2). (gav) (Entered: 08/04/2023) |
| 08/04/2023 | 175 | Minute Entry for proceedings held before US Magistrate Judge Bruce J. McGiverin: Change of Plea Hearing as to Osvaldo Calderin-Pascual (2) held on 8/4/2023. Present AUSA Luis Valentin, attorney Jennie Espada and attorney Maria Dominguez. The defendant was present, under custody and assisted by a certified court interpreter. Waiver of Right to Trial by Jury and Consent to proceed before a U. S. Magistrate Judge was filed and accepted in open court. The defendant was found competent to plead. The defendant was advised of the maximum penalties he is facing, his constitutional rights, consequences of waiving his constitutional rights and the applicable statutory guidelines. After having heard the parties, the Magistrate Judge will issue a Report and Recommendation so that the guilty plea as to Count One (1) and Five (5) of the Indictment be accepted. PSI Report ordered. **Sentencing Hearing will be set by Judge Aida M. Delgado-Colon.** The defendant shall remain detained. (Court Reporter DCR.)Hearing set for 02:00.Hearing held at 02:22.Hearing ended at 03:01.Interpreter Ani Navarro. (gav) (Entered: 08/04/2023) |
| 08/04/2023 | 176 | REPORT AND RECOMMENDATIONS on Plea of Guilty as to Osvaldo Calderin-Pascual (2). **Objections to R&R due by 8/18/2023.** Signed by US Magistrate Judge Bruce J. McGiverin on 8/4/2023. (JM) (Entered: 08/04/2023) |
| 08/08/2023 | 177 | ***SELECTED PARTIES*** NOTICE of Disclosure of Amended PSR as to Reinaldo Feliciano-Troche (4). Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the amended presentence report for the defendant of record. Since the presentence report is a Court Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, US Probation Office, Reinaldo Feliciano-Troche PSR was amended to correct typographical error in paragraph 47 and 51.(Nazario, Alexandra) (Entered: 08/08/2023) |

| 08/08/2023 | 178 | ***SELECTED PARTIES*** NOTICE of Filing of Addendum to the PSR as to Reinaldo Feliciano-Troche (4). The addendum to the presentence investigation report has been filed in compliance with Rule 32 of the Federal Rules of Criminal Procedure by USA, US Probation Office, Reinaldo Feliciano-Troche (Nazario, Alexandra) (Entered: 08/08/2023) |
|---|---|---|
| 08/09/2023 | 179 | ***SELECTED PARTIES***SENTENCING MEMORANDUM by USA, US Probation Office, Reinaldo Feliciano-Troche (4) as to Reinaldo Feliciano-Troche (4) (Attachments: # 1 Exhibit Character letters, # 2 Exhibit Certified.translation.character.letters) (Roman-Santiago, Saul) (Entered: 08/09/2023) |
| 08/09/2023 | 180 | MOTION to Restrict Document *Sentencing Memorandum dkt #179* by Reinaldo Feliciano-Troche (4). Responses due by 8/23/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Roman-Santiago, Saul) (Entered: 08/09/2023) |
| 08/14/2023 | 181 | ***SELECTED PARTIES*** MOTION Submitting *Certificate of Achievement and Family Pictures in Support of Sentencing Memorandum* by Reinaldo Feliciano-Troche (4), USA, US Probation Office as to Reinaldo Feliciano-Troche (4). Responses due by 8/28/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit Certificate of Achievement, # 2 Exhibit Family pictures)(Roman-Santiago, Saul) (Entered: 08/14/2023) |
| 08/14/2023 | 182 | MOTION to Restrict Document *Motion Submitting Certificate of Achievement and Family Pictures, dkt 181* by Reinaldo Feliciano-Troche (4). Responses due by 8/28/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Roman-Santiago, Saul) (Entered: 08/14/2023) |
| 08/14/2023 | 183 | ***SELECTED PARTIES***SENTENCING MEMORANDUM by USA, US Probation Office, Reinaldo Feliciano-Troche (4) as to Reinaldo Feliciano-Troche (4) (Valentin, Luis) (Entered: 08/14/2023) |
| 08/14/2023 | 184 | MOTION to Restrict Document by USA as to Reinaldo Feliciano-Troche (4). Responses due by 8/28/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valentin, Luis) (Entered: 08/14/2023) |
| 08/16/2023 | 185 | ORDER ADOPTING 158 REPORT AND RECOMMENDATION as to Luis Almonte-Cruz (3). Neither party has filed objections to the Magistrate Judge's Report and Recommendation within the time frame provided by the Federal Rules of Criminal Procedure and this Court's Local Rules. After reviewing the record, the Court agrees with the arguments, factual and legal conclusion within the Report and Recommendation. Therefore, the Report and Recommendation issued on 7/10/2023 is hereby approved and adopted. GRANTED 111 MOTION for Change of Plea filed by Luis Almonte-Cruz. Signed by Judge Aida M. Delgado-Colon on 8/16/2023.(su) (Entered: 08/16/2023) |
| 08/16/2023 | 186 | ORDER ADOPTING 165 REPORT AND RECOMMENDATION as to Ramon Antonio Vega-Ortiz (1). Neither party has filed objections to the Magistrate Judge's Report and Recommendation within the time frame provided by the Federal Rules of Criminal Procedure and this Court's Local Rules. After reviewing the record, the Court agrees with the arguments, factual and legal conclusion within the Report and Recommendation. Therefore, the Report and Recommendation issued on 7/17/2023 is hereby approved and adopted. GRANTED 143 Oral Motion for Change of Plea filed by Ramon Antonio Vega-Ortiz. Signed by Judge Aida M. Delgado-Colon on |

| | | 8/16/2023.(su) (Entered: 08/16/2023) |
|---|---|---|
| 08/16/2023 | 188 | ORDER ADOPTING 146 REPORT AND RECOMMENDATION as to Reinaldo Feliciano-Troche (4). Neither party has filed objections to the Magistrate Judge's Report and Recommendation within the time frame provided by the Federal Rules of Criminal Procedure and this Court's Local Rules. After reviewing the record, the Court agrees with the arguments, factual and legal conclusion within the Report and Recommendation. Therefore, the Report and Recommendation issued on 06/28/2023 is hereby approved and adopted. GRANTED 109 MOTION for Change of Plea filed by Reinaldo Feliciano-Troche; NOTED 148 OBJECTION to the Magistrate Judge's Report and Recommendation and GRANTED 180 MOTION to Restrict Document *Sentencing Memorandum dkt #179* filed by Reinaldo Feliciano-Troche. Signed by Judge Aida M. Delgado-Colon on 8/16/2023.(su) (Entered: 08/21/2023) |
| 08/16/2023 | 189 | Minute Entry for proceedings held before Judge Aida M. Delgado-Colon: Sentencing held on 8/16/2023 for Reinaldo Feliciano-Troche (4). Present were AUSA Luis Angel Valentin, Defense Counsel Saul Roman-Santiago and USPO Alexandra Nazario. Defendant was present in Court, on under custody and assisted by a certified court interpreter. Statements in support of mitigation of punishment heard on behalf of the defense. Parties heard. Defendants allocution heard. Under the variant sentence, the record should reflect that if section 4c1.1 be made retroactive it shall not be applicable to this defendant, inasmuch the Court is imposing right now a sentence of commitment to the BOP a term of 120 months. Which is the mandatory minimum. Defendant was sentenced to a term of IMPRof 120 months as to each count, to be served concurrently with each other. SRT of 5 years, to be served concurrently with each other. SMA of $300.00. Forfeiture. All terms and conditions are specified in the judgment form. Defendant was advised of his right to appeal. (Court Reporter Tracy Binder.)Hearing set for 03:00.Hearing held at 03:09.Hearing ended at 03:37.Interpreter Lynmar Vera. (su) (Entered: 08/21/2023) |
| 08/16/2023 | 190 | JUDGMENT as to Reinaldo Feliciano-Troche (4): Count(s) 1, 2, 3; IMPR of 120 months as to each count, to be served concurrently with each other. SRT of 5 years, to be served concurrently with each other. SMA of $300.00. Forfeiture. Signed by Judge Aida M. Delgado-Colon on 8/16/2023.(su) (Entered: 08/21/2023) |
| 08/16/2023 | 191 | ***NOT FOR PUBLIC DISCLOSURE***Statement of Reasons as to Reinaldo Feliciano-Troche (4). Signed by Judge Aida M. Delgado-Colon on 8/22/2023.(su) (Entered: 08/22/2023) |
| 08/21/2023 | 187 | ORDER noting: 181 Motion filed by Reinaldo Feliciano-Troche (4); granting: 182 Motion to Restrict Document as to Reinaldo Feliciano-Troche (4); granting: 184 Motion to Restrict Document as to Reinaldo Feliciano-Troche (4). Signed by Judge Aida M. Delgado-Colon on 08/21/2023. (ao) (Entered: 08/21/2023) |
| 08/22/2023 | 192 | ORDER ADOPTING 176 REPORT AND RECOMMENDATION as to Osvaldo Calderin-Pascual (2). Neither party has filed objections to the Magistrate Judge's Report and Recommendation within the time frame provided by the Federal Rules of Criminal Procedure and this Court's Local Rules. After reviewing the record, the Court agrees with the arguments, factual and legal conclusion within the Report and Recommendation. Therefore, the Report and Recommendation issued on 8/4/2023 is hereby approved and adopted. GRANTED 110 MOTION for Change of Plea filed by Osvaldo Calderin-Pascual. Signed by Judge Aida M. Delgado-Colon on 8/22/2023. (su) (Entered: 08/22/2023) |

| 08/22/2023 | 193 | ORDER granting 118 Motion to Restrict as to Osvaldo Calderin-Pascual (2); finding as moot 119 Motion for Medical Treatment as to Osvaldo Calderin-Pascual (2). See Order at docket #160. Signed by Judge Aida M. Delgado-Colon on 8/22/2023. (su) (Entered: 08/22/2023) |
|---|---|---|
| 08/22/2023 | 194 | ORDER granting 169 Motion to Withdraw as Attorney. Ramon M Gonzalez-Santiago withdrawn from case as to Osvaldo Calderin-Pascual (2). Signed by Judge Aida M. Delgado-Colon on 8/22/2023. (su) (Entered: 08/22/2023) |
| 08/24/2023 | 195 | ***SELECTED PARTIES*** NOTICE of Disclosure of PSR as to Luis Almonte-Cruz (3). Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the presentence report for the defendant of record. According to said rule, any inaccuracies or discrepancies should be reported to the Probation Officer within 14 days from disclosure of the document. Since the presentence report is a Court Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, US Probation Office, Luis Almonte-Cruz. (Matos, Natalia) (Entered: 08/24/2023) |
| 09/13/2023 | 196 | ***SELECTED PARTIES*** NOTICE of Disclosure of PSR as to Ramon Antonio Vega-Ortiz (1). Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the presentence report for the defendant of record. According to said rule, any inaccuracies or discrepancies should be reported to the Probation Officer within 14 days from disclosure of the document. Since the presentence report is a Court Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, US Probation Office, Ramon Antonio Vega-Ortiz. (Vazquez, Aracely) (Entered: 09/13/2023) |
| 09/14/2023 | 197 | ***SELECTED PARTIES*** NOTICE of Disclosure of Amended PSR as to Luis Almonte-Cruz (3). Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the amended presentence report for the defendant of record. Since the presentence report is a Court Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, US Probation Office, Luis Almonte-Cruz (Matos, Natalia) (Entered: 09/14/2023) |
| 09/14/2023 | 198 | ***SELECTED PARTIES*** NOTICE of Filing of Addendum to the PSR as to Luis Almonte-Cruz (3). The addendum to the presentence investigation report has been filed in compliance with Rule 32 of the Federal Rules of Criminal Procedure by USA, US Probation Office, Luis Almonte-Cruz (Matos, Natalia) (Entered: 09/14/2023) |
| 09/18/2023 | 199 | MOTION to Restrict Document *Sentencing Memorandum* by Luis Almonte-Cruz (3). Responses due by 10/2/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Ortiz, Jose) (Entered: 09/18/2023) |
| 09/18/2023 | 200 | ***SELECTED PARTIES***SENTENCING MEMORANDUM by USA, US Probation Office, Luis Almonte-Cruz (3) as to Luis Almonte-Cruz (3) (Attachments: # 1 Exhibit letter from family member, # 2 Exhibit letter from family member) (Perez-Ortiz, Jose) (Entered: 09/18/2023) |
| 09/19/2023 | 201 | ORDER as to Luis Almonte-Cruz (3): **Sentencing Hearing set for 9/21/2023 AT 4:00 PM IS ADVANCED FOR 03:00 PM in Hato Rey Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 9/19/2023.(su) (Entered: 09/19/2023) |

| | | |
|---|---|---|
| 09/21/2023 | 202 | MOTION Submitting *Certified Translations* by Luis Almonte-Cruz (3). Responses due by 10/5/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit letter from family members)(Perez-Ortiz, Jose) (Entered: 09/21/2023) |
| 09/21/2023 | 206 | Minute Entry for proceedings held before Judge Aida M. Delgado-Colon: Sentencing held on 9/21/2023 for Luis Almonte-Cruz (3). Present were AUSA Luis Angel Valentin, Defense Counsel Jose Perez-Ortiz and USPO Natalia Matos. Defendant was present in Court, under custody and assisted by the official court interpreter. No objection to PSR. Statements in support of mitigation of punishment heard on behalf of the defense. Parties heard. Defendant's allocution heard. The Court sentenced defendant to IMPR of 135 months as to Count One and Count Five, to be served concurrently with each other.SRT of (5) years, as to each count to be served concurrently with each other. SMA of $200.00. All terms and conditions are specified in the judgment form. Defendant was advised of his right to appeal. Government requested that remaining count(s) be dismissed. Request granted. (Court Reporter Tracy Binder.)Hearing set for 03:00.Hearing held at 02:48.Hearing ended at 03:15.Interpreter Denise Serrano. (su) (Entered: 10/03/2023) |
| 09/21/2023 | 207 | JUDGMENT as to Luis Almonte-Cruz (3), Count(s) 1, 5: IMPR for a term of 135 months as to Count One and Count Five, to be served concurrently with each other. SRT of 5 years as to Count One and Count Five, to be served concurrently with each other. SMA of $200.00. Forfeiture. Count(s) 2, 3, 4, 6-11, Dismissed. Signed by Judge Aida M. Delgado-Colon on 9/21/2023.(su) (Entered: 10/03/2023) |
| 09/21/2023 | 208 | ***NOT FOR PUBLIC DISCLOSURE***Statement of Reasons as to Luis Almonte-Cruz (3). Signed by Judge Aida M. Delgado-Colon on 9/21/2023.(su) (Entered: 10/03/2023) |
| 09/25/2023 | 203 | MOTION Requesting Order *re: recommendations to the BOP* by Luis Almonte-Cruz (3). Responses due by 10/10/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Ortiz, Jose) (Entered: 09/25/2023) |
| 09/25/2023 | 204 | ORDER GRANTED 199 Motion to Restrict as to Luis Almonte-Cruz (3); NOTED 202 Motion Submitting *Certified Translations* filed by Luis Almonte-Cruz, AND GRANTED 203 Motion Requesting Order as to Luis Almonte-Cruz (3). Signed by Judge Aida M. Delgado-Colon on 9/25/2023. (su) (Entered: 09/28/2023) |
| 09/28/2023 | 205 | ORDER as to Ramon Antonio Vega-Ortiz (1): **Sentencing Hearing set for 10/18/2023 AT 5:00 PM IS ADVANCED FOR 01:30 PM in Hato Rey Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 9/28/2023.(su) (Entered: 09/28/2023) |
| 10/04/2023 | 209 | ***SELECTED PARTIES*** NOTICE of Disclosure of PSR as to Osvaldo Calderin-Pascual (2). Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the presentence report for the defendant of record. According to said rule, any inaccuracies or discrepancies should be reported to the Probation Officer within 14 days from disclosure of the document. Since the presentence report is a Court Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, US Probation Office, Osvaldo Calderin-Pascual. (Vazquez, Aracely) (Entered: 10/04/2023) |

| 10/11/2023 | 210 | ***SELECTED PARTIES*** NOTICE of Filing of Addendum to the PSR as to Ramon Antonio Vega-Ortiz (1). The addendum to the presentence investigation report has been filed in compliance with Rule 32 of the Federal Rules of Criminal Procedure by USA, US Probation Office, Ramon Antonio Vega-Ortiz (Vazquez, Aracely) (Entered: 10/11/2023) |
|---|---|---|
| 10/13/2023 | 211 | ***SELECTED PARTIES*** MOTION to Continue by USA, US Probation Office, Ramon Antonio Vega-Ortiz (1) as to Ramon Antonio Vega-Ortiz (1). Responses due by 10/27/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valentin, Luis) (Entered: 10/13/2023) |
| 10/13/2023 | 212 | MOTION to Restrict Document *211* by USA as to Ramon Antonio Vega-Ortiz (1). Responses due by 10/27/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valentin, Luis) (Entered: 10/13/2023) |
| 10/16/2023 | 213 | ORDER granting 211 Motion to Continue as to Ramon Antonio Vega-Ortiz (1). granting 212 Motion to Restrict as to Ramon Antonio Vega-Ortiz (1). **Sentencing Hearing set for 2/1/2024 01:30 PM in Hato Rey Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 10/16/2023. (su) (Entered: 10/16/2023) |
| 11/22/2023 | 214 | MOTION for Forfeiture of Property */Motion for Preliminary Order of Forfeiture* by USA as to Osvaldo Calderin-Pascual (2). Responses due by 12/6/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Text of Proposed Order)(Valentin, Luis) (Entered: 11/22/2023) |
| 12/18/2023 | 215 | MOTION for Forfeiture of Property */Motion for Preliminary Order of Forfeiture* by USA as to Ramon Antonio Vega-Ortiz (1). Responses due by 1/1/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Text of Proposed Order)(Valentin, Luis) (Entered: 12/18/2023) |
| 12/19/2023 | 216 | PRELIMINARY ORDER OF FORFEITURE re 214 Motion for Forfeiture of Property as to Osvaldo Calderin-Pascual (2). Signed by Judge Aida M. Delgado-Colon on 12/19/2023. (bgl) (Entered: 12/19/2023) |
| 12/27/2023 | 217 | PRELIMINARY ORDER OF FORFEITURE re 215 Motion for Forfeiture of Property as to Ramon Antonio Vega-Ortiz (1). Signed by Judge Aida M. Delgado-Colon on 12/27/2023. (glr) Modified title on 12/28/2023 (idg). (idg). (Entered: 12/27/2023) |
| 01/29/2024 | 218 | ***SELECTED PARTIES***Joint MOTION to Continue *Sentencing* by USA, Ramon Antonio Vega-Ortiz (1) as to Ramon Antonio Vega-Ortiz (1). Responses due by 2/12/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Amster, Steven) (Entered: 01/29/2024) |
| 01/29/2024 | 219 | MOTION to Restrict Document *218* by USA, Ramon Antonio Vega-Ortiz (1) as to Ramon Antonio Vega-Ortiz (1). Responses due by 2/12/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Amster, Steven) Modified to remove restriction on 1/30/2024 (idg). (Entered: 01/29/2024) |
| 01/29/2024 | 220 | ORDER granting: 219 Motion to Restrict as to Ramon Antonio Vega-Ortiz (1). Signed by Judge Aida M. Delgado-Colon on 1/29/2024. (glr) (Entered: 01/29/2024) |

| 01/29/2024 | 221 | ORDER granting: <u>218</u> Motion to Continue as to Ramon Antonio Vega-Ortiz (1). **Sentencing Hearing is RESET for 4/3/2024 at 01:30 PM in Hato Rey Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 1/29/2024. (glr) (Entered: 01/29/2024) |
| 01/29/2024 |  | NOTICE of Docket Text Modification by Deputy Clerk as to Ramon Antonio Vega-Ortiz (1): re: <u>219</u> MOTION to Restrict Document. *218* ***Modified to remove restriction. Standing Order No. 9 states that the Motion to Restrict... "shall be open to public inspection..."*** (idg) (Entered: 01/30/2024) |
| 02/29/2024 | <u>223</u> | CLAIM re legal interest in property ordered forfeited by the Court and for Hearing to Contest Forfeiture by David Calderin. Responses due by 3/14/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # <u>1</u> Exhibit)(idg) (Entered: 03/04/2024) |
| 03/21/2024 | 224 | ORDER as to Osvaldo Calderin-Pascual (2): **Sentencing Hearing set for 4/8/2024 02:30 PM in Hato Rey Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 3/21/2024.(dv) (Entered: 03/21/2024) |
| 03/28/2024 | <u>227</u> | ***SELECTED PARTIES*** Joint INFORMATIVE Motion by USA, Ramon Antonio Vega-Ortiz (1) as to Ramon Antonio Vega-Ortiz (1). Responses due by 4/11/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valentin, Luis) Modified event on 4/1/2024 (idg). (Entered: 03/28/2024) |
| 03/28/2024 | <u>228</u> | MOTION to Restrict Document *Entry 227* by USA as to Ramon Antonio Vega-Ortiz (1). Responses due by 4/11/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valentin, Luis) (Entered: 03/28/2024) |
| 04/02/2024 | 229 | ORDER granting <u>228</u> Motion to Restrict as to Ramon Antonio Vega-Ortiz (1). Signed by Judge Aida M. Delgado-Colon on 4/02/2024. (glr) (Entered: 04/02/2024) |
| 04/02/2024 | 230 | ORDER granting <u>227</u> Motion to Continue as to Ramon Antonio Vega-Ortiz (1). **Sentencing Hearing is RESET for 7/1/2024 at 03:30 PM in Hato Rey Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 4/02/2024. (glr) (Entered: 04/02/2024) |
| 04/03/2024 | <u>231</u> | ***SELECTED PARTIES*** NOTICE of Filing of Addendum to the PSR as to Osvaldo Calderin-Pascual (2). The addendum to the presentence investigation report has been filed in compliance with Rule 32 of the Federal Rules of Criminal Procedure by USA, US Probation Office, Osvaldo Calderin-Pascual (Vazquez, Aracely) (Entered: 04/03/2024) |
| 04/04/2024 | <u>232</u> | ***SELECTED PARTIES*** INFORMATIVE Motion by USA, US Probation Office, Osvaldo Calderin-Pascual (2) as to Osvaldo Calderin-Pascual (2). Responses due by 4/18/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valentin, Luis) (Entered: 04/04/2024) |
| 04/04/2024 | <u>233</u> | MOTION to Restrict Document *Entry 232* by USA as to Osvaldo Calderin-Pascual (2). Responses due by 4/18/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valentin, Luis) (Entered: 04/04/2024) |

| 05/21/2024 | 244 | RESPONSE to Motion *to Dismiss Petition or For an Order Directing the Filing of An Amended Petition* filed by David Calderin as to Osvaldo Calderin-Pascual (2) re 238 MOTION to Dismiss *Petition of David Calderin-Pascual* filed by USA (Pallas, George) (Entered: 05/21/2024) |
|---|---|---|
| 06/12/2024 | 245 | NOTICE *of Publication* by USA as to Ramon Antonio Vega-Ortiz (1) (Attachments: # 1 Attachment 1)(Olinghouse, Daniel) (Entered: 06/12/2024) |
| 06/12/2024 | 246 | NOTICE *of Publication* by USA as to Osvaldo Calderin-Pascual (2) (Attachments: # 1 Attachment 1)(Olinghouse, Daniel) (Entered: 06/12/2024) |
| 06/28/2024 | 247 | ***SELECTED PARTIES***Joint MOTION to Continue by USA, US Probation Office, Ramon Antonio Vega-Ortiz (1) as to Ramon Antonio Vega-Ortiz (1). Responses due by 7/12/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valentin, Luis) (Entered: 06/28/2024) |
| 06/28/2024 | 248 | MOTION to Restrict Document *Entry 247* by USA as to Ramon Antonio Vega-Ortiz (1). Responses due by 7/12/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valentin, Luis) (Entered: 06/28/2024) |
| 06/28/2024 | 249 | ORDER as to Ramon Antonio Vega-Ortiz (1): GRANTED 247 Motion to Continue; GRANTED 248 Motion to Restrict. **Sentencing Hearing is RESET for 9/9/2024 at 03:00 PM in Hato Rey Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 6/28/2024. (glr) (Entered: 06/28/2024) |
| 07/12/2024 | 250 | ***SELECTED PARTIES***Joint MOTION to Continue *the Sentencing Hearing* by USA as to Osvaldo Calderin-Pascual (2). Responses due by 7/26/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valentin, Luis) (Entered: 07/12/2024) |
| 07/12/2024 | 251 | Joint MOTION to Restrict Document *Entry 250* by USA as to Osvaldo Calderin-Pascual (2). Responses due by 7/26/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valentin, Luis) (Entered: 07/12/2024) |
| 07/12/2024 | 252 | ORDER as to Osvaldo Calderin-Pascual (2): GRANTED 250 Motion to Continue; GRANTED 251 Motion to Restrict. **Sentencing Hearing is RESET for 10/10/2024 at 02:00 PM in Hato Rey Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 7/12/2024. (glr) (Entered: 07/12/2024) |
| 08/02/2024 | 253 | ORDER granting 238 Motion to Dismiss as to Osvaldo Calderin-Pascual (2). Signed by Judge Aida M. Delgado-Colon on 8/2/2024. (glr) (Entered: 08/02/2024) |
| 08/02/2024 | 254 | ORDER as to Osvaldo Calderin-Pascual (2): DENIED 223 CLAIM of filed by David Calderin. See government's response at Dkt. No. 238. Signed by Judge Aida M. Delgado-Colon on 8/2/2024. (glr) (Entered: 08/02/2024) |
| 08/02/2024 | 255 | ORDER finding as moot 240 Motion for Extension of Time to File Response/Reply as to Osvaldo Calderin-Pascual (2). Response filed at Dkt. 244. Signed by Judge Aida M. Delgado-Colon on 8/2/2024. (glr) (Entered: 08/02/2024) |
| 08/07/2024 | 256 | MOTION for Forfeiture of Property / *Motion for Final Order of Forfeiture* by USA as to Osvaldo Calderin-Pascual (2). Responses due by 8/21/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Olinghouse, Daniel) |

| | | (Entered: 08/07/2024) |
|---|---|---|
| 08/15/2024 | 257 | ORDER granting 256 Motion for Forfeiture of Property as to Osvaldo Calderin-Pascual (2). Signed by Judge Aida M. Delgado-Colon on 8/15/2024. (glr) (Entered: 08/15/2024) |
| 08/20/2024 | 258 | MOTION to Reduce Sentence - USSG Amendment 821 by Luis Almonte-Cruz (3), pro se. (Attachments: # 1 Request for Appointment of Counsel, # 2 Exhibit, # 3 Certificate of Service, # 4 Envelope)(idg) (Entered: 08/21/2024) |
| 08/20/2024 | 259 | MEMORANDUM OF THE CLERK as to Luis Almonte-Cruz (3) re 258 MOTION to Reduce Sentence - USSG Amendment 821 : Pursuant to the *Administrative Directive Regarding Amendment 821* filed in Misc. Case 23-565, the Federal Public Defender is appointed to represent all defendants seeking reduction under Amendment 821. The motion is referred to US Magistrate Judge Bruce J. McGiverin for initial screening. Signed by Clerk on 8/21/2024.(idg) (Entered: 08/21/2024) |
| 08/27/2024 | 260 | MOTION to Restrict Document by Ramon Antonio Vega-Ortiz (1) as to Ramon Antonio Vega-Ortiz (1). Responses due by 9/10/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Amster, Steven) Modified to remove restriction on 8/28/2024 (idg). (Entered: 08/27/2024) |
| 08/27/2024 | 261 | ***SELECTED PARTIES***Joint MOTION to Continue by Ramon Antonio Vega-Ortiz (1) as to Ramon Antonio Vega-Ortiz (1), USA. Responses due by 9/10/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Amster, Steven) Modified filers on 8/28/2024 (idg). (Entered: 08/27/2024) |
| 08/27/2024 | | NOTICE of Docket Text Modification by Deputy Clerk as to Ramon Antonio Vega-Ortiz (1): re: 260 MOTION to Restrict Document. ***MODIFIED to remove restriction. Standing Order No. 9 states that the Motion to Restrict... "shall be open to public inspection..."*** (idg) (Entered: 08/28/2024) |
| 08/28/2024 | 262 | ***MODIFIED TO CORRECT EVENT** NOTICE OF APPEAL by David Calderin as to Osvaldo Calderin-Pascual (2). Filing fee $605, receipt number PRDC-8802971.<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** (Pallas, George) Modified to correct and to remove unrelated defendants on 8/29/2024 (idg). (Entered: 08/28/2024) |
| 08/28/2024 | | ***SEE IMAGE ON DKT 262 .*** NOTICE OF APPEAL (Interlocutory) by David Calderin, Osvaldo Calderin-Pascual (2) as to Osvaldo Calderin-Pascual (2) re 257 Order on Motion for Forfeiture of Property. ( Filing fee $ 605 receipt number PRDC-8802971.)<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/efiling.htm** (idg) (Entered: 08/29/2024) |

| | | |
|---|---|---|
| 08/30/2024 | 263 | ORDER as to Ramon Antonio Vega-Ortiz (1): GRANTED 260 Motion to Restrict; GRANTED 261 Motion to Continue. **Sentencing Hearing is RESET for 11/13/2024 at 02:30 PM in Hato Rey Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 8/30/2024. (glr) (Entered: 08/30/2024) |
| 09/06/2024 | 264 | REPORT AND RECOMMENDATION on Amendment 821 as to Luis Almonte-Cruz (3): Defendant is not eligible. **Objections to R&R due by 9/20/2024.** Signed by US Magistrate Judge Bruce J. McGiverin on 9/6/2024. (CSV) (Entered: 09/06/2024) |
| 09/11/2024 | 265 | Certified and Transmitted Record on Appeal re: David Calderin as to Osvaldo Calderin-Pascual (2) to US Court of Appeals re 262 Notice of Appeal - Interlocutory [Docket Entries 257 & 262] (idg) (Entered: 09/11/2024) |
| 09/24/2024 | 266 | USCA Case Number 24-1836 for 262 Notice of Appeal - Final Judgment, filed by David Calderin (2). (mg) (Entered: 09/24/2024) |
| 09/24/2024 | 267 | NOTICE OF ATTORNEY APPEARANCE: Carlos Jose Romo-Aledo appearing for USA. (Romo-Aledo, Carlos) (Entered: 09/24/2024) |
| 10/01/2024 | 268 | ORDER REGARDING SENTENCE - USSG AMENDMENT 821 as to Luis Almonte-Cruz (3). Defendant's request for a reduction of sentence pursuant to USSG Amendment 821 is DENIED. Signed by Judge Aida M. Delgado-Colon on 10/01/2024. (ft) (Entered: 10/01/2024) |
| 10/07/2024 | 269 | MOTION to Restrict Document by Osvaldo Calderin-Pascual (2). Responses due by 10/21/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Dominguez-Victoriano, Maria) (Entered: 10/07/2024) |
| 10/07/2024 | 270 | ***SELECTED PARTIES***Consent MOTION to Continue *Sentencing Hearing* by Osvaldo Calderin-Pascual (2), USA as to Osvaldo Calderin-Pascual (2). Responses due by 10/21/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Dominguez-Victoriano, Maria) (Entered: 10/07/2024) |
| 10/08/2024 | 271 | ORDER as to Osvaldo Calderin-Pascual (2): GRANTED 270 Consent Motion to Continue *Sentencing Hearing*; GRANTED 269 Motion to Restrict Document. The sentencing hearing will be set by separate order. Signed by Judge Aida M. Delgado-Colon on 10/08/2024. (glr) (Entered: 10/08/2024) |
| 11/08/2024 | 272 | MOTION to Unseal Document by David Calderin as to Osvaldo Calderin-Pascual (2). Responses due by 11/22/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Pallas, George) (Entered: 11/08/2024) |
| 11/09/2024 | 273 | **CASE PARTICIPANTS**Joint MOTION to Continue *Sentencing* by Ramon Antonio Vega-Ortiz (1). Responses due by 11/25/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Amster, Steven) (Entered: 11/09/2024) |
| 11/09/2024 | 274 | MOTION to Restrict Document *273* by Ramon Antonio Vega-Ortiz (1). Responses due by 11/25/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Amster, Steven) Modified to remove restriction on 11/21/2024 (idg). (Entered: 11/09/2024) |
| 11/12/2024 | 275 | RESPONSE to Motion filed by USA as to Osvaldo Calderin-Pascual (2) re 272 MOTION to Unseal Document filed by David Calderin (Olinghouse, Daniel) (Entered: 11/12/2024) |

| 11/12/2024 | 276 | ORDER as to Ramon Antonio Vega-Ortiz (1): GRANTED 273 Joint Motion to Continue Sentencing; GRANTED 274 Motion to Restrict Document. **Sentencing Hearing IS RESET for 2/3/2025 at 02:00 PM in Hato Rey Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 11/12/2024. (glr) (Entered: 11/12/2024) |
| 11/21/2024 | | NOTICE of Docket Text Modification by Deputy Clerk as to Ramon Antonio Vega-Ortiz (1): re: 274 MOTION to Restrict Document *273*. ***MODIFIED to remove restriction. Standing Order No. 9 states that the Motion to Restrict... "shall be open to public inspection..."*** (idg) (Entered: 11/21/2024) |
| 12/05/2024 | 277 | ORDER as to Osvaldo Calderin-Pascual (2): Re: 272 Motion to Unseal Document filed by David Calderin. In his petition, David Calderin fails to assert standing or legal interest in the property subject to forfeiture since 2022, nor has responded to the government's opposition of November 12, 2024. (See Docket No. 275 ). No caselaw has been cited in support. The record reflects that the party whose property was subject to forfeiture pursuant to the plea agreement was Osvaldo Calderin-Pascual (not David Calderin). Accordingly, any legal basis or standing has not been established. Additionally, an appeal has already been undertaken depriving the Court of jurisdiction. Signed by Judge Aida M. Delgado-Colon on 12/03/2024.(ct) (Entered: 12/05/2024) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/14/2025 15:07:22 | | |
| PACER Login: | gp348694 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:21-cr-00350-ADC |
| Billable Pages: | 30 | Cost: | 3.00 |

| 04/05/2024 | 234 | ORDER granting 233 Motion to Restrict as to Osvaldo Calderin-Pascual (2). Signed by Judge Aida M. Delgado-Colon on 4/05/2024. (glr) (Entered: 04/05/2024) |
| 04/05/2024 | 235 | ORDER granting 232 Informative Motion as to Osvaldo Calderin-Pascual (2). Hearing date will be scheduled by means of a separate order. Signed by Judge Aida M. Delgado-Colon on 4/05/2024. (glr) (Entered: 04/05/2024) |
| 04/11/2024 | 236 | ORDER as to Osvaldo Calderin-Pascual (2): **Sentencing Hearing is RESET for 7/15/2024 at 02:00 PM in Hato Rey Courtroom 1 before Judge Aida M. Delgado-Colon.** Signed by Judge Aida M. Delgado-Colon on 4/11/2024. (glr) (Entered: 04/11/2024) |
| 04/15/2024 | 237 | ORDER as to Ramon Antonio Vega-Ortiz (1), Osvaldo Calderin-Pascual (2), Luis Almonte-Cruz (3), Reinaldo Feliciano-Troche (4): re 223 Claim of, filed by David Calderin. Government is to respond within 10 days. **Notice of Compliance Deadline due by 4/25/2024.** Signed by Judge Aida M. Delgado-Colon on 4/15/2024.(wm) (Entered: 04/15/2024) |
| 04/25/2024 | 238 | MOTION to Dismiss *Petition of David Calderin-Pascual* by USA as to Osvaldo Calderin-Pascual (2). Responses due by 5/9/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Olinghouse, Daniel) (Entered: 04/25/2024) |
| 04/30/2024 | 239 | Motion to allow George Pallas to appear pro hac vice (Pro Hac fee $300 receipt number 110449). Responses due by 5/14/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Cunill, John) (Entered: 04/30/2024) |
| 05/09/2024 | 240 | MOTION for Extension of Time to File Response/Reply as to 238 MOTION to Dismiss *Petition of David Calderin-Pascual* by David Calderin as to Osvaldo Calderin-Pascual (2). Responses due by 5/23/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Cunill, John) Modified to remove unrelated defendants on 5/21/2024 (idg). (Entered: 05/09/2024) |
| 05/17/2024 | 241 | ORDER granting 239 Motion to Appear PHV as to Osvaldo Calderin-Pascual (2). Signed by Judge Aida M. Delgado-Colon on 5/17/2024. (wm) (Entered: 05/17/2024) |
| 05/20/2024 | 242 | ***FILED IN ERROR - Wrong defendant. Will be re-filed.*** **\*\*CASE PARTICIPANTS\*\*** RESPONSE to Motion *to Dismiss Petition or For an Order Directing the Filing of An Amended Petition* filed by David Calderin as to Ramon Antonio Vega-Ortiz (1) re 240 MOTION for Extension of Time to File Response/ Reply as to 238 MOTION to Dismiss *Petition of David Calderin-Pascual* filed by David Calderin (Pallas, George) Modified to file in error on 5/21/2024 (idg). (Entered: 05/20/2024) |
| 05/20/2024 | 243 | NOTICE TO PRO HAC VICE George T. Pallas re: 241 Order on Motion to Appear PHV : The Court has granted your pro hac vice application. In order to start receiving notifications, you must file a notice of appearance using your upgraded PACER account. For more information, visit the following link: **https:// www.prd.uscourts.gov/nextgen-cmecf-what-it-means-you**. (idg) (Entered: 05/20/2024) |
| 05/20/2024 |  | NOTICE of Docket Text Modification by Deputy Clerk as to Ramon Antonio Vega-Ortiz (1): re: 242 Response to Motion. ***FILED IN ERROR - Wrong defendant. Will be re-filed.*** (idg) (Entered: 05/21/2024) |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

RECEIVED & F
2021 SEP 23 PM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**[1] RAMON ANTONIO VEGA-ORTIZ,**<br>**AKA Gago, AKA Moncho,**<br>(COUNTS 1-8 and 12-13)<br>**[2] OSVALDO CALDERIN-PASCUAL,**<br>**AKA Cubano, AKA Calde,**<br>(COUNTS 1-5 and 14)<br>**[3] LUIS ALMONTE-CRUZ,**<br>**AKA Fiscal,** and<br>(COUNTS 1-5 and 9-11)<br>**[4] REINALDO FELICIANO TROCHE,**<br>**AKA Chano,**<br>(COUNTS 1-3)<br><br>Defendants. | **INDICTMENT**<br><br><br>**CRIMINAL NO. 21- 350 (ADC)**<br><br><br>**VIOLATIONS:**<br>21 U.S.C. §§ 841(a)(1), 846, 952,<br>and 963<br>18 U.S.C. §§ 2, 982, 1956, 1957<br>21 U.S.C. § 853<br><br><br>**(FOURTEEN COUNTS &<br>TWO FORFEITURE<br>ALLEGATIONS)** |

## THE GRAND JURY CHARGES:

### COUNT ONE
### Conspiracy to Possess With Intent to Distribute Controlled Substances
### 21 U.S.C. §§ 841(a)(1) and 846

From in or about May 2019, through the return of the instant indictment, in the

District of Puerto Rico, elsewhere and within the jurisdiction of this Court,

**[1] RAMON ANTONIO VEGA-ORTIZ,**
**AKA Gago, AKA Moncho,**
**[2] OSVALDO CALDERIN-PASCUAL,**
**AKA Cubano, AKA Calde,**
**[3] LUIS ALMONTE-CRUZ,**
**AKA Fiscal,** and

43

## [4] REINALDO FELICIANO TROCHE,
### AKA Chano,

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to commit offenses against the United States, in that they knowingly and intentionally possessed with intent to distribute and to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance.

## THE OBJECT OF THE CONSPIRACY

The object of the conspiracy was to coordinate and facilitate the maritime importation of hundreds of kilograms of cocaine from outside of the United States, including Colombia and the Dominican Republic, into Puerto Rico, all for significant financial gain and profit.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the Defendants and their co-conspirators (collectively the DTO) would further and accomplish the object of the conspiracy included, but were not limited to the following:

1. It was part of the manner and means of the conspiracy that the Defendants and their co-conspirators would employ a network of several international cocaine suppliers to coordinate with as well as boat captains and crew members, recruiters, coordinators, facilitators, and loading and unloading crews to obtain cocaine for widespread wholesale distribution.

2. It was part of the manner and means of the conspiracy that the Defendants and their co-conspirators would conspire to fund, coordinate, and facilitate the transportation and maritime importation of hundreds of kilograms of cocaine into Puerto Rico.

3. It was part of the manner and means of the conspiracy that the Defendants and their co-conspirators would utilize two primary methods to obtain its shipments of cocaine. First, the DTO recruited and paid boat captains to conduct at sea transfers of the narcotics with boats arriving from outside of the United States. Second, the DTO coordinated and paid unloading or receiving crews to transport narcotics that arrive in the Cabo Rojo and Ponce areas.

OVERT ACTS

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the Defendants or conspirators, both indicted and unindicted, committed, among others, the following overt acts in the District of Puerto Rico and elsewhere within the jurisdiction of this court:

(a) On or about January 23, 2020, Defendants **[1] RAMON ANTONIO VEGA-ORTIZ, AKA Gago, AKA Moncho,** and **[2] OSVALDO CALDERIN-PASCUAL, AKA Cubano, AKA Calde,** met with a person not charged herein (Person A) and paid Person A approximately $80.00 for expenses relating to a planned drug smuggling venture.

3

(b) On or about January 27, 2020, the Defendant **[1] RAMON ANTONIO VEGA-ORTIZ, AKA Gago, AKA Moncho,** met with Person A and paid Person A approximately $2,040.00 to pay expenses relating to a planned drug smuggling venture.

(c) On or about March 11, 2020, the Defendants **[1] RAMON ANTONIO VEGA-ORTIZ, AKA Gago, AKA Moncho, [2] OSVALDO CALDERIN-PASCUAL, AKA Cubano, AKA Calde,** and **[3] LUIS ALMONTE-CRUZ, AKA Fiscal** met with Person A and another individual (Person B) and paid them approximately $3,550.00 relating to the planned drug smuggling venture.

(d) On or about August 6, 2020, the Defendants **[1] RAMON ANTONIO VEGA-ORTIZ, AKA Gago, AKA Moncho, [2] OSVALDO CALDERIN-PASCUAL, AKA Cubano, AKA Calde, [3] LUIS ALMONTE-CRUZ, AKA Fiscal, [4] REINALDO FELICIANO-TROCHE, AKA Chano,** and **unindicted co-conspirators** successfully imported approximately 234 kilograms of cocaine into the District of Puerto Rico, which was seized by law enforcement.

(e) On or about September 2, 2020, the Defendant **[1] RAMON ANTONIO VEGA-ORTIZ, AKA Gago, AKA Moncho,** met with Person A and paid Person A approximately $5,000.00 relating to a planned drug smuggling venture.

4

(f) On or about September 3, 2020, the Defendants **[1] RAMON ANTONIO VEGA-ORTIZ, AKA Gago, AKA Moncho, [2] OSVALDO CALDERIN-PASCUAL, AKA Cubano, AKA Calde, [3] LUIS ALMONTE-CRUZ, AKA Fiscal,** and **unindicted co-conspirators** attempted to import approximately 321 kilograms of cocaine into the District of Puerto Rico.

(g) On or about December 2, 2020, the Defendant **[2] OSVALDO CALDERIN-PASCUAL, AKA Cubano, AKA Calde** met with Person A and, at the direction of Defendant **[1] RAMON ANTONIO VEGA-ORTIZ, AKA Gago, AKA Moncho,** paid Person A approximately $3,000.00 relating to a planned drug smuggling venture.

(h) On or about December 18, 2020, the Defendants **[2] OSVALDO CALDERIN-PASCUAL, AKA Cubano, AKA Calde,** and **[3] LUIS ALMONTE-CRUZ, AKA Fiscal,** met with Person A and paid Person A approximately $4,600.00 to pay expenses relating to a planned drug smuggling venture.

(i) From on or about January 14, 2021 through on or about January 16, 2021, the Defendants **[1] RAMON ANTONIO VEGA-ORTIZ, AKA Gago, AKA Moncho, [2] OSVALDO CALDERIN-PASCUAL, AKA Cubano, AKA Calde, [3] LUIS ALMONTE-CRUZ, AKA Fiscal,** and **unindicted co-conspirators** imported approximately 800 kilograms of cocaine into the District of Puerto Rico.

All in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846.

5

## COUNT TWO
### Possession with Intent to Distribute – Cocaine
### 21 U.S.C. § 841(a)(1)

On or about August 6, 2020, in the District of Puerto Rico, elsewhere and within the jurisdiction of the Court,

**[1] RAMON ANTONIO VEGA-ORTIZ,**
**AKA Gago, AKA Moncho,**
**[2] OSVALDO CALDERIN-PASCUAL,**
**AKA Cubano, AKA Calde,**
**[3] LUIS ALMONTE-CRUZ,**
**AKA Fiscal, and**
**[4] REINALDO FELICIANO TROCHE,**
**AKA Chano,**

the defendants herein, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 U.S.C. § 2.

## COUNT THREE
### Conspiracy to Import a Controlled Substance
### 21 U.S.C. §§ 952(a) & 963

From in or about May 2019, through the return of the instant indictment, from places outside of the United States, including the Dominican Republic, Colombia, and elsewhere,

**[1] RAMON ANTONIO VEGA-ORTIZ,**
**AKA Gago, AKA Moncho,**
**[2] OSVALDO CALDERIN-PASCUAL,**
**AKA Cubano, AKA Calde,**

6

**[3] LUIS ALMONTE-CRUZ,**
**AKA Fiscal, and**
**[4] REINALDO FELICIANO TROCHE,**
**AKA Chano,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate

and agree with each other and other persons known and unknown to the Grand Jury,

to import into the United States five kilograms or more of a mixture or substance

containing a detectable amount of cocaine, a Schedule II Controlled Substance. All in

violation 21 U.S.C. §§ 952(a), 960(a), 960(b)(1)(B), and 963.

## COUNT FOUR
### Attempted Importation of a Controlled Substance
### 21 U.S.C. §§ 952(a) & 963

On or about September 3, 2020, from the country of the Dominican Republic,

and elsewhere,

**[1] RAMON ANTONIO VEGA-ORTIZ,**
**AKA Gago, AKA Moncho,**
**[2] OSVALDO CALDERIN-PASCUAL,**
**AKA Cubano, AKA Calde, and**
**[3] LUIS ALMONTE-CRUZ,**
**AKA Fiscal,**

the defendants herein, aiding and abetting each other and others known and unknown

to the Grand Jury, did knowingly and intentionally attempt to import into the United

States five kilograms or more of a mixture or substance containing a detectable amount

of cocaine, a Schedule II Controlled Substance. All in violation 21 U.S.C. §§ 952(a),

960(a), 960(b)(1)(B), and 963 and 18 U.S.C. § 2.

7

## COUNT FIVE
### Conspiracy to Launder Monetary Instruments
### 18 U.S.C. § 1956(h)

From in or about June 2020 through in or about February 2021, the exact dates being unknown to the Grand Jury, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court,

**[1] RAMON ANTONIO VEGA-ORTIZ,**
**AKA Gago, AKA Moncho,**
**[2] OSVALDO CALDERIN-PASCUAL,**
**AKA Cubano, AKA Calde, and**
**[3] LUIS ALMONTE-CRUZ,**
**AKA Fiscal,**

the defendants herein did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, including by:

(a)    conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature,

8

location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

(b)     knowingly engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 that is derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1957.

## THE OBJECT OF THE CONSPIRACY

The object of the conspiracy was to seek to legitimize and disguise the true nature, location, source, ownership, and control of illicit proceeds derived from the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which Defendants **[1] RAMON ANTONIO VEGA-ORTIZ, AKA Gago, AKA Moncho, [2] OSVALDO CALDERIN-PASCUAL, AKA Cubano, AKA Calde, [3] LUIS ALMONTE-CRUZ, AKA Fiscal,** and their co-conspirators would further and accomplish the object of the conspiracy included, but were not limited to, the following:

1.    It was part of the manner and means of the conspiracy that cash proceeds, in the form of United States currency, were acquired from drug trafficking crimes.

2. It was further part of the manner and means of the conspiracy that to conceal the illicit drug proceeds, winning lottery tickets were purchased with illicit drug proceeds.

3. It was further part of the manner and means of the conspiracy that the lottery winnings, in the form of checks issued by the Puerto Rico Departmento de Hacienda, were deposited into U.S. financial institutions.

4. It was further part of the manner and means of the conspiracy that additional financial and monetary transactions, some in excess of $10,000, were conducted using illicit drug proceeds on deposit with the U.S. financial institutions.

5. It was further part of the manner and means of the conspiracy that assets, such as vehicles, were purchased to further conceal some of the illicit drug proceeds.

All in violation of 18 U.S.C. § 1956(h).

## COUNTS SIX THROUGH ELEVEN
### Laundering of Monetary Instruments
### 18 U.S.C. 1956(a)(1)(B)(i)

On or about the dates specified below, within the District of Puerto Rico and within the jurisdiction of this Court,

**[1] RAMON ANTONIO VEGA-ORTIZ,**
**AKA Gago, AKA Moncho,** and
**[3] LUIS ALMONTE-CRUZ,**
**AKA Fiscal,**

the defendants herein, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit:

10

| COUNT | DEFENDANT | DATE | TRANSACTION |
|-------|-----------|------|-------------|
| 6 | RAMON ANTONIO VEGA-ORTIZ | 10/01/2020 | Deposit of $100,000 into FirstBank account ending in #2900 |
| 7 | RAMON ANTONIO VEGA-ORTIZ | 10/01/2020 | Deposit of $100,000 into FirstBank account ending in #2900 |
| 8 | RAMON ANTONIO VEGA-ORTIZ | 10/28/2020 | Check Issued in the Amount of $195,000 from FirstBank account ending in #2900 |
| 9 | LUIS ALMONTE-CRUZ | 12/01/2020 | Deposit of $2,200 into Banco Popular account ending in #7013 |
| 10 | LUIS ALMONTE-CRUZ | 12/14/2020 | Deposit of $275 into Banco Popular account ending in #7013 |
| 11 | LUIS ALMONTE-CRUZ | 01/29/2021 | Deposit of $760 into Banco Popular account ending in #7013 |

which involved the proceeds of a specified unlawful activity, that is the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing that the transactions were designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity. All in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.

## COUNTS TWELVE THROUGH FOURTEEN
### Engaging in Monetary Transactions
### 18 U.S.C. § 1957

On or about the dates set forth below, within the District of Puerto Rico and

within the jurisdiction of this Court,

### [1] RAMON ANTONIO VEGA-ORTIZ,
### AKA Gago, AKA Moncho, and
### [2] OSVALDO CALDERIN-PASCUAL,
### AKA Cubano, AKA Calde,

the defendants herein, did knowingly engage and attempt to engage in the following

monetary transactions by, through, or to a financial institution, affecting interstate or

foreign commerce, in criminally derived property of a value greater than $10,000, that

is the, deposit, withdrawal, transfer, and exchange of U.S. currency, funds, and

monetary instruments, such property having been derived from a specified unlawful

activity, that is, the felonious manufacture, importation, receiving, concealment,

buying, selling and otherwise dealing in controlled substances:

| COUNT | DEFENDANT | DATE | TRANSACTION |
|-------|-----------|------|-------------|
| 12 | RAMON ANTONIO VEGA-ORTIZ | 10/09/2019 | $13,000 cash to Popular Auto for the purchase of a 2015, BMW, M4, Lime Green, VIN WBS3R9C59FK332927, ISU-146 |
| 13 | RAMON ANTONIO VEGA-ORTIZ | 08/13/2021 | $95,000 check to Prestige Imports for the purchase of a 2021, Lamborghini, Orange, VIN ZHWUF5ZF8MLA16434, DAC7379 |
| 14 | OSVALDO CALDERIN-PASCUAL | 03/13/2021 | $28,000 cash to Popular Auto for the purchase of a 2017, Ford, F150, Black, VIN 1FTFW1RG0HFC54623, 975-412 |

All in violation of 18 U.S.C. §§ 1957 and 2.

## NARCOTICS FORFEITURE ALLEGATION
### 21 U.S.C. §§ 853 & 970

The allegations contained in **COUNT ONE through COUNT FOUR** of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. §§ 853 and 970.

Pursuant to 21 U.S.C. §§ 853 and 970 upon conviction of an offense in violation of 21 U.S.C. §§ 841, 846, 952(a), and 963,

**[1] RAMON ANTONIO VEGA-ORTIZ,**
**AKA Gago, AKA Moncho,**
**[2] OSVALDO CALDERIN-PASCUAL,**
**AKA Cubano, AKA Calde,**
**[3] LUIS ALMONTE-CRUZ,**
**AKA Fiscal, and**
**[4] REINALDO FELICIANO TROCHE,**
**AKA Chano,**

the defendants, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, a sum of money representing the amount of proceeds traceable to the commission of the offenses alleged in the Indictment and the following specific property:

1. All right, title, and interest in real property located at Calle 8 Urb Extension La Rambla 589A, Ponce, PR, including all buildings, appurtenances, and improvements:

13

URBAN: Lot located in front of Street number 8 of URBANIZACION[1] LA RAMBLA, from the municipality of Ponce, PR, with a capacity of 479.77 square meters. Boundaries: NORTH, in 16.00 meters with Street number 8; SOUTH, in 16.00 meters with lot property of David Lugo; EAST, in 29.98 meter with lot number 2 that is described in the Planning Board report; WEST, in 30.00 meters with a Hilton Yajes-Dick's lot. It contains a two-story house of reinforced concrete and blocks, FIRST FLOOR, double garage with closet, water heater, entrance hall, living room, dining room, kitchen equipped with oven, garbage disposal, and range hood above the stove, laundry, family room, roofed terrace, service bathroom and guest bathroom. SECOND FLOOR, 4 bedrooms with their closets, 2 bathrooms, linen closet, and open-air terrace over garage.

2. All right, title, and interest in real property located at Calle C6 Urb Estancias del Golf Club CA63, Ponce, PR, including all buildings, appurtenances, and improvements:

URBAN: Lot number 63 of block CA, Urbanización ESTANCIAS DEL GOLF CLUB, located in Barrio Magueyes of the municipality of Ponce. It has a capacity of 325.00 square meters. BORDERING to the NORTH, in a distance of 25.00 meters with lot number 62 of block CA; to the SOUTH, in a distance of 25.00 meters with lot number 64 of block CA; to the EAST, in a distance of 13.00 meters with Exterior Avenue; to the WEST, in a distance of 13.00 meters with Street number C-6. It contains a concrete house for residential purpose. According to the registered plan, an easement in favor of the Puerto Rico Telephone Company affects this lot.

3. All right, title, and interest in real property located at Solar 19 Bo Llanos Costa, Cabo Rojo, Puerto Rico, including all buildings, appurtenances, and improvements:

RURAL: Parcel number 19 located in Barrio Costas in the municipality of Cabo Rojo, with a surface area of 98,259.98 square meters, equivalent to 25.00 cuerdas.[2] It borders on the NORTH, in 216.357 meters with parcels 14 and 15; on the SOUTH, in 216.357 meters with parcels 27 and 28; on the EAST, in

---

1 According to the Diccionario Bilingüe de Terminología Legal: Inglés-Español, Español-Inglés, "urbanización" is property development (Bossini & Gleeson, 2014); but, according to Diccionario de Términos Jurídicos, it can also mean a residential area (Alcaraz, Hughes, et al., 2017). In Puerto Rico, it is referred to as the latter since residents are accustomed to use it as part of the name of the neighborhood to which they are referring to. Therefore, this is left in Spanish just as it is done for postal addresses.
2 "Cuerdas" is a Puerto Rican land measurement that equals 3,930.39 sq. meters / 0.971 acres.

14

454.870 meters with parcel 20; and on the WEST in 454.870 meters with parcel 18.

4. One 2014, Porsche, 911 Turbo, Black, VIN WP0AD2A98ES16621, IHZ-944

5. One 2015, Acura, TLX, Grey, VIN: 19UUB2F31FA019315, IMJ-025

6. One 2015, BMW, M4, Lime Green, VIN WBS3R9C59FK332927, ISU-146

7. One 2021, Lamborghini, Orange, VIN ZHWUF5ZF8MLA16434, DAC7379

8. One 2016, Dodge, Ram 1500, White, VIN 3C6JR6AG1GG163021, 995497

9. One 2016, Dodge, Ram 2500, Black, VIN 3C6UR5GL8GG159611, 947276

10. All assets held in account ending in 2900, at FirstBank

11. All assets held in account ending in 9144 , at First Bank

12. One 2017, Ford, F150, Black, VIN 1FTFW1RG0HFC54623, 975-412

13. One Avanti, Center Console, 25 foot boat, HIN: ERQ25114F697, PR Reg. No. 2213CC

14. One Sea Star, Center Console 24 foot boat, HIN: BS7331572, PR Reg. No. 3011AA

## MONEY LAUNDERING FORFEITURE ALLEGATION
## 18 U.S.C. § 982

The allegations contained in **COUNT FIVE through COUNT FOURTEEN** of this Indictment is hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(1).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any of the offenses alleged in **COUNT FIVE through COUNT FOURTEEN,**

15

**[1] RAMON ANTONIO VEGA-ORTIZ,**
**AKA Gago, AKA Moncho,**
**[2] OSVALDO CALDERIN-PASCUAL,**
**AKA Cubano, AKA Calde, and**
**[3] LUIS ALMONTE-CRUZ,**
**AKA Fiscal,**

the defendants herein, shall forfeit to the United States of America any property, real

or personal, involved in such offense, and any property traceable to such property,

including, but not limited to, the properties listed in the above Narcotics Forfeiture

Allegation.

## SUBSTITUTION AS TO BOTH FORFEITURE ALLEGATIONS

If any of the property described above in either forfeiture allegation, as a result

of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to 21 U.S.C. §§ 853(p) and 970 and as incorporated by 18 U.S.C. §§ 982(b)(1)

and 28 U.S.C. § 2461(c).

W. STEPHEN MULDROW
United States Attorney

TRUE BILL

_____
Max J. Pérez-Bouret
Assistant United States Attorney, Chief
Transnational Organized Crime Section

FOREPERSON

Date: _7/23/21____

_____
Vanessa E. Bonhomme
Assistant United States Attorney, Deputy Chief
Transnational Organized Crime Section

_____
Jawayria Z. Auchter
Assistant United States Attorney
Transnational Organized Crime Section

17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO



RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2023 JUL 6 PM12:04

UNITED STATES OF AMERICA,
Plaintiff,

v.

[3] LUIS ALMONTE-CRUZ,
a/k/a "Fiscal,"
Defendant.

CRIMINAL NO. 21-350-03(ADC)

## PLEA AND FORFEITURE AGREEMENT
### Pursuant to Fed. R. Crim. P. 11(b)(1)(B)

**TO THE HONORABLE COURT:**

The United States of America, Defendant, [3] LUIS ALMONTE-CRUZ, and

Defendant's counsel, Jose G. Perez-Ortiz, Esq., pursuant to Federal Rule of Criminal

Procedure 11, state that they have reached a Plea Agreement, the terms and conditions

of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Counts One and Five of the Indictment:

Count One:  From in or about May 2019, through the return of the instant

indictment, in the District of Puerto Rico, elsewhere and within the jurisdiction of this

Court, [3] LUIS ALMONTE-CRUZ, did knowingly and intentionally combine,

conspire, confederate, and agree with diverse other persons known and unknown to

the Grand Jury, to commit offenses against the United States, in that they knowingly

and intentionally possessed with intent to distribute five kilograms or more of a

mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846.

Count Five:   From in or about June 2020 through in or about February 2021, the exact dates being unknown to the Grand Jury, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, [3] LUIS ALMONTE-CRUZ, did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, including by:

(a)   conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

(b)   knowingly engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than

$10,000 and is derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1957.

## 2. Stipulation as to the Amount of Narcotics

The United States and Defendant stipulate Defendant shall be accountable for the possession with intent to distribute at least one hundred fifty (150) kilograms but less than four-hundred fifty (450) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

## 3. Maximum Penalties

Count One: In regards to Count One, the penalty for the offense charged is a term of imprisonment of at least ten (10) years, but not more than life; a fine not to exceed the greater of that authorized in accordance with the provisions of 18 U.S.C. § 3571(b) or ten million dollars ($10,000,000.00); and a supervised release term of at least five (5) years, all pursuant, to 46 U.S.C. § 70506 and 21 U.S.C. § 960(b)(1)(B).

Count Five: In regards to Count Five, the penalty for the offense charged is a term of imprisonment of not more than twenty (20) years; a fine of not more than five hundred thousand dollars ($500,000) or twice the value of the monetary instrument of funds involved in the transportation, transmission, or transfer, whichever is greater, all pursuant to 18 U.S.C. §§ 1956(a)(1)(B)(i) & (h); and a supervised release term of not more than five (5) years, all pursuant to 18 U.S.C. § 3583.

USAO-DPR-Plea Agreement

Page | 3

### 4. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 5. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 6. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 7. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any

discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

**8. Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE (21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846) and COUNT FIVE (18 USC §§ 1956 (h). | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(c)(2) (At least 150 KG but less than 450 KG of Cocaine) | | | | 36 | |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | -3 | |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | **33*** | |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 135-168 | 151-188 | 168-210 | 188-235 | 210-262 | 235-293 |

- All Counts grouped pursuant to U.S.S.G. § 3D1.2

*The parties acknowledge that in light of the defendant's conviction of Count Five, a two point level enhancement is suggested by U.S.S.G. 2S1.1(b)(2)(B). However, as part of the agreement reached by the parties, the parties will recommend to the Court not to apply said enhancement, based on the 18 U.S.C. § 3553 factors as applicable to this case. If the Court follow the parties recommendation, the Total Adjusted Offense level applicable to this defendant is 33.

### 9. Sentence Recommendation

As to Count One and Five, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the defense will request a sentence of imprisonment of 135 and the United States will request a sentence of imprisonment of 151 months, irrespective of the defendant's criminal history category determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 11. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is 151 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 12. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea

Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 13. Satisfaction with Counsel

Defendant is satisfied with counsel, Jose G. Perez-Ortiz, Esq., and asserts that counsel has rendered effective legal assistance.

## 14. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately,

determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**15. Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

**16. Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**17. Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no

promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 18. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 19. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 20. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 21. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the

reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 22. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 23. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 24. Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offenses charged in Counts One and Five and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. Defendant agrees to forfeit the aforementioned property under 21 U.S.C. §§ 853 and 970 and 18 U.S.C. § 982.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this

Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. Stephen Muldrow
United States Attorney

_____
Max J. Pérez-Bouret
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: _____

_____
María L. Montañez-Concepción
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: JUNE · 7 · 2023

_____
Luis A. Valentin
Assistant U.S. Attorney
Transnational Organized Crime Section
Dated: 6/10/2023

_____
LUIS ALMONTE-CRUZ
Defendant
Dated: 7/6/23

_____
Jose G. Perez-Ortiz, Esq.
Counsel for Defendant
Dated: 7/6/23

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 7/6/23

_____
LUIS ALMONTE-CRUZ
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 7/6/23

_____
Jose G. Perez-Ortiz, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant, [3] LUIS ALMONTE-CRUZ, admits that he is guilty as charged in Counts One and Five of the Indictment and admits the following:

### COUNT ONE

From in or about May 2019, through the return of the instant indictment, namely September 23, 2021, in the District of Puerto Rico, elsewhere and within the jurisdiction of this Court, [3] LUIS ALMONTE-CRUZ (ALMONTE-CRUZ), did knowingly and intentionally combine, conspire, confederate, and agree with diverse other persons to knowingly and intentionally possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance.

ALMONTE-CRUZ acknowledges that the object of the conspiracy was to coordinate and facilitate the maritime importation of hundreds of kilograms of cocaine from outside of the United States, including Colombia and the Dominican Republic, into Puerto Rico, all for significant financial gain and profit.

ALMONTE-CRUZ and other conspirators would employ a network of several international cocaine suppliers to coordinate with as well as boat captains and crew members, recruiters, coordinators, facilitators, and loading and unloading crews to obtain cocaine for widespread wholesale distribution.

ALMONTE-CRUZ and co-conspirators (collectively the Drug Trafficking Organization) would further and accomplish the object of the conspiracy to fund,

USAO-DPR-Plea Agreement

Case: 24-1836    Case 3:21-cr-00350-ADC    Document 155    Filed 07/06/23    Page 15 of 19    Document: 00118226615    Page: 155    Date Filed: 07/06/23    ID: 6697336

U.S. v. [3] Luis Almonte-Cruz, 21-cr-350 (ADC)

coordinate, and facilitate the transportation and maritime importation of hundreds of kilograms of cocaine.

ALMONTE-CRUZ and co-conspirators utilized two primary methods to obtain its shipments of cocaine. First, the DTO recruits and pays boat captains to conduct at sea transfers of the narcotics with boats arriving from outside of the United States. Second, the DTO coordinates and pays unloading or receiving crews to transport narcotics that arrive in the Cabo Rojo and Ponce areas.

In furtherance of this conspiracy, ALMONTE-CRUZ and coconspirators committed, among others, the following overt acts in the District of Puerto Rico and elsewhere within the jurisdiction of this court:

(a) On or about January 23, 2020, other indicted co-conspirators met with Person A and paid Person A approximately $80.00 for expenses relating to a planned drug smuggling venture.

(b) On or about January 27, 2020, a coconspirator met with met with Person A and paid Person A approximately $2,040.00 to pay expenses relating to a planned drug smuggling venture.

(c) On or about March 11, 2020,  ALMONTE-CRUZ and other indicted co-conspirators met with Person A and another individual, Person B, and paid them approximately $3,550.00 relating to the planned drug smuggling venture.

(d) On or about August 6, 2020, the defendants ALMONTE-CRUZ, other indicted co-conspirators, and unindicted co-conspirators successfully coordinated the

importation of approximately 234 kilograms of cocaine into the District of Puerto Rico, which was seized by law enforcement.

(e) On or about September 2, 2020, another indicted co-conspirator met with Person A and paid Person A approximately $5,000.00 relating to a planned drug smuggling venture.

(f) On or about September 3, 2020, ALMONTE-CRUZ, other indicted co-conspirators, and unindicted co-conspirators attempted to import approximately 321 kilograms of cocaine into the District of Puerto Rico.

(g) On or about December 2, 2020, a co-conspirator met with person A and at the direction of another co-conspirator, paid Person A approximately $3,000.00 relating to a planned drug smuggling venture.

(h) On or about December 18, 2020, ALMONTE-CRUZ and other indicted co-conspirators met with Person A and paid Person A approximately $4,600.00 to pay expenses relating to a planned drug smuggling venture.

(i) On or about January 14, 2021 through on or about January 16, 2021, ALMONTE-CRUZ, other indicted co-conspirators, and unindicted co-conspirators imported approximately 800 kilograms of cocaine into the District of Puerto Rico.

For the purposes of this plea, LUIS ALMONTE-CRUZ admits that he conspired to possess with intent to distribute at least one hundred fifty (150) kilograms but less than four-hundred fifty (450) kilograms of cocaine with the intent to distribute it.

## COUNT FIVE

From in or about June 2020 through in or about February 2021, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, [3] LUIS ALMONTE-CRUZ (ALMONTE-CRUZ), did knowingly combine, conspire, and agree with others to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, including by:

(c)    conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

(d)    knowingly engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying,

selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1957.

The object of the conspiracy was to legitimize illicit proceeds from the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances.

ALMONTE-CRUZ and co-conspirators would further and accomplish the object of the conspiracy by several means including, but not limited to, the following:

1. Cash proceeds, in the form of United States currency, were acquired from drug trafficking crimes.

2. In an effort to conceal the illicit proceeds, co-conspirators would acquire winning lottery tickets with the illicit drug proceeds.

3. It was further part of the manner and means of the conspiracy that the lottery winnings, in the form of checks issued by the Puerto Rico Departmento de Hacienda, were deposited into U.S. financial institutions.

4. It was further part of the manner and means of the conspiracy that additional financial and monetary transactions, some in excess of $10,000, were conducted using illicit proceeds on deposit with the U.S. financial institutions.

5. It was further part of the manner and means of the conspiracy that assets, such as vehicles and other real property, were purchased to further conceal some of the illicit drug proceeds.

Had this matter proceeded to trial, the United States would have presented

Case: 24-1836   Case 3:21-cr-00350-ADC   Document 155   Filed 07/06/23   Page 19 of 19   Document 165-2   Filed 07/06/23   Page 19 of 19   ID: 6697336

U.S. v. [3] Luis Almonte-Cruz, 21-cr-350 (ADC)

evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that Defendant [3] LUIS ALMONTE-CRUZ is guilty as charged in Counts One and Five of the Indictment. Discovery was timely made available to Defendant for review.

Luis A. Valentin
Assistant U.S. Attorney
Dated: 6/6/2023

Jose G. Perez-Ortiz, Esq.
Counsel for Defendant
Dated: 7/6/23

LUIS ALMONTE-CRUZ
Defendant
Dated: 7/6/23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIMINAL NO. 21-350-01(ADC)

[1] RAMON ANTONIO VEGA-ORTIZ,
a/k/a "Gago," a/k/a "Moncho"
Defendant.

RECEIVED & FILED
CLERK'S OFFICE

JUL 1 4 2023

US DISTRICT COURT
SAN JUAN, PR

PLEA AND FORFEITURE AGREEMENT
Pursuant to Fed. R. Crim. P. 11(b)(1)(B)

TO THE HONORABLE COURT:

The United States of America, Defendant, [1] RAMON ANTONIO VEGA-

ORTIZ, and Defendant's counsel, Steven E. Amster, Esq., pursuant to Federal Rule

of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms

and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Counts One and Five of the Indictment:

Count One:

From in or about May 2019, through the return of the instant indictment, in the

District of Puerto Rico, elsewhere and within the jurisdiction of this Court, [1]

RAMON ANTONIO VEGA-ORTIZ, did knowingly and intentionally combine,

conspire, confederate, and agree with diverse other persons known and unknown to

the Grand Jury, to commit offenses against the United States, in that they knowingly

and intentionally possessed with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846.

Count Five:   From in or about June 2020 through in or about February 2021, the exact dates being unknown to the Grand Jury, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, [1] RAMON ANTONIO VEGA-ORTIZ, did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, including by:

(a)    conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

(b)   knowingly engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1957.

## 2. Stipulation as to the Amount of Narcotics

The United States and Defendant stipulate Defendant shall be accountable for the possession with intent to distribute at least four-hundred fifty (450) or more kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

## 3. Maximum Penalties

Count One: In regards to Count One, the penalty for the offense charged is a term of imprisonment of at least ten (10) years, but not more than life; a fine not to exceed the greater of that authorized in accordance with the provisions of 18 U.S.C. § 3571(b) or ten million dollars ($10,000,000.00); and a supervised release term of at least five (5) years, all pursuant, to 46 U.S.C. § 70506 and 21 U.S.C. § 960(b)(1)(B).

Count Five: In regards to Count Five, the penalty for the offense charged is a term of imprisonment of not more than twenty (20) years; a fine of not more than five hundred thousand dollars ($500,000) or twice the value of the monetary instrument of funds involved in the transportation, transmission, or transfer, whichever is greater, all pursuant to 18 U.S.C. §§ 1956(a)(1)(B)(i) & (h); and a supervised release term of

U.S. v. [1] Ramon Antonio Vega-Ortiz, 21-cr-350 (ADC)

not more than five (5) years, all pursuant to 18 U.S.C. § 3583.

### 4. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 5. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 6. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 7. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not

made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 8. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE (21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846) and COUNT FIVE (18 USC §§ 1956(a)(1)(B)(i) & (h)) | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(c)(1) (At least 450 or more KG of Cocaine) | | | | 38 | |
| The defendant was convicted under 18 USC § 1956; increase by 2 levels | | | | +2 | |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | -3 | |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | **37** | |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 210-262 | 235-293 | 262-327 | 292-365 | 324-405 | 360-life |

- All Counts grouped pursuant to U.S.S.G. § 3D1.2

## 9. Sentence Recommendation

As to Counts One and Five, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties will request a sentence of imprisonment

within the applicable Guidelines range at a total offense level of **37** when combined with the criminal history category determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 11. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the applicable guideline range for the total offense level, namely 37, as calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 12. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea

Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 13. Satisfaction with Counsel

Defendant is satisfied with counsel, Steven E. Amster, Esq., and asserts that counsel has rendered effective legal assistance.

### 14. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

   c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

   d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to

confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 15. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 16. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 17. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 18. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 19. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 20. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 21. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously

prosecuted.

### 22. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 23. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 24. Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offenses charged in Counts One and Five and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. Defendant agrees to forfeit the aforementioned property under 21 U.S.C. §§ 853 and 970, 18 U.S.C. § 982, and as more fully set forth in the Indictment.

The property to be forfeited includes, but is not limited to, a sum of money representing the amount of proceeds traceable to the commission of the offenses alleged in the Indictment and the following specific property:

1. All right, title, and interest in real property located at Calle 8 Urb Extension La Rambla 589A, Ponce, PR, including all buildings, appurtenances, and improvements:

   URBAN: Lot located in front of Street number 8 of URBANIZACION[1] LA RAMBLA, from the municipality of Ponce, PR, with a capacity of 479.77 square meters. Boundaries: NORTH, in 16.00 meters with Street number 8; SOUTH, in 16.00 meters with lot property of David Lugo; EAST, in 29.98 meter with lot number 2 that is described in the Planning Board report; WEST, in 30.00 meters with a Hilton Yajes-Dick's lot. It contains a two-story house of reinforced concrete and blocks, FIRST FLOOR, double garage with closet, water.heater, entrance hall, living room, dining room, kitchen equipped with oven, garbage disposal, and range hood above the stove, laundry, family room, roofed terrace, service bathroom and guest bathroom. SECOND FLOOR, 4 bedrooms with their closets, 2 bathrooms, linen closet, and open-air terrace over garage.

2. All right, title, and interest in real property located at Calle C6 Urb Estancias del Golf Club CA63, Ponce, PR, including all buildings, appurtenances, and improvements:

   URBAN: Lot number 63 of block CA, Urbanizacion ESTANCIAS DEL GOLF CLUB, located in Barrio Magueyes of the municipality of Ponce. It has a capacity of 325.00 square meters. BORDERING to the NORTH, in a distance of 25.00 meters with lot number 62 of block CA; to the SOUTH, in a distance of 25.00 meters with lot number 64 of block CA; to the EAST, in a distance of 13.00 meters with Exterior Avenue; to the WEST, in a distance of 13.00 meters with Street number C-6. It contains a concrete house for residential purpose. According to the registered plan, an easement in favor of the Puerto Rico Telephone Company affects this lot.

3. All right, title, and interest in real property located at Solar 19 Bo Llanos Costa, Caba Rojo, Puerto Rico, including all buildings, appurtenances, and improvements:

---

[1] According to the Diccionario Bilingue de Terminologfa Legal: Ingles-Espanol, Espanol-Ingles, "urbanizacion" is property development (Bossini & Gleeson, 2014); but, according to Diccionario de Terminos Juridicos, it can also mean a residential area (Alcaraz, Hughes, et al., 2017). In Puerto Rico, it is referred to as the latter since residents are accustomed to use it as part of the name of the neighborhood to which they are referring. Therefore, this is left in Spanish just as it is done for postal addresses.

RURAL: Parcel number 19 located in Barrio Costas in the municipality of Caba Rojo, with a surface area of 98,259;98 square meters, equivalent to 25.00 cuerdas.[2] It borders on the NORTH, in 216.357 meters with parcels 14 and 15; on the SOUTH, in 216.357 meters with parcels 27 and 28; on the EAST, in 454.870 meters with parcel 20; and on the WEST in 454.870 meters with parcel 18.

4. One 2014, Porsche, 911 Turbo, Black, VIN WP0AD2A98ES 16621, IHZ-944

5. One 2015, Acura, TLX, Grey, VIN: 19UUB2F31FA019315, IMJ-025

6. One 2015, BMW, M4, Lime Green, VIN WBS3R9C59FK332927, ISU-146

7. One 2021, Lamborghini, Orange, VIN ZHWUF5ZF8MLA16434, DAC7379

8. One 2016, Dodge, Ram 1500, White, VIN 3C6JR6AG1GG163021, 995497

9. One 2016, Dodge, Ram 2500, Black, VIN 3C6URSGL8GG159611, 947276

10. All assets held in account ending in 2900, at FirstBank

11. All assets held in account ending in 9144 , at First Bank

12. One 2017, Ford, F150, Black, VIN 1FTFW1RG0HFC54623, 975-412

13. One Avanti, Center Console, 25 foot boat, HIN: ERQ25114F697, PR Reg. No. 2213CC

14. One Sea Star, Center Console 24 foot boat, HIN: BS7331572, PR Reg. No. 3011AA

---

[2] "Cuerdas" is a Puerto Rican land measurement that equals 3,930.39 sq. meters/ 0.971 acres.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this

Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. Stephen Muldrow
United States Attorney

_____
Max J. Pérez-Bouret
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: 3/29/23

_____
RAMON ANTONIO VEGA-ORTIZ
Defendant
Dated: 7/12/23

_____
María L. Montañez-Concepción
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: 3/29/2023

_____
Steven E. Amster, Esq.
Counsel for Defendant
Dated: 7/11/23

_____
Luis A. Valentin
Assistant U.S. Attorney
Transnational Organized Crime Section
Dated: 3/28/2023

U.S. v. [1] Ramon Antonio Vega-Ortiz, 21-cr-350 (ADC)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: ___7/13/22___

_____
RAMON ANTONIO VEGA-ORTIZ
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: ___7/13/22___

_____
Steven E. Amster, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant, [1] RAMON ANTONIO VEGA-ORTIZ, admits that he is guilty as charged in Counts One and Five of the Indictment and admits the following:

## COUNT ONE

From in or about May 2019, through the return of the instant indictment, namely September 23, 2021, in the District of Puerto Rico, elsewhere and within the jurisdiction of this Court, [1] RAMON ANTONIO VEGA-ORTIZ (VEGA-ORTIZ), did knowingly and intentionally combine, conspire, confederate, and agree with diverse other persons to knowingly and intentionally possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance.

VEGA-ORTIZ acknowledges that the object of the conspiracy was to coordinate and facilitate the maritime importation of hundreds of kilograms of cocaine from outside of the United States, including Colombia and the Dominican Republic, into Puerto Rico, all for significant financial gain and profit.

VEGA-ORTIZ and other conspirators used a network of several international cocaine suppliers to coordinate with as well as boat captains and crew members, recruiters, coordinators, facilitators, and loading and unloading crews to obtain cocaine for widespread wholesale distribution.

VEGA-ORTIZ and co-conspirators (collectively the Drug Trafficking Organization) would further and accomplish the object of the conspiracy to fund,

coordinate, and facilitate the transportation and maritime importation hundreds of kilograms of cocaine.

VEGA-ORTIZ and co-conspirators utilized two primary methods to obtain its shipments of cocaine. First, the DTO recruits and pays boat captains to conduct at sea transfers of the narcotics with boats arriving from outside of the United States. Second, The DTO coordinates and pays unloading or receiving crews to transport narcotics that arrive in the Cabo Rojo and Ponce areas.

VEGA-ORTIZ acknowledges that he undertook an organizer and leadership role in the DTO.

In furtherance of this conspiracy, VEGA-ORTIZ and coconspirators committed, among others, the following overt acts in the District of Puerto Rico and elsewhere within the jurisdiction of this court:

(a) On or about January 23, 2020, VEGA-ORTIZ and other indicted co-conspirators met with Person A and paid Person A approximately $80.00 for expenses relating to a planned drug smuggling venture.

(b) On or about January 27, 2020, VEGA-ORTIZ met with met with Person A and paid Person A approximately $2,040.00 to pay expenses relating to a planned drug smuggling venture.

(c) On or about March 11, 2020, VEGA-ORTIZ and other indicted co-conspirators met with Person A and another individual, Person B, and paid them approximately $3,550.00 relating to the planned drug smuggling venture.

(d) On or about August 6, 2020, VEGA-ORTIZ, other indicted co-conspirators, and unindicted co-conspirators successfully coordinated the importation of approximately 234 kilograms of cocaine into the District of Puerto Rico, which was seized by law enforcement.

(e) On or about September 2, 2020, VEGA-ORTIZ met with Person A and paid Person A approximately $5,000.00 relating to a planned drug smuggling venture.

(f) On or about September 3, 2020, VEGA-ORTIZ, other indicted co-conspirators, and unindicted co-conspirators attempted to import approximately 321 kilograms of cocaine into the District of Puerto Rico.

(g) On or about December 2, 2020, another co-conspirator met with person A and at the direction of VEGA-ORTIZ, the co-conspirator paid Person A approximately $3,000.00 relating to a planned drug smuggling venture.

(h) On or about December 18, 2020, other indicted co-conspirators met with Person A and paid Person A approximately $4,600.00 to pay expenses relating to a planned drug smuggling venture.

(i) On or about January 14, 2021 through on or about January 16, 2021 VEGA-ORTIZ, other indicted co-conspirators, and unindicted co-conspirators imported approximately 800 kilograms of cocaine into the District of Puerto Rico.

For the purposes of this plea, VEGA-ORTIZ admits that he conspired to possess with

intent to distribute at least 450 kilograms of cocaine with the intent to distribute it.

## COUNT FIVE

From in or about June 2020 through in or about February 2021, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, [1] RAMON ANTONIO VEGA-ORTIZ, (VEGA-ORTIZ) did knowingly combine, conspire, and agree with others to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, including by:

    (c)    conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

    (d)    knowingly engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying,

selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1957.

The object of the conspiracy was to legitimize illicit proceeds from the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances.

VEGA-ORTIZ and co-conspirators would further and accomplish the object of the conspiracy by several means including, but not limited to, the following:

1. Cash proceeds, in the form of United States currency, were acquired from drug trafficking crimes.

2. In an effort to conceal the illicit proceeds, VEGA-ORTIZ and co-conspirators would acquire winning lottery tickets with the illicit drug proceeds.

3. It was further part of the manner and means of the conspiracy that the lottery winnings, in the form of checks issued by the Puerto Rico Departamento de Hacienda, were deposited into U.S. financial institutions.

4. It was further part of the manner and means of the conspiracy that additional financial and monetary transactions, some in excess of $10,000, were conducted using illicit proceeds on deposit with the U.S. financial institutions.

5. It was further part of the manner and means of the conspiracy that assets, such as vehicles and other real property, were purchased to further conceal some of the illicit drug proceeds.

Had this matter proceeded to trial, the United States would have presented

U.S. v. [1] Ramon Antonio Vega-Ortiz, 21-cr-350 (ADC)

evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that Defendant [1] RAMON ANTONIO VEGA-ORTIZ is guilty as charged in Counts One and Five of the Indictment. Discovery was timely made available to Defendant for review.

Luis A. Valentin
Assistant U.S. Attorney
Dated: 3/28/2023

Steven E. Amster, Esq.
Counsel for Defendant
Dated: 7/11/23

RAMON ANTONIO VEGA-ORTIZ
Defendant
Dated: 7/11/22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED

CLERK'S OFFICE USDC PR

2023 AUG 4 PM 3:32

UNITED STATES OF AMERICA,
Plaintiff,

v.

**CRIMINAL NO. 21-350-02(ADC)**

[2]OSVALDO CALDERIN PASCUAL,
a/k/a "Cubano," a/k/a "Calde,"
Defendant.

## PLEA AND FORFEITURE AGREEMENT
### Pursuant to Fed. R. Crim. P. 11(b)(1)(B)

**TO THE HONORABLE COURT:**

The United States of America, Defendant, [2] OSVALDO CALDERIN-PASCUAL, and Defendant's counsel, Maria A. Dominguez-Victoriano, Esq. and Jennie M. Espada-Ocasio, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:





1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Counts One and Five of the Indictment:



Count One:

From in or about May 2019, through the return of the instant indictment, in the District of Puerto Rico, elsewhere and within the jurisdiction of this Court, [2] OSVALDO CALDERIN-PASCUAL, did knowingly and intentionally combine, conspire, confederate, and agree with diverse other persons known and unknown to

the Grand Jury, to commit offenses against the United States, in that they knowingly and intentionally possessed with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846.

Count Five:   From in or about June 2020 through in or about February 2021, the exact dates being unknown to the Grand Jury, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, [2] OSVALDO CALDERIN-PASCUAL, did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, including by:

(a)    conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

(b)     knowingly engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1957.

**2. Stipulation as to the Amount of Narcotics**

The United States and Defendant stipulate Defendant shall be accountable for the possession with intent to distribute at least four-hundred fifty (450) or more kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

**3. Maximum Penalties**

Count One: In regards to Count One, the penalty for the offense charged is a term of imprisonment of at least ten (10) years, but not more than life; a fine not to exceed the greater of that authorized in accordance with the provisions of 18 U.S.C. § 3571(b) or ten million dollars ($10,000,000.00); and a supervised release term of at least five (5) years, all pursuant, to 46 U.S.C. § 70506 and 21 U.S.C. § 960(b)(1)(B).

Count Five: In regards to Count Five, the penalty for the offense charged is a term of imprisonment of not more than twenty (20) years; a fine of not more than five hundred thousand dollars ($500,000) or twice the value of the monetary instrument of funds involved in the transportation, transmission, or transfer, whichever is greater, all pursuant to 18 U.S.C. §§ 1956(a)(1)(B)(i) & (h); and a supervised release term of

not more than five (5) years, all pursuant to 18 U.S.C. § 3583.

### 4.  Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 5.  Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 6.  Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 7.  Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not

made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

8. **Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE (21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846) and COUNT FIVE (18 USC §§ 1956(a)(1)(B)(i) & (h). | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(c)(1) (At least 450 or more KG of Cocaine) | 38 |
| The defendant was convicted under 18 USC § 1956; increase by 2 levels | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **37** |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 210-262 | 235-293 | 262-327 | 292-365 | 324-405 | 360-life |

- All Counts grouped pursuant to U.S.S.G. § 3D1.2

9. **Sentence Recommendation**

As to Counts One and Five, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties will request a sentence of imprisonment

within the applicable Guidelines range at a total offense level of **37** when combined with the criminal history category determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 11. Waiver of Appeal



Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the applicable guideline range for the total offense level, namely 37, as calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 12. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 15. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 16. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 17. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.



Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 13. Satisfaction with Counsel

Defendant is satisfied with counsels, Maria A. Dominguez-Victoriano, Esq. and Jennie M. Espada-Ocasio, Esq., and asserts that each counsel has rendered effective legal assistance.

### 14. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.



   c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

**18.** **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

**19.** **Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

**20.** **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

**21.** **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which



may have previously been dismissed or which may have not been previously prosecuted.

### 22. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 23. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 24. Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offenses charged in Counts One and Five and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. Defendant agrees to forfeit the aforementioned property under 21 U.S.C. §§ 853 and 970 and 18 U.S.C. § 982.

The property to be forfeited includes, but is not limited to, a sum of money representing the amount of proceeds traceable to the commission of the offenses

alleged in the Indictment and the following specific property:

1. All right, title, and interest in real property located at Calle 8 Urb Extension La Rambla 589A, Ponce, PR, including all buildings, appurtenances, and improvements:

   URBAN: Lot located in front of Street number 8 of URBANIZACION[1] LA RAMBLA, from the municipality of Ponce, PR, with a capacity of 479.77 square meters. Boundaries: NORTH, in 16.00 meters with Street number 8; SOUTH, in 16.00 meters with lot property of David Lugo; EAST, in 29.98 meter with lot number 2 that is described in the Planning Board report; WEST, in 30.00 meters with a Hilton Yajes-Dick's lot. It contains a two-story house of reinforced concrete and blocks, FIRST FLOOR, double garage with closet, water.heater, entrance hall, living room, dining room, kitchen equipped with oven, garbage disposal, and range hood above the stove, laundry, family room, roofed terrace, service bathroom and guest bathroom. SECOND FLOOR, 4 bedrooms with their closets, 2 bathrooms, linen closet, and open-air terrace over garage.





2. All right, title, and interest in real property located at Calle C6 Urb Estancias del Golf Club CA63, Ponce, PR, including all buildings, appurtenances, and improvements:

   URBAN: Lot number 63 of block CA, Urbanizacion ESTANCIAS DEL GOLF CLUB, located in Barrio Magueyes of the municipality of Ponce. It has a capacity of 325.00 square meters. BORDERING to the NORTH, in a distance of 25.00 meters with lot number 62 of block CA; to the SOUTH, in a distance of 25.00 meters with lot number 64 of block CA; to the EAST, in a distance of 13.00 meters with Exterior Avenue; to the WEST, in a distance of 13.00 meters with Street number C-6. It contains a concrete house for residential purpose. According to the registered plan, an easement in favor of the Puerto Rico Telephone Company affects this lot.



3. All right, title, and interest in real property located at Solar 19 Bo Llanos Costa, Caba Rojo, Puerto Rico, including all buildings, appurtenances, and improvements:

---

1 According to the Diccionario Bilingue de Terminologia Legal: Ingles-Espanol, Espanol-Ingles, "urbanizacion" is property development (Bossini & Gleeson, 2014); but, according to Diccionario de Terminos Juridicos, it can also mean a residential area (Alcaraz, Hughes, et al., 2017). In Puerto Rico, it is referred to as the latter since residents are accustomed to use it as part of the name of the neighborhood to

Case 3:21-cr-00350-ADC-BJM   Document 173   Filed 08/04/23   Page 12 of 23
Case: 24-1836     Document: 00118242615     Page: 114     Date Filed: 08/04/2025     Entry ID: 6697336

U.S. v. [2] Osvaldo Calderin-Pascual, 21-cr-350 (ADC)

which they are referring to. Therefore, this is left in Spanish just as it is done for postal addresses.

RURAL: Parcel number 19 located in Barrio Costas in the municipality of Caba Rojo, with a surface area of 98,259;98 square meters, equivalent to 25.00 cuerdas.[2] It borders on the NORTH, in 216.357 meters with parcels 14 and 15; on the SOUTH, in 216.357 meters with parcels 27 and 28; on the EAST, in 454.870 meters with parcel 20; and on the WEST in 454.870 meters with parcel 18.

4. One 2014, Porsche, 911 Turbo, Black, VIN WP0AD2A98ES16621, IHZ-944

5. One 2015, Acura, TLX, Grey, VIN: 19UUB2F31FA019315, IMJ-025

6. One 2015, BMW, M4, Lime Green, VIN WBS3R9C59FK332927, ISU-146



7. One 2021, Lamborghini, Orange, VIN ZHWUF5ZF8MLA16434, DAC7379

8. One 2016, Dodge, Ram 1500, White, VIN 3C6JR6AG1GG163021, 995497

9. One 2016, Dodge, Ram 2500, Black, VIN 3C6URSGL8GG159611, 947276

10. All assets held in account ending in 2900, at FirstBank

11. All assets held in account ending in 9144 , at First Bank

12. One 2017, Ford, F150, Black, VIN 1FTFW1RG0HFC54623, 975-412

13. One Avanti, Center Console, 25 foot boat, HIN: ERQ25114F697, PR Reg. No. 2213CC

14. One Sea Star, Center Console 24 foot boat, HIN: BS7331572, PR Reg. No. 3011AA

---

[2] "Cuerdas" is a Puerto Rican land measurement that equals 3,930.39 sq. meters/ 0.971 acres.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which

112

Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. Stephen Muldrow
United States Attorney

_____
Max J. Pérez-Bouret
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: 7/5/23

_____
María L. Montañez-Concepción
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: July 31, 2023

_____
Luis A. Valentin
Assistant U.S. Attorney
Transnational Organized Crime Section
Dated: July 31, 2023

_____
OSVALDO CALDERIN-PASCUAL
Defendant
Dated: 8/4/23

_____
Maria A. Dominguez-Victoriano, Esq.
Counsel for Defendant
Dated: 8-4-23

_____
Jennie M. Espada-Ocasio, Esq.
Counsel for Defendant
Dated: 8/4/23

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: _8/4/23_

OSVALDO CALDERIN-PASCUAL
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no

---

[INTENTIONALLY LEFT BLANK]

doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 8/4/23

Maria A. Dominguez-Victoriano, Esq.
Counsel for Defendant

Date: 8/4/23

Jennie M. Espada-Ocasio, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant, [2] OSVALDO CALDERIN-PASCUAL, admits that he is guilty as charged in Counts One and Five of the Indictment and admits the following:

### <u>COUNT ONE</u>

From in or about May 2019, through the return of the instant indictment, namely September 23, 2021, in the District of Puerto Rico, elsewhere and within the jurisdiction of this Court, [2] OSVALDO CALDERIN-PASCUAL (CALDERIN-PASCUAL), did knowingly and intentionally combine, conspire, confederate, and agree with diverse other persons to knowingly and intentionally possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance.



CALDERIN-PASCUAL acknowledges that the object of the conspiracy was to coordinate and facilitate the maritime importation of hundreds of kilograms of cocaine from outside of the United States, including Colombia and the Dominican Republic, into Puerto Rico, all for significant financial gain and profit.



CALDERIN-PASCUAL and other conspirators would employ a network of several international cocaine suppliers to coordinate with as well as boat captains and crew members, recruiters, coordinators, facilitators, and loading and unloading crews to obtain cocaine for widespread wholesale distribution.

CALDERIN-PASCUAL and co-conspirators (collectively the Drug Trafficking Organization) would further and accomplish the object of the conspiracy to fund,

coordinate, and facilitate the transportation and maritime importation hundreds of kilograms of cocaine.

CALDERIN-PASCUAL and co-conspirators utilized two primary methods to obtain its shipments of cocaine. First, the DTO recruits and pays boat captains to conduct at sea transfers of the narcotics with boats arriving from outside of the United States. Second, the DTO coordinates and pays unloading or receiving crews to transport narcotics that arrive in the Cabo Rojo and Ponce areas.

CALDERIN-PASCUAL acknowledges that he undertook an organizer and leadership role in the DTO.

In furtherance of this conspiracy, CALDERIN-PASCUAL and coconspirators committed, among others, the following overt acts in the District of Puerto Rico and elsewhere within the jurisdiction of this court:

(a) On or about January 23, 2020, CALDERIN-PASCUAL and other indicted co-conspirators met with Person A and paid Person A approximately $80.00 for expenses relating to a planned drug smuggling venture.

(b) On or about January 27, 2020, a coconspirator met with met with Person A and paid Person A approximately $2,040.00 to pay expenses relating to a planned drug smuggling venture.

(c) On or about March 11, 2020, CALDERIN-PASCUAL and other indicted co-conspirators met with Person A and another individual, Person B, and paid them approximately $3,550.00 relating to the planned drug smuggling venture.

(d) On or about August 6, 2020, the defendants CALDERIN-PASCUAL, other indicted co-conspirators, and unindicted co-conspirators successfully coordinated the importation of approximately 234 kilograms of cocaine into the District of Puerto Rico, which was seized by law enforcement.

(e) On or about September 2, 2020, another indicted co-conspirator met with Person A and paid Person A approximately $5,000.00 relating to a planned drug smuggling venture.

(f) On or about September 3, 2020, CALDERIN-PASCUAL, other indicted co-conspirators, and unindicted co-conspirators attempted to import approximately 321 kilograms of cocaine into the District of Puerto Rico.

(g) On or about December 2, 2020, CALDERIN-PASCUAL, met with person A and at the direction of a co-conspirator, paid Person A approximately $3,000.00 relating to a planned drug smuggling venture.

(h) On or about December 18, 2020, CALDERIN-PASCUAL and other indicted co-conspirators met with Person A and paid Person A approximately $4,600.00 to pay expenses relating to a planned drug smuggling venture.

(i) On or about January 14, 2021 through on or about January 16, 2021 CALDERIN-PASCUAL, other indicted co-conspirators, and unindicted co-conspirators imported approximately 800 kilograms of cocaine into the District of Puerto Rico.

For the purposes of this plea, CALDERIN-PASCUAL admits that he conspired to

possess with intent to distribute at least 450 kilograms of cocaine with the intent to distribute it.

## COUNT FIVE

From in or about June 2020 through in or about February 2021, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, [2]OSVALDO CALDERIN-PASCUAL, (CALDERIN-PASCUAL) did knowingly combine, conspire, and agree with others to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, including by:



(c)    conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and



(d)    knowingly engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, the

felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1957.

The object of the conspiracy was to legitimize illicit proceeds from the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances.

CALDERIN-PASCUAL and co-conspirators would further and accomplish the object of the conspiracy by several means including, but not limited to, the following:

1. Cash proceeds, in the form of United States currency, were acquired from drug trafficking crimes.

2. In an effort to conceal the illicit proceeds, CALDERIN-PASCUAL and co-conspirators would acquire winning lottery tickets with the illicit drug proceeds.

3. It was further part of the manner and means of the conspiracy that the lottery winnings, in the form of checks issued by the Puerto Rico Departamento de Hacienda, were deposited into U.S. financial institutions.

4. It was further part of the manner and means of the conspiracy that additional financial and monetary transactions, some in excess of $10,000, were conducted using illicit proceeds on deposit with the U.S. financial institutions.

5. It was further part of the manner and means of the conspiracy that assets, such as vehicles and other real property, were purchased to further conceal some of the illicit drug proceeds.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that Defendant [2] OSVALDO CALDERIN-PASCUAL is guilty as charged in Counts

[INTENTIONALLY LEFT BLANK]

U.S. v. [2] Osvaldo Calderin-Pascual, 21-cr-350 (ADC)

One and Five of the Indictment. Discovery was timely made available to Defendant for review.

Luis A. Valentin
Assistant U.S. Attorney
Dated: 7/31/2023

Maria A. Dominguez-Victoriano, Esq.
Counsel for Defendant
Dated: 8/4/23

Jennie M. Espada-Ocasio, Esq.
Counsel for Defendant
Dated: 8/4/23

OSVALDO CALDERIN-PASCUAL
Defendant
Dated: 8/4/23

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
**Plaintiff**

v.

[2] OSVALDO CALDERIN-PASCUAL,
**Defendant.**

**CRIMINAL NO.:** 21-350-02 (ADC)

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, defendant [2] Osvaldo Calderin-Pascual pled guilty to Counts One and Five of the Indictment pursuant to the plea agreement; and

WHEREAS, as part of his plea agreement, defendant agreed to forfeit to the United States his interest in one Avanti, Center Console, 25-foot boat, HIN: ERQ25114F697, PR Reg. No. 2213CC with outboard engines and one boat trailer; and

WHEREAS, the United States has made a sufficient showing of the forfeitability of the above-mentioned vessel; and

WHEREAS, the Court has jurisdiction pursuant to 21 U.S.C. §§ 853, and 970; 18 U.S.C. § 982; and Rule 32.2 of the Federal Rules of Criminal Procedure to order the defendant, as part of his sentence, to forfeit the vessel, to the United States; accordingly,

IT IS ORDERED,

1.      That the United States is now entitled to possession of the one Avanti, Center Console, 25-foot boat, HIN: ERQ25114F697, PR Reg. No. 2213CC with outboard engines and one boat trailer, free and clear, pursuant to 21 U.S.C. §§ 853, and 970; 18 U.S.C. § 982;

1

Case 3:21-cr-00350-ADC    Document 216    Filed 12/19/23    Page 2 of 3

*Criminal No.: 21-350-02 (ADC)*

and Rule 32.2 of the Federal Rules of Criminal Procedure, and any and all of the defendant's interest in the vessel, is forfeited to the United States; and it is further

ORDERED that the United States is authorized to seize the vessel for disposition in accordance with the law, subject to the provisions of 21 U.S.C. §§ 853, and 970; 18 U.S.C. § 982; and Rule 32.2 of the Federal Rules of Criminal Procedure; and it is further

ORDERED that upon the issuance of this Preliminary Order of Forfeiture, the United States will publish notice of the Order on the official government internet site, (www.forfeiture.gov), as required by 21 U.S.C. § 853(n); and it is further

ORDERED that notice of this Order will include notice of the Drug Enforcement Administration (DEA) and the United States Marshals Service's (USMS) intent to dispose of the vessel in a manner directed by the Attorney General; and it is further

ORDERED that the United States will notify any person, having or claiming a legal interest in the vessel, advising each person of his or her right to file a petition with the Court to contest the forfeiture in accordance with 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure; and it is further

ORDERED that a copy of any petition should be served on Assistant United States Attorney, Luis Angel Valentín, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier; and it is further

ORDERED that the notice will state that the petition is for a hearing to adjudicate the validity of the petitioner's alleged interest in the vessel, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's rights, title or interest in the forfeited the vessel and any additional fact supporting the petitioner's claim and the relief sought.

2

Case 3:21-cr-00350-ADC    Document 216    Filed 12/19/23    Page 3 of 3

*Criminal No.: 21-350-02 (ADC)*

    2.      Upon adjudication of all third-party interests, the Court will enter a Final Order

of Forfeiture pursuant to 21 U.S.C. §§ 853, and 970; 18 U.S.C. § 982; and Rule 32.2 of the

Federal Rules of Criminal Procedure; in which all interests will be addressed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 19th day of December, 2023.


*S/ Aida M. Delgado-Colon*
_____
AIDA M. DELGADO-COLON
UNITED STATES DISTRICT JUDGE

3

125



# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
    **Plaintiff**

                                      Criminal No.: 21CR350 (ADC)

    **v.**

RAMON ANTONIO VEGA-
ORTIZ, et. al.
    **Defendant.**

## **PETITION FOR HEARING TO CONTEST FORFEITURE**

The Claimant/Interested Party, **DAVID CALDERIN-PASCUAL**, pursuant to 21 U.S.C. s.853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, petitions this Court for a hearing to contest forfeiture (ancillary relief) pursuant to this Court's Preliminary Order of Forfeiture dated December 19, 2023, and as grounds therefore, alleges:

1. I, the Claimant, **DAVID CALDERIN-PASCUAL,** am a person, other than the Defendant, who asserts a legal interest in the property which has been ordered forfeited by this Court and, as such, am petitioning the Court for a hearing to adjudicate the validity of my interest pursuant to 21 U.S.C. 853(n)(2).

2. I, the Claimant, **DAVID CALDERIN-PASCUAL**, was, at the time of the seizure, the sole and rightful owner of the vessel known as one Avanti, Center

126

Console, 25-foot boat, HIN ERQ25114F697, PR Reg. No. 2213CC with outboard engines and one boat trailer.

3. I, the Claimant, **DAVID CALDERIN-PASCUAL,** have a valid, good faith, and legally recognizable interest in this asset(s) which is superior to the government.

4. I, the Claimant, **DAVID CALDERIN-PASCUAL**, in support of interest in the asset(s), have submitted to the government the following documents: Boat Property Certificate, Boat Title and License, Trailer Title, Engines Receipt.

WHEREFORE, I the Claimant/Interested Party, **DAVID CALDERIN-PASCUAL,** requests this Court to grant this relief requested herein.

I, David Calderin-Pascual, attest and declare under penalty of perjury that my claim is not frivolous, and the information provided in support of my claim is true and correct.

By:/s/ _____
February 28, 2024

Respectfully submitted,

DAVID CALDERIN-PASCUAL
By:/s/ *David Calderin-Pascual*
USB Bayamon GDNS DD32 Calle C
Baymon, PR 00957-2468
787-907-2200
adlmixed@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been

sent to Assistant United States Attorney, Luis Angel Valentin at the United States

Attorney's Office at 350 Carlos Chardon Ave, Suite 1201 San Juan, PR 00918.

By:/s/ *David Calderin-Pascual*
DAVID CALDERIN-PASCUAL

## DECLARATION UNDER PENALTY OF PERJURY

I, **David Calderín-Pascual**, of legal age, single, contractor, and resident of

Bayamón, Puerto Rico, interested party in the referenced case, declare under penalty

of perjury that I have read the foregoing Petition for Hearing to Contest Forfeiture

and that it is true and correct to the best of my knowledge.

**THUS, I SIGN**, in Bayamón, Puerto Rico on February 28, 2024.

**DAVID CALDERIN-PASCUAL**

**AFFIDAVIT NUM: #** _2986_

**SWORN AND SUBSCRIBED** before me by **DAVID CALDERIN-PASCUAL**, of the personal circumstances stated above, who I have identified by his driver's license #6133788 with expiration date on March 23, 2031.



**NOTARY PUBLIC**
**COMMISSION #18,746**
**MY COMMISION IS PERMANENT**

Case 3:21-cr-00350-ADC    Document 223-1    Filed 02/29/24    Page 2 of 5

## CERTIFICADO DE TITULO

### ESTADO LIBRE ASOCIADO DE PUERTO RICO
#### DEPARTAMENTO DE TRANSPORTACION Y OBRAS PUBLICAS
##### DIRECTORIA DE SERVICIOS AL CONDUCTOR

09jun2017 10:17:02    0552-11974-13610-00000000

| NUMERO DE TITULO | FECHA DE EXPEDICION | NUMERO DE REGISTRO | FECHA DE REGISTRO |
|---|---|---|---|
| A 11486017 | 19ene2016 | 11448822 | 19ene2016 |

| NUMERO DE SERIE (VIN) | MARCA | MODELO | AÑO | NUM. CILINDROS |
|---|---|---|---|---|
| 1M5BA2821G1E12649 | MAGIC TILT T | TRAILE | 2016 | |

| CAP. CARGA | PESO | NUEVO USADO | TITULO ANTERIOR | ESTADO | ODOMETRO | COLOR |
|---|---|---|---|---|---|---|
| 2,000 | 2,000 | NUEVO | Cert Orig | FL | | GRIS CL |

NOMBRE Y DIRECCION DEL DUEÑO REGISTRAL:

Nombre: CALDERIN PASCUAL, DAVID

Resid:
La Misma

ESTE ES SU
TITULO DE PROPIEDAD.
CONSERVELO EN
SITIO SEGURO.

Postal: URB FLORAL PARK
515 CALLE CARIBE
SAN JUAN, PR 00918

GRAVAMENES

PRIMER GRAVAMEN (VENTA CONDICIONAL)                                         FECHA
                                                                            DIA-MES-AÑO

SEGUNDO GRAVAMEN (OTROS)

CANCELACION GRAVAMEN

EL (LOS) ABAJO FIRMANTE (S) TENEDOR (ES) DEL GRAVAMEN SOBRE EL VEHICULO DE MOTOR DESCRITO
ARRIBA CERTIFICAMOS QUE EL MISMO HA SIDO PAGADO (SI MAS DE UN GRAVAMEN DEBERAN APARECER DOS
(2) FIRMAS)

PRIMER
GRAVAMEN _____    _____    _____
                                        FECHA          FIRMA AUTORIZADA
SEGUNDO
GRAVAMEN _____    _____    _____
                                        FECHA          FIRMA AUTORIZADA

                                                    NUMERO CONTROL

_____
SECRETARIO DTOP
O REPRESENTANTE AUTORIZADO

A-1 1449534

## NO ES VALIDO SI ES ALTERADO

130



**Gobierno de Puerto Rico**

**DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES**

**DRNA-OCN-006**

PO BOX 366147
San Juan, PR 00936
Tel. (787) 999-2200
Fax: (787) 999-2303

**OFICINA DEL COMISIONADO DE NAVEGACIÓN**

DIVISIÓN DE INSCRIPCION Y NUMERACION DE EMBARCACIONES

**CERTIFICADO DE PROPIEDAD**

De acuerdo a los archivos de la División de Inscripción y Numeración de Embarcaciones el número de registro PR2213CC corresponde a la siguiente descripción:

| | |
|---|---|
| **Número de Registro** | **PR2213CC** |
| **Nombre Embarcación** | O D |
| **Serie de Casco** | ERQ25114F697 |
| **Fecha Inscripción** | FEB-28-1997 |
| **Número de Marbete** | 22-9510 (FEB-2022) |
| **Marca del Fabricante** | AVANTI POWERBOATS |
| **Eslora** | 25.0 pies |
| **Material del Casco** | FIBRA DE VIDRIO |
| **Combustible** | GASOLINA |
| **Propulsión** | HELICE |
| **Tipo de Motor** | FUERA DE BORDA |
| **Uso** | PLACER |
| **Gravamen** | NEGATIVO |
| **Multa** | NEGATIVO |
| **Estatus** | ACTIVO |

Certificamos que la embarcación antes descrita está registrada a nombre de DAVID CALDERIN PASCUAL. La información es fiel y exacta según consta en nuestro sistema.

Esta certificación se expide a solicitud de DAVID CALDERIN PASCUAL, dada hoy 19 enero 2022, en San Juan, Puerto Rico.

Sello Oficial

DRNA-OCN
Cert. 01-19-01-2022

**Luis A. Márquez Ruiz**
**Comisionado de Navegación**

**Gobierno de Puerto Rico**
Departamento de Recursos Naturales y Ambientales
Oficina del Comisionado de Navegación

CERTIFICADO DE NUMERACION

SERIE CASCO

ERQ25114F697

PR2213CC

NOMBRE DEL DUEÑO

DAVID CALDERIN PASCUAL

DIRECCION

URB FLORAL PARK
515 CALLE CARIBE
SAN JUAN PR 00918

| MARCA | TIPO DE EMBARCACIÓN |
|---|---|
| Avanti | CABINA ABIERTA |
| MARBETE | MATERIAL DEL CASCO |
| 21-11146 | FIBRA DE VIDRIO |

| ESLORA | AÑO DE CONST. | COMBUSTIBLE |
|---|---|---|
| 25 | 1997 | GASOLINA |

| USO | PROPULSION |
|---|---|
| Placer | HELICE |

TIPO DE MOTOR
FUERA DE BORDA

NOMBRE EMBARCACION

O D

FIRMA

132



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>[3] OSVALDO CALDERIN-PASCUAL,<br><br>Defendant,<br><br>DAVID CALDERIN-PASCUAL,<br><br>Third-Party Petitioner. | No.: 21-cr-350 (ADC) |

## **UNITED STATES' MOTION TO DISMISS PETITION**

TO THE HONORABLE COURT:

For the reasons set forth below, the United States respectfully requests that the Court dismiss the Petition of Third-Party Petitioner David Calderin-Pascual, or, alternatively, direct him to file an amended petition.

**I.     Background**

On August 4, 2023, Defendant Osvaldo Calderin-Pascual pled guilty to drug trafficking and money laundering offenses. *See* ECF No. 174. On December 19, 2023, the Court entered a Preliminary Order of Forfeiture as to one Avanti, Center Console, 25-foot boat, HIN: ERQ25114F697, PR Reg. No. 2213CC with outboard engines and one boat trailer (the "Subject Property") pursuant to 21 U.S.C. §§ 853 and 970; 18 U.S.C. § 982; and Rule 32.2 of the Federal Rules of Criminal Procedure. *See* ECF No. 216.

By filing dated February 28, 2024,[1] David Calderin-Pascual ("Petitioner") filed a Petition requesting an ancillary hearing to contest the forfeiture of the Subject Property. *See* ECF No.

---

[1] The Petition was docketed on February 29, 2024.

*United States' Motion to Dismiss Petition*
*No.: 21-cr-350 (ADC)*

223.  The Petition asserts under penalty of perjury that "[Petitioner] was, at the time of the

seizure, the sole and rightful owner of the [Subject Property]." *See* ECF No. 223.  Petitioner

further contends that he "[has] a valid, good faith, and legally recognizable interest in [the

Subject Property] which is superior to the government." *See* ECF No. 223.  Petitioner attaches

various documents to the Petition, including what he contends are a "Boat Property Certificate,

Boat Title and License, Trailer Title, [and] Engines Receipt." *See* ECF No. 223 at ¶ 4, 223-1.

## II.    Discussion

The Court should dismiss the petition without a hearing or, alternatively, direct Petitioner

to file a petition that meets the appropriate requirements.  Ancillary forfeiture proceedings are

governed by Rule 32.2(c) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).  A

third-party seeking to challenge a forfeiture in an ancillary proceeding must first file a petition.

*See* 21 U.S.C. § 853(n)(2), Fed. R. Crim. P. 32.2(c)(1).  A petition must "set forth the nature and

extent of the petitioner's right, title, or interest in the property, the time and circumstances of the

petitioner's acquisition of the right, title, or interest in the property, any additional facts

supporting the petitioner's claim, and the relief sought." *See* 21 U.S.C. § 853(n)(3); *see also*

*United States v. Valentin-Acevedo*, 625 F. App'x 16, 18 (1st Cir. 2015) (unpublished decision).

"This provision is, in essence, a standing requirement." *United States v. Perkins*, 382 F. Supp.

2d 143, 144 (D. Me. 2005) (citing *United States v. Padilla-Galarza*, 351 F.3d 594, 600 (1st Cir.

2003)).

"Rule 32.2(c)(1) requires the court to conduct an 'ancillary proceeding' on a third-party

non-money judgment claim, but clearly contemplates that proceeding may not require an

evidentiary hearing." *Id.* at 18-19.  Instead, pursuant to Rule 32.2(c)(1)(A), the Court "may, on

motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other

2

*United States' Motion to Dismiss Petition*
*No.: 21-cr-350 (ADC)*

lawful reason." "A motion to dismiss a third-party petition in a criminal forfeiture proceeding is analyzed in the same way as a motion to dismiss a complaint under Rule 12(b) of the Federal Rules of Civil Procedure." *United States v. Catala*, 870 F.3d 6, 8 (1st Cir. 2017). "Consequently, a third-party petitioner under section 853(n) must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Lowe v. Mills*, 68 F.4th 706, 713 (1st Cir.), *cert. denied*, 144 S. Ct. 345, 217 L. Ed. 2d 184 (2023) (cleaned up) (noting that complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). "For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). The Court may rule on a motion to dismiss a petition before holding a hearing on the petition. *See id.* 32.2(c)(1)(B) (discussing additional pre-hearing procedures courts may order "after disposing of any motion filed under Rule 32.2(c)(1)(A)").

The Petition does not comply with the requirements of § 853(n)(3). On one hand, construed liberally,[2] the Petition provides some information relating to the nature and extent of Petitioner's interest in the Subject Property. Petitioner also attaches some documents that appear to show that he is the registered owner of the vessel and trailer, and other documents which appear to be receipts for the motors.

On the other hand, the Petition is silent as to the time and circumstances of his acquisition of his interest in the Subject Property. "Congress has decreed that if a third party is unable to

---

[2] Though the government has been in communication with an attorney who, as recently as January 2024, claimed to represent Petitioner in this matter, counsel has not appeared before this Court. Accordingly, the government understands that, at least at this time, Petitioner is proceeding without an attorney. "A document filed *pro se* is to be liberally construed" and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*United States' Motion to Dismiss Petition*
*No.: 21-cr-350 (ADC)*

swear to the time and circumstances under which he acquired property subject to forfeiture, he may not progress to a hearing on his property right." *United States v. McDonald*, 18 F. Supp. 3d 13, 16 (D. Me. 2014) (citing *United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010)). "Anyone could file a claim under § 853(n)(3) and swear that he owned the subject property." *Id.* at 17. That's why courts are reluctant to allow a petition to proceed on bare claims of ownership. *See United States v. Furando*, 40 F.4th 567, 577 (7th Cir. 2022) ("Notably, '[i]n the absence of facts or evidence showing the time and circumstances of [a petitioner's] acquisition of the right, title, or interest in the [property], the Petition is deficient.'"); *United States v. Sims*, No. 218CR00353LSCJEO, 2020 WL 3415576, at *3 (N.D. Ala. June 22, 2020) (directing *pro se* petitioner to amend petition to include "facts explaining when she acquired the property and details concerning where and how she acquired the property")); *United States v. Chandler*, No. 118CR00079MOCWCM, 2019 WL 1427556, at *5 (W.D.N.C. Mar. 29, 2019) (dismissing amended *pro se* petition that lacked information establishing that petitioner was more than a nominal owner of claimed property); *McDonald*, 18 F. Supp. 3d at 16-17 (dismissing petition where petitioner was unable to recall and allege the time and circumstances of his acquisition of property); *United States v. Perkins*, 382 F. Supp. 2d 143, 144 (D. Me. 2005) (dismissing petition where no statement as to time and circumstances included).

The facts alleged in the Petition, even if taken as true, do not state a plausible claim for relief. At best, the Petition is a bare assertion of ownership. That is not enough to satisfy § 853(n).

*United States' Motion to Dismiss Petition*
*No.: 21-cr-350 (ADC)*

## III.    Conclusion

The Petition does not comply with the requirements of § 853(n).  Accordingly, the United

States respectfully requests that the Court deny the Petition without a hearing or, in the

alternative, direct Petitioner to file an amended Petition which complies with § 853(n).

Respectfully submitted,


W. STEPHEN MULDROW
United States Attorney

s/Daniel J. Olinghouse
Daniel J. Olinghouse
Assistant United States Attorney
USDC-PR No. G03009
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
(787) 766-5656
Daniel.Olinghouse2@usdoj.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
    **Plaintiff**

                                      **Criminal No.: 21CR350 (ADC)**

       **v.**

**RAMON ANTONIO VEGA-**
**ORTIZ, et. al.**
          **Defendant,**

**DAVID CALDERIN-PASCUAL**
          **Third-Party Petitioner.**

## RESPONSE TO GOVERNMENT'S MOTION TO DISMISS PETITON OR FOR AN ORDER DIRECTING THE FILING OF AN AMENDED PETITION

    The Third-Party Petitioner, **DAVID CALDERIN-PASCUAL**, through undersigned counsel, responds to the government's motion seeking dismissal of, or alternatively amendment to, his Petition for Hearing to Contest Forfeiture (ECF 223), and as grounds therefore, would show unto the Court:

    1. On February 28, 2024, the Third-Party Petitioner, **DAVID CALDERIN-PASCUAL**, filed his Petition for Hearing to Contest Forfeiture, under penalty of perjury, setting forth his right, title or interest in the subject property (a boat, trailer and engines) ordered forfeited by this Court from the criminal defendant, his brother, OSVALDO CALDERIN-PASCUAL.

2.  The Petition set forth the Third- Party Petitioner's interest in the subject property as follows:

a)  The Third-Party Petitioner swore, under penalty of perjury, that he was the sole and rightful owner of the subject property,

b)  The Third-Party Petitioner attached the following government documents to the Petition demonstrating his ownership of the subject property:  1) the Property Certificate of the subject vessel showing that it is registered in his name; 2) the *Certificado de Numeracion*, also in his name and 3)  the Certificate of Title for the trailer also in his name.  The Third-Party Petitioner also submitted receipts for the purchase of the outboard engines.

3.  The government, in its motion, claims that this is insufficient to establish that the Third-Party Petitioner is the rightful owner of the vessel and that therefore he lacks standing to contest the forfeiture.

4.  Upon receipt of the government's motion, the Petitioner submitted to the government additional documentation from the *Departamento de Recursos Naturales y Ambientales* establishing that title to the vessel was transferred from a Martin Bresciani to the Third-Party Petitioner on May 6, 2017.  (attached).  Mr. Bresciani purchased the vessel at an auction in 2015.  (attached).

5.    The Petition, including the attachments, clearly sets forth a *prima facie* case of standing, demonstrating the nature and extent of the Third-Party Petitioner's right, title or interest in the property, the time and circumstances of his acquisition of the right, title or interest in the property and further demonstrates that the Third-Party Petitioner's interest existed before the conduct giving rise to the forfeiture occurred. As such, the government's motion to dismiss should be denied and the matter should be set for an evidentiary hearing.  Alternatively, the Court should allow the Third-Party Petitioner sufficient time to amend his petition as requested by the government.

**WHEREFORE,** based upon the foregoing, the Third-Party Petitioner, **DAVID CALDERIN-PASCUAL,** respectfully requests the Court to grant the relief requested herein.

Respectfully submitted,

GEORGE T. PALLAS, P.A
Bar No.: 348694
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
george@pallaslaw.com

By:/s/    *George T. Pallas*
        GEORGE T. PALLAS, ESQ.

## CERTIFICATE OF SERVICE

I certify that on this 20th day of May 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing.

By:/s/    *George T. Pallas*
      GEORGE T. PALLAS, ESQ.



DRNA-DOv-037
Rev sept 2004

Estado Libre Asociado de Puerto Rico
DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES
OFICINA DEL COMISIONADO DE NAVEGACIÓN

Notificación de Cambio de Estado de Embarcación – Notice Verb/sub de Navegación
Notification of Change in Status of Vessel, Other

Número de Rad. de Radar

PR-33-13-CC
ER9151/4E672

David Calderon

362 38-2141

31 Calle Carlos Suárez Pr

$4,1022200
N/2
613-396

PABLO CANIL
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
(787) 245-1264
474 1113

5-3-10

143

| 10/28/2015 Vessels | | | |
|---|---|---|---|
| **Auction Lot** | **Description** | **Bidder** | **Winning Bid** |
| 2 | 1986 Paramount 6.4m Center Console Vessel: 21', Beam: 7'02", Unknown Draft, Engine: 2012 Yamaha Gasoline Outboard, V6, Raw Water Cooled, Model: 200AET, 200 HP, S/N: 1051174, Engine fitted with Electric Start, Alternator, Power Tilt/Trim, Sea Star Single Cylinder Hydraulic Steering & 3 Blade Propeller, Equipment: Ritchie Powerdamp Plus Magnetic Compass, Yamaha Instrumentation, Yamaha 704 Engine Control HIN: PPJ6415--686 | Alegria, Alexandra | $ 4,500.00 |
| 4 | 1989 Maxum Cuddy Cabin Vessel: Length: 19'7", White/Blue, Length: 19', HIN: USHB21MHG889 | Ambort, Joanne | $ 200.00 |
| 5 | 1990 26' Mako Open Fisherman, Center Console Vessel, Beam: 8'6", Draft: 20", Equipment: (1) Yamaha 704 Single Lever Controls, (1) Ritchie 5" Compass, (1) DC Breakers Control Panel, (2) Engines Instrumentation, (1) Hummingbird VHF Radio, (1) Hummingbird 400TX Depth Sounder, (2) Bazooka Type Stereo Speakers, (4) Stereo Speakers, (2) Outriggers Bases (T Top Mount) Engines: 2001 Twin 225 HP Yamaha Outboards, Model: TXRA, Four Strokes, S/N Port: 000369, S/N Starboard: 000810, Three Blades Propellers | Power Sports Warehouse Inc. | $ 14,700.00 |
| 6 | Spider Open Fisherman Center Console: Length: 22'6, Beam: 8'2", Draft: 20", Equipment: Tachometers, Volt Gauges, Suzuki Single Lever Control, Hydraulic Pump & SS Steering Wheel, Blige Pump Switch, 3" Compass, Engines: Twin 2013 Transom Mounted Gasoline Yamaha Outboard 90 HP, Model: 09003F Four Stroke, Starboard S/N: 312324, Alloy Propellers, HIN: LUQ00023K710 | Leguillou, Luis | $ 21,800.00 |
| 7 | 1997 Avanti Center Console Openfisherman: M/V: Goat, Length: 25', Beam: 8'6", Draft: 20", Engines: Twin Yamaha Outboards, Mode: 200FETO, 200 hp, 135 gallon Fuel Tank, HIN: ERQ25114F697 Avanti Console: Yamaha 704 Lever Controls, Ritchie 4" Compass, DC Breakers, Yamaha Gauges, Garmin 160 Fishfinder | Bresciani, Martin | $ 13,600.00 |

| 8 | Yamaha 40 HP Outboard Engine, S/N: E40XMHL1168969 | Power Sports Warehouse Inc. | $ 1,600.00 |
|---|---|---|---|
| 9 | Yamaha 30 HP Outboard Engine, S/N: 30GMHL316771 | Power Sports Warehouse Inc. | $ 500.00 |
| 10 | 2005 Skiff 24 Open Fisherman Center Console: Length: 24', Beam: 6'6", Draft: 20",Teleflex Single Lever Control, HIN: PUPUY00085L505<br>Outboard Engine: 2007 Transom Mounted ,Yamaha,85 HP, Model: 85AET Enduro, Port Side S/N: 1016373, 3 Blade Alloy Propeller | Marrero, Juan | $ 5,600.00 |
| 11 | 1995 Wellcraft: Length: 33', HIN: WELFLA25L495 | Negron, Jose | $ 10,100.00 |
| 12 | 2010 Tique RZ2 Boat: Length: 22', HIN: T1X0636C1910, w/Trailer, VIN: 1U4RR2826AT079974 | Smith Auto Sales & Leasing | $ 41,100.00 |
| 13 | 2009 33' Anacapri Open Fisherman Center Console Vessel, HIN: IYQ33005G809<br>2008 Boat Trailer, VIN: 1A9BB34328F714198 | Belkiz LLC | $ 40,000.00 |
| 14 | 2005 Cobalt 263 Cuddy Cabin: Length: 26', HIN: FGE63049C505 | Colarchik, David | $ 26,900.00 |
| 15 | 30' Eduardo☐ffshore Skiff Open Fisherman, Center Console, Beam: 7'10", Draft: 28", Equipment: (1) Yamaha 704 Dual Lever Control, (1) Ritchie 4" Compass, (1) Steering Wheel Over a Seastar hydraulic Pump, (2) DC Control Switches,  HIN: Unknown<br>Twin Late Model Yamaha 115 HP Enduro O/B Engine, Starboard Model: Electric Starter, S/N: Removed From Engine, Port Side Model: Manual Start, S/N: Removed From Engine, Alloy (3) Blades Propellers S/N: Unknown | Power Sports Warehouse Inc. | $ 7,200.00 |

| 16 | 1967 249' Cargo Sea Freighter: M/V: "Gulf Trader" Length: 249', LOA: 262', Beam: 36'4", Draft 16'8", Builder: D.W. Kremer Sohn Shiffswerft, Germany, Hull # 1132, Welded Steel Construction, IMO: 6718142, 1197 gross tons, 600 net tons, 1712 MT Deadweight, Engine: Deutz Diesel, 8 Cylinder, Model: RBVBM-545, S/N: 4573241, 1750 BHP, Equipment: Furuno FR-151OD Marine Radar, Observator Magnetic Compass, STN Atlas Debeg 3618 MF/HF DCS Controller, STN Atlas Debeg 2100 Watch Receiver, STN Atlas Debeg 3100 MF/HF Radiotelep[hone, STN Atlas Debeb 6348 VHF Radiotelephone, STN Atlas Debeg 3220 PE Message processor(2), STN Atlas Debeg 3220 8 Inmarsat C transeiver(2), Debeg 5900 radar Transponder, . Deutz 6 cylinder port/emergency Diesel Generator, OAF 6 Cylinder Diesel Generators, 137.5 KVA(2), DoubleDrum and Gypsy Head Horizontal Hydraulic Anchor Windlass, Rigid Hull Inflatable Rescue Boat with a Johnson 15 HP Outboard Engine | Allmighty Express Shipping Inc | $  336,100.00 |

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff

v.

[2] OSVALDO CALDERIN-PASCUAL,
Defendant,

CRIMINAL NO.: 21-350 (ADC)

## FINAL ORDER OF FORFEITURE

WHEREAS, on December 19, 2023, the Court entered a Preliminary Order of Forfeiture against defendant [2] Osvaldo Calderin-Pascual forfeiting all rights, titles, and interest in one (1) Avanti, Center Counsel, 25-foot boat, HIN: ERQ25114F697, PR Reg. No. 2213CC with outboard engines and one boat trailer; and

WHEREAS, the Drug Enforcement Administration (DEA) and United States Marshall Service (USMS) seized and has custody of the properties, and

WHEREAS, the United States duly published notice of the Preliminary Order of Forfeiture, and has also provided direct notice of the Order to all known interested parties, and returns with respect to the publication and service of notice have been filed with the Court; and

WHEREAS, the time for filing petitions for said properties has expired, and the petition from Ms. Perez has been denied; and

WHEREAS, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the Preliminary Ordre of Forfeiture is final as to defendant [2] Osvaldo Calderin-Pascual who had an interest in the properties subject to forfeiture;

*Criminal No.: 21-350 (ADC)*

It is hereby ORDERED pursuant to 21 U.S.C. § 853 (n)(7) and Rule 32.2 of the Federal Rules of Criminal Procedure that:

The Preliminary Order of Forfeiture issued on December 19, 2023, as to one (1) Avanti, Center Counsel, 25-foot boat, HIN: ERQ25114F697, PR Reg. No. 2213CC with outboard engines and one boat trailer, is final and all rights, titles, claims, and interests of any and all persons or entities in and to the properties are forfeited to the United States.

The properties forfeited herein shall be disposed of pursuant to law.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, _____ August 15 , 2024.


_____*s/ Aida M. Delgado-Colon*_____
HONORABLE AIDA M. DELGADO-COLON
UNITED STATES DISTRICT JUDGE

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
    **Plaintiff**

                                                    **Criminal No.: 21CR350 (ADC)**

        **v.**

**RAMON ANTONIO VEGA-ORTIZ, et. al.**
        **Defendant,**

**DAVID CALDERIN-PASCUAL**
        **Third-Party Petitioner.**

## <u>MOTION TO UNRESTRICT DOCUMENT</u>

The Claimant/Third Party Petitioner, **DAVID CALDERIN-PASCUAL,** through

undersigned counsel, hereby moves to unrestrict a certain document, to wit: ECF 2

in Case No. 22-cv-1189, and as grounds therefore would show:

1.  On September 23, 2021, an Indictment was returned charging [2] Osvaldo

Calderin-Pascual and three other defendants with drug trafficking and money

laundering offenses. *See* ECF No. 3. The Indictment included a forfeiture provision

which notifies the defendants that a certain Vessel was subject to forfeiture under 21

U.S.C. § 853.

2. On October 25, 2021, the Vessel was seized pursuant to a seizure warrant and the Drug Enforcement Administration initiated administrative forfeiture proceedings. On January 25, 2022, Mr. David Calderin-Pascual, the brother of Defendant, Osvaldo Calderin-Pascual, timely filed a claim in the administrative matter. (See attached).

3. On April 22, 2022, the United States filed a parallel civil forfeiture complaint against the Vessel. *See United States v. One 1997 Avanti Powerboats 25 Vessel*, No. 22-cv-1189 (ADC). The civil complaint alleged that the Vessel was subject to forfeiture under 18 U.S.C. § 981 and 21 U.S.C. § 881. *See id.* ECF No. 1. The government filed, and moved to restrict, an Unsworn Declaration in support of the Complaint. ECF 2. This Declaration is the subject of this motion.

4. Additionally, the Government moved to stay the civil action alleging that discovery could adversely affect the prosecution of a related criminal case. On July 17, 2022, this Court stayed the civil action. *See* ECF No. 12.

5. On April 26, 2022, this case was transferred to the docket of Judge Aida M. Delgado-Colon, who presided over Case No. 21-cr-350 (ADC) and who has consented to the transfer.

6. On August 4, 2023, the Defendant, Osvaldo Calderin-Pascual entered into a plea and forfeiture agreement to his criminal charges. ECF 173.

7. On February 29, 2024, David Pascual filed a claim asserting legal interest in

property ordered forfeited by the Court and petitioned the Court for a Hearing to Contest Forfeiture. ECF 223. This Court denied, without a hearing, the Third-Party Claim. ECF 254, 257.

8. To this date, the Claimant/Third-Party Petitioner, has never been provided a factual recitation as to why his property was seized. Due process mandates that the Claimant/Third Party Respondent be provided this document so that he can fully prosecute the appeal from this Court's decision denying a hearing for relief.

9. Prior to filing this motion, undersigned counsel contacted AUSA Mariana Bauza, who states she opposes this motion.

**WHEREFORE,** based upon the foregoing, the Third-Party Petitioner, **DAVID CALDERIN-PASCUAL**, respectfully requests the Court to grant the relief requested herein.

Respectfully submitted,

GEORGE T. PALLAS, P.A
Bar No.: 348694
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
george@pallaslaw.com

By:/s/ _George T. Pallas_
     GEORGE T. PALLAS, ESQ.

151

THE UNITED STATES DEPARTMENT *of* JUSTICE

# Your Claim Has Been Filed

### Filing Information

Your claim, tracking number: **220P-CB0-523-11F**, has been filed at **12:11:34 PM EST** on **Tuesday, January 25, 2022**. You will get a confirmation email to your registration email address once the appropriate agency or agencies receive it. Please print this page for your records.

If you did not receive a confirmation email for the claim you filed, then please visit Claim Frequently Asked Questions (https://www.forfeiture.gov /FilingClaimFAQs.htm) and look under the technical problems question for more information.

Be aware that filing an online claim does not make your filing valid. Your claim will be ruled on by the appropriate agency or agencies and a response will be provided to you via U.S. mail.

You may use your email address and tracking number to log back in and view and/or print your filed form until **Friday, February 04, 2022.**

### Amendments

If you wish to file an amendment to your filed claim, you must provide your documentation and a written explanation to the appropriate agency via U.S. mail. The agency mailing address can be found at https://www.forfeiture.gov/FilingClaim.htm (https://www.forfeiture.gov/FilingClaim.htm).

📄 Print filed claim for your records



# CLAIM FORM

**YOU MUST COMPLETE <u>ALL</u> PARTS OF THIS FORM FOR THE ASSETS YOU ARE CLAIMING.**

**Note:** There is no legal form or format required for filing a claim; this document is provided for your convenience. Please visit https://www.forfeiture.gov/FilingClaim.htm for more specific guidance on filing your claim with the appropriate seizing agency.

**Frivolous Claim Statement:** If a court finds that a claimant's assertion of an interest in property was frivolous, the court may impose a civil fine. Title 18 United States Code, Subsection 983(h). A false statement or claim may subject a person to criminal prosecution under Title 18 United States Code, Sections 1001 and 1621.

**Privacy Act Notice:** The Department of Justice is collecting this information for the purpose of processing your claim. Providing this information is voluntary; however, the information is necessary to process your application. Information collected is covered by Privacy Act System of Records Notice Department of Justice (DOJ), DOJ-002-DOJ Computer Systems Activity & Access Records, Federal Register (71 FR 29170). This information may be disclosed to contractors when necessary to accomplish an agency function, to law enforcement when there is a violation or potential violation of law, or in accordance with other published routine uses. For a complete list of routine uses, see the system of records notice listed above.

220P-CB0-523-11F

Page 1

1/25/22

## SECTION I - CONTACT INFORMATION

| CLAIMANT INFORMATION | |
|---|---|
| **Claimant/Contact Name:** (Last, First)<br>Calderin-Pascual, David | |
| **Business/Institution Name:** (if applicable) | **Prisoner ID:** (if applicable) |
| **Address:** (Include Street, City, State, and Zip Code)<br>11310 SW 47th Terrace<br>Miami, FL 33165 | |
| **Social Security Number/Tax Identification Number:** (Enter N/A if you do not have one)<br>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 | |
| **Phone:** (optional) | **Email:** (optional) |

| ATTORNEY INFORMATION (if applicable) | |
|---|---|
| **Attorney Name:** (Last, First)<br>Pallas, George | |
| **Attorney Title:** | |
| **Firm Name:** (if applicable)<br>George T. Pallas, P.A. | |
| **Attorney Address:** (Include Street, City, State, and Zip Code)<br>2420 Coral Way<br>Miami, FL 33145 | |
| **Are you an attorney filing this claim on behalf of your client?**   ☒ Yes   ☐ No | |
| **Attorney Phone:** (optional)<br>305 856 8580 | **Attorney Email:** (optional)<br>george@pallaslaw.com |

*If any of this information changes, you are responsible for notifying the agency of the new information.*

## SECTION II - ASSET LIST

*List each asset ID and asset description that you are claiming.*

| # | Asset ID | Asset Description |
|---|---|---|
| 1 | 22-DEA-685524 | Vessels - Recreational - 1997 See Items List See Items List See Items List - Value = $46,640.00 , SN: ****List seized by the DEA on October 25, 2021 in Carolina, PR. Items described as: Vessels - Recreational - - Avanti Powerboats - 25 - Recreational; Other; Other; Trailer - - Magic Tilt - Boat Trailer. |

## SECTION III - INTEREST IN PROPERTY

*Identify your interest in each of the assets you are claiming. If you are filing for multiple assets and the responses are not the same for each asset, please print out multiple copies of this page to submit with the claim. If you have documentation that supports your interest in the claimed assets (e.g., bill of sale, retail installment agreements, contracts, titles or mortgages), please include copies of the documents with the submission of the claim.*

| INTEREST IN PROPERTY INFORMATION | |
|---|---|
| **Asset ID** | **Asset Description** |
| 22-DEA-685524 | Vessels - Recreational - 1997 See Items List See Items List See Items List - Value = $46,640.00 , SN: ****List seized by the DEA on October 25, 2021 in Carolina, PR. Items described as: Vessels - Recreational - - Avanti Powerboats - 25 - Recreational; Other; Other; Trailer - - Magic Tilt - Boat Trailer. |

**In the space below, please explain why you have a valid, good faith, and legally recognizable interest in this asset:**

I am the owner of all the items. I purchased the boat and trailer and then separately purchased the two (2) engines.

**In the space below, please list any documents you are including in support of your interest in the asset(s). If none are included, please explain why.**

* Boat Title and License - Boat title and licence.pdf
* Boat Certification - Boat Property certification.pdf
* Trailer Title - Trailer Title.pdf
* Commercial Fishing License - Comercial Fishing Licence.pdf
* Engines receipt - Engines receipt.jpg
* Dual Suzuki Engines - DF200A DUAL Suzuki OBM Quotation(1).pdf

## SECTION IV - RECOVERY OF LOSS

No Recovery of Loss exists.

## SECTION V - DECLARATION AND REPRESENTATION

*The following declaration must be completed by the claimant.*

I attest and declare under penalty of perjury that my claim is not frivolous and the information provided in support of my claim is true and correct to the best of my knowledge and belief.

_____

**Signature**

Calderin-Pascual, David

**Printed Name**

01-25-22

**Date**

### Sworn Notice of Representation

*This section must be completed only by claimants who are represented by an attorney.*

I have retained the above-named attorney to represent me in this matter. I have reviewed the foregoing claim and found that its contents are accurate to the best of my information and belief. I declare under penalty of perjury that the foregoing information is true and correct.

_____

**Signature**

Calderin-Pascual, David

**Printed Name**

01/25/22

**Date**

If a court finds that a claimant's assertion of an interest in property was frivolous, the court may impose a civil fine. Title 18 United States Code, Subsection 983(h). A false statement or claim may subject a person to criminal prosecution under Title 18 United States Code, Sections 1001 and 1621.

**Attached Document List:**

* Sworn Notice - 0866_001.pdf

220P-CB0-523-11F                          Page 4                          1/25/22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

DAVID CALDERIN-PASCUAL,                    No.: 21-cr-350 (ADC)

Third-Party Petitioner.

## UNITED STATES' RESPONSE TO MOTION TO UNRESTRICT

TO THE HONORABLE COURT:

For the reasons set forth below, the United States respectfully requests that the Court

deny the Motion to Unrestrict at ECF No. 272.

Having twice failed to assert a viable claim to property subject to forfeiture in this

criminal case, Mr. Calderin-Pascual appealed the final order of forfeiture. *See* ECF Nos. 223

(pro se claim of Mr. Calderin-Pascual); 238 (United States' Motion to Dismiss Petition); 244

(response via counsel to United States' Motion to Dismiss); 254 (Order denying claim); 256

(United States' Motion for Final Order of Forfeiture); 257 (Final Order of Forfeiture); and 262

(notice of appeal of Final Order of Forfeiture).

Now he seeks to obtain a document in a stayed civil forfeiture action involving the same

property pending under case number 22-cv-1189 (ADC). Mr. Calderin-Pascual is not a party to

the civil action because he has never asserted a claim or answer in that case. He claims,

however, that the civil action was consolidated with this criminal action, thus entitling him to

documents filed in the civil case. *See* ECF No. 272. But Mr. Calderin-Pascual is also not yet a

party to this criminal action, having failed to meet the threshold requirement of submitting a

viable claim. *See* 21 U.S.C. § 853(n)(2), Fed. R. Crim. P. 32.2(c)(1). In other words, he has not

*United States' Motion to Dismiss Petition*
*No.: 21-cr-350 (ADC)*

established standing to intervene in this case. *See United States v. Perkins*, 382 F. Supp. 2d 143, 144 (D. Me. 2005) (citing *United States v. Padilla-Galarza*, 351 F.3d 594, 600 (1st Cir. 2003)).

What is the basis for the requested relief? Mr. Calderin-Pascual cites no case law, no statute, and no rule supporting it. The forfeiture in this criminal case is governed by Rule 32.2. A putative third-party petitioner like Mr. Pascual has to assert a viable claim before obtaining discovery or triggering additional procedures. As the Court already found, Mr. Calderin-Pascual has failed to meet that threshold requirement of asserting a viable claim in this action.

The Court properly disposed of Mr. Calderin-Pascual's deficient petition for lack of standing without a hearing. "Rule 32.2(c)(1) requires the court to conduct an 'ancillary proceeding' on a third-party non-money judgment claim, but clearly contemplates that proceeding may not require an evidentiary hearing." *Id.* at 18-19. Instead, pursuant to Rule 32.2(c)(1)(A), the Court "may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." The Court may rule on a motion to dismiss a petition before holding a hearing on the petition. *See id.* 32.2(c)(1)(B) (discussing additional pre-hearing procedures courts may order "after disposing of any motion filed under Rule 32.2(c)(1)(A)").

As the Court has found, the facts alleged in Mr. Calderin-Pascual's Petitions, even if taken as true, do not state a plausible claim for relief. At best, the Petitions are bare assertions of ownership. That is not enough to satisfy § 853(n). Accordingly, Mr. Calderin-Pascual has no standing to intervene in this action.

On top of failing on the merits, Mr. Calderin-Pascual has not established the Court's jurisdiction over this request because "entry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal." *United States v. Distasio*, 820 F.2d

2

*United States' Motion to Dismiss Petition*
*No.: 21-cr-350 (ADC)*

20, 23 (1st Cir. 1987).  Access to this document, by Mr. Calderin-Pascual's own admission, is a

"matter related to the appeal."  *See id.*  Mr. Calderin-Pascual has by his notice of appeal deprived

the Court of jurisdiction to consider matters related to the substance of his appeal, that is,

whether he is entitled to case information where he otherwise lacks standing to intervene.  *See*

*United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015).  Accordingly, the United

States respectfully requests that the Court deny Mr. Calderin-Pascual's Motion.

Respectfully submitted,

W. STEPHEN MULDROW
United States Attorney

s/Daniel J. Olinghouse
Daniel J. Olinghouse
Assistant United States Attorney
USDC-PR No. G03009
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
(787) 766-5656
Daniel.Olinghouse2@usdoj.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO
### Docket No.: 21CR350 (ADC)

**UNITED STATES OF AMERICA,**
     **Plaintiff**

    **v.**

**[3] OSVALDO CALDERIN-PASCUAL.**
    **Defendant,**

                                  **<u>NOTICE OF APPEAL</u>**

**DAVID CALDERIN-PASCUAL**
    **Third-Party Petitioner.**

       **DAVID CALDERIN-PASCUAL** appeals to the United States Court of Appeals for the First Circuit from the Final Order of Forfeiture entered on August 15, 2024.

                     Respectfully submitted,

                     GEORGE T. PALLAS, P.A
                     1st Circuit Bar No:  1213445
                     2420 SW 22nd Street
                     Miami, FL 33145
                     305-856-8580
                     305-860-4828 FAX
                     george@pallaslaw.com

                     By:/s/ *George T. Pallas*
                         GEORGE T. PALLAS, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing to all parties.