IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

APPEAL No. 24-1836

UNITED STATES,
Appellee,

**v.**

OSVALDO CALDERIN-PASCUAL, a/k/a Cubano a/k/a Calde,
Defendant,

-----------------------------------------------

DAVID CALDERIN-PASCUAL,
Interested Party - Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BRIEF FOR APPELLEE

W. Stephen Muldrow
United States Attorney

Juan Carlos Reyes-Ramos
Assistant United States Attorney
Chief, Appellate Division

Gabriella S. Paglieri
Assistant United States Attorney
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
Tel. (787) 282-1930

T<small>ABLE OF</small> C<small>ONTENTS</small>

Table of Authorities ..................................................................................... iii

Jurisdictional Statement .............................................................................. 1

Statement of the Issue on Appeal ............................................................... 3

Statement of the Case ................................................................................. 4

Summary of the Argument........................................................................... 10

    **Whether the district court erred when it dismissed David's petition for a hearing to contest forfeiture where the petition failed to satisfy the threshold requirements of the governing statute.**

Argument ...................................................................................................... 12

    **David was not entitled to a hearing to contest forfeiture of the boat because he failed to make the requisite showings under Section 853(n) and the court did not abuse its discretion in not allowing him to amend the petition.**

    Issue: ..................................................................................... 12

    Standard of Review: ................................................................ 12

    Discussion: ............................................................................. 13

        **A.**    **The petition failed to meet the threshold requirements of Section 853(n) because it was silent as to the time and circumstances of David's purported acquisition of the boat.** ..................................... 13

        **B.**    **The district court did not abuse its discretion in not allowing David to file an amended petition.** ........... 21

Conclusion.................................................................................................... 24

TABLE OF AUTHORITIES

## FEDERAL CASES

Amador v. United States, 98 F.4th 28 (1st Cir. 2024)............................................1

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ................................................................13

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).................................................12

Libretti v. United States, 516 U.S. 29 (1995).......................................................13

Paret–Ruiz v. United States, 827 F.3d 167 (1st Cir. 2016) ................................23

United States v. Alcaraz-Garcia, 79 F.3d 769 (9th Cir. 1996) ...........................1

United States v. Bradley, 882 F.3d 390 (2d Cir. 2018) ........................................1

United States v. Candelaria-Silva, 166 F.3d 19 (1st Cir. 1999).......................23

United States v. Catala, 870 F.3d 6 (1st Cir. 2017) ................................ 12, 18-20

United States v. Davis, No. 23-20475, __ F.4th __, 2025 WL 1417703
    (5th Cir. May 16, 2025)........................................................................................14

United States v. Davis, No. 3:20-cr-00575-X, 2022 WL 313437
    (N.D. Tex. Feb. 2, 2022).......................................................................................19

United States v. Fabian, 764 F.3d 636 (6th Cir. 2014) ........................................16

United States v. Furando, 40 F.4th 567 (7th Cir. 2022)............................... 23-24

United States v. McDonald, 18 F. Supp. 3d 13 (D. Me. 2014) .........................18

United States v. Millan-Isaac, 749 F.3d 57 (1st Cir. 2014)................................16

United States v. Pacheco, 921 F.3d 1 (1st Cir. 2019) ............................ 15, 16, 18

United States v. Rivera-Rosario, 300 F.3d 1 (1st Cir. 2002) ............................15

United States v. Sanchez, No. 22-11923, 2023 WL 5844958
    (11th Cir. Sept. 11, 2023) ...................................................................... 13, 17, 22

United States v. Valentin-Acevedo, 625 F. App'x 16 (1st Cir. 2015) ....... 14, 19

United States v. Welch, No. 23-3309, 2024 WL 4879474
    (9th Cir. Nov. 25, 2024) ......................................................................... 13, 21-22

## STATUTES

18 U.S.C. § 1956(h) ...........................................................................................5

18 U.S.C. § 3231 ...............................................................................................1

18 U.S.C. § 846 .................................................................................................5

21 U.S.C. § 841(a)(1) ........................................................................................5

21 U.S.C. § 853(n) .........................................................................................6, 10

21 U.S.C. § 853(n)(2) .....................................................................................6, 22

21 U.S.C. § 853(n)(3) .......................................................................................14

28 U.S.C. § 1291 ...............................................................................................2

48 U.S.C. § 864 ................................................................................................15

## RULES

Dist. P.R. Local R. 5(c) ...................................................................................15

Fed. R. App. P. 4(a)(1)(B)(i) ............................................................................1

Fed. R. Crim. P. 32.2 ........................................................................................6

Fed. R. Crim. P. 32.2(c) ..........................................................................1

Fed. R. Crim. P. 32.2(c)(1)......................................................................14

Fed. R. Crim. P. 32.2(c)(1)(A) ......................................................... 14, 20

Fed. R. Crim. P. 32.2(c)(1)(B)................................................................20

## JURISDICTIONAL STATEMENT

Interested party-appellant David Calderin-Pascual appeals the district court's order denying his petition for hearing to contest forfeiture and final order of forfeiture. The district court, which had jurisdiction to handle ancillary forfeiture proceedings in this case under Federal Rule of Criminal Procedure 32.2(c) and 21 U.S.C. § 853(n), denied David's petition on August 2, 2024, (AA38, DEs 253-54), and entered its final forfeiture order on August 15, 2024, (Add. 1).[1] On August 28, 2024, David filed a timely notice of appeal within 60 days of the court's denial of his petition. (AA160-61); *see* Fed. R. App. P. 4(a)(1)(B)(i); *Amador v. United States*, 98 F.4th 28, 35 (1st Cir. 2024) (citing *United States v. Bradley*, 882 F.3d 390, 393 (2d Cir. 2018) (holding ancillary forfeiture proceedings are subject to Fed. R. App. P. 4(a) governing civil appeals and applying 60-day time limit for filing a notice of appeal); *see also United States v. Alcaraz-Garcia*, 79 F.3d 769, 772, n. 4 (9th Cir. 1996) (holding time to appeal runs from denial of third party petition). This Court

---

[1] Citations to "DE" refer to a docket entry in the underlying criminal case, Case No. 21-350, "AB" to Appellant's Brief, "Add." to Appellant's Addendum, "AA" to Appellant's Appendix, and "SA" to Appellant's Supplemental Appendix. The government cites the docket entries whenever those are not included in the Appellant's appendices.

has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE ON APPEAL

**Whether the district court erred when it dismissed David's petition for a hearing to contest forfeiture where the petition failed to satisfy the threshold requirements of the governing statute.**

## STATEMENT OF THE CASE

David is the brother of defendant Osvaldo Calderin-Pascual. (AA150). He challenges the forfeiture of a 25-foot center console boat ("the boat") in his brother's criminal proceeding. (AA126-27).

In September 2021, a grand jury indicted Osvaldo and three other co-defendants on multiple counts of drug trafficking and money laundering in connection with their participation in a scheme to import hundreds of kilograms of cocaine into Puerto Rico from May 2019 to September 2021. (AA43-59, AA116). The indictment included a forfeiture provision subjecting to forfeiture certain property used to commit the offenses including the boat. (AA57).

Following the indictment, the Drug Enforcement Administration (DEA) initiated administrative forfeiture proceedings. (AA150). In January 2022, David, through his counsel of record below and on appeal, filed an administrative claim with the DEA claiming an interest in the boat. (AA152-56). In response, the government filed a parallel civil forfeiture action against the boat alleging it was subject to forfeiture as an instrumentality of crime. *See* Complaint, *United States v. One 1997 Avanti Powerboats 25 Vessel*, No. 22-

1189, at ECF No. 1.[2] The government then moved to stay the civil proceeding because any civil discovery may adversely affect the criminal case. *See* Mot., *id.*, at ECF No. 5. The district court stayed the civil proceeding and transferred the forfeiture matter to the criminal case. *See* Orders, *id.*, at ECF Nos. 7, 12. David did not file a claim or answer in the civil proceeding. *See* Docket, *id.*

Back in the criminal case, in August 2023, Osvaldo pleaded guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute drugs in violation of 21 U.S.C. §§ 841(a)(1), 846 and one count of conspiracy to launder money in violation of 18 U.S.C. § 1956(h). (AA100-02). As part of his plea agreement, Osvaldo agreed to forfeit his rights to the boat. (AA109-13). On December 19, 2023, the district court issued a preliminary order of forfeiture to forfeit the boat and its trailer.

---

[2] When a claimant files a claim in an administrative forfeiture action, the agency refers the matter to the U.S. Attorney's Office to proceed with judicial forfeiture. *See* 18 U.S.C. § 983(a)(3)(A), (C) (stating government has 90 days from when claimant files administrative claim to file a civil forfeiture action or include forfeiture in indictment). David's suggestion that the agency ignored his administrative claim or that the government filed the civil action to cause further delay, (AB11), is incorrect. By filing the civil forfeiture complaint, the government was preserving its right to forfeit the boat pursuant to § 983(a).

(AA123-25).[3] Pursuant to the order, the United States was to provide notice to potential third parties who may have an interest in the boat about their right to file a petition to contest forfeiture in accordance with 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2. (AA124). Pursuant to Section 853(n), any such petition had to be filed within 30 days of the final publication of notice or receipt of actual notice, whichever was earlier. (AA124). The United States published a notice for 30 consecutive days from January 18 through February 16, 2024. (DE 246).

On February 29, 2024, David filed a pro se petition requesting an ancillary hearing to contest forfeiture claiming he had an interest in the boat. (AA126-29).[4] Specifically, he alleged he was the owner of the boat. (AA126-27). He also alleged he had a "legally cognizable interest in [the boat] which is superior to the government['s interest]." (AA127). In support, David attached: (i) a property certificate for the boat in the Spanish language

_____

[3] The government continues using "the boat" to refer to the boat and the trailer.

[4] David filed his initial petition pro se although, as discussed above, appellant's counsel of record was already representing him at that time and had filed the administrative claim on his behalf. (AA152-56). Additionally, because David filed the petition within 30 days of the final publication of the notice, the petition was timely. *See* 21 U.S.C. § 853(n)(2).

purportedly showing it was registered to his name on January 19, 2022, (AA131), (ii) an undated boat license in the Spanish language, (AA132), (iii) a Spanish-language certificate of title to the trailer dated June 9, 2017, (AA130), and (iv) Spanish-language receipts of engines issued to his name, (AA133). David provided no English-language translations for any of those documents. He signed the petition and swore to its contents under penalty of perjury. (AA129).

The government moved to dismiss the petition for lack of standing and failure to state a claim because it failed to comply with the requirements of Section 853(n). (AA134-38). Specifically, the government argued that although David attached documents purporting to show that he is the registered owner of the boat, the petition was silent as to the time and circumstances of his acquisition of the boat. (AA136-37). Under Section 853(n) and Rule 32.2, the petitioner must sufficiently make this showing to be entitled to a hearing. (*Id.*). The government noted that, although David was being represented by counsel at the time he filed the petition, it nevertheless was "liberally constru[ing]" the petition because he filed it pro se. (AA136, n. 2). Still, the petition was deficient even if liberally construed in David's favor. (AA136-37). Therefore, the government asked the district

7

court to deny the petition without a hearing. (AA138). Alternatively, the government asked the district court to order David to file an amended petition that complies with the statutory requirements. (AA138).

In response, David, this time through his counsel, filed a "Response to Motion to Dismiss Petition or For an Order Directing the Filing of an Amended Petition." (AA139-41). There, he argued that the petition sufficiently showed he was the rightful owner of the boat. (AA140). Additionally, he attached two more documents: (i) a hardly legible form titled "Notification of Change in Status of Vessel Other," at least part of which appears to be in the Spanish language without translation, that he claims represents a certification of title transfer to him from a previous owner in May 2017, (AA140, 143), and (ii) a copy of a registry purporting to show that the previous owner purchased the boat via auction in 2015, (AA144). This time, David did not sign the response or swore to its contents under penalty of perjury; only his lawyer signed it. (AA141). Based on the petition and his response, David argued that he met the statutory requirements under Section 853(n), and he was therefore entitled to an ancillary hearing to contest forfeiture. (AA141). In the alternative, David requested time to amend his petition. (AA141).

The district court granted the government's motion to dismiss and denied the petition for the reasons argued in the motion. (DE 253-54 (denying petition and referring to government's motion)). In August 2024, the court issued a final order of forfeiture forfeiting the boat to the United States. (AA147-48).[5] This appeal ensued.

---

[5] In the final order, the district court inadvertently stated that "the petition from Ms. Perez has been denied." (AA147). The record is clear that the only petition contesting forfeiture of the boat that was filed in the case was the petition filed by David. Therefore, the district court intended to refer to David's petition and reference to "Ms. Perez" was a typographical error.

## SUMMARY OF THE ARGUMENT

The district court properly denied David's motion for a hearing to contest forfeiture of the boat because his petition failed to meet the threshold statutory requirements under 21 U.S.C. § 853(n). The petition was silent as to the time and circumstances of his acquisition of the boat. It relied only on untranslated Spanish-language documents that must be set aside under the Jones Act. Even if this Court could consider the documents, they provide no information as to how David acquired the boat. His response to the government's motion to dismiss did not cure the petition's defects because he failed to sign it, it relied on a partly untranslated Spanish-language document, and, in any event, it again failed to provide information about how he acquired the boat. Because his petition was facially deficient, it amounted to nothing more than a conclusory claim of interest in the boat. Such conclusory allegations are insufficient to warrant a hearing.

The district court also did not abuse its discretion when it dismissed the petition without granting David leave to amend. David failed to provide any information that could cure the deficiencies of his petition, he did not explain why he could not have discovered additional information at the time he filed his petition, and his request to amend came more than two months

10

after the mandatory 30-day filing deadline had passed. His attempt to supplement his petition with a hardly legible and untranslated Spanish-language document provided no valid reason to warrant the amendment. This Court should affirm.

ARGUMENT

**David was not entitled to a hearing to contest forfeiture of the boat because he failed to make the requisite showings under Section 853(n) and the court did not abuse its discretion in not allowing him to amend the petition.**

<u>**Issue:**</u>

David incorrectly argues his pro se petition and response to the government's motion to dismiss entitled him to a hearing. (AB11-13). Alternatively, he argues the district court should have given him an opportunity to amend his petition. (AB11, 16). Both arguments fail.

<u>**Standard of Review:**</u>

This Court reviews de novo a district court's denial of a petition to contest forfeiture pursuant Section 853(n) and Rule 32.2. *See United States v. Catala*, 870 F.3d 6, 9 (1st Cir. 2017). "A motion to dismiss a third-party petition in a criminal forfeiture proceeding is analyzed in the same way as a motion to dismiss a complaint under Rule 12(b) of the Federal Rules of Civil Procedure." *Id.* That is, "a third-party petitioner under [S]ection 853(n) must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare

recitals . . . supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A district court's decision to deny leave to amend a deficient third-party petition claiming an interest in forfeited property is reviewed for abuse of discretion. *See, e.g.*, *United States v. Welch*, No. 23-3309, 2024 WL 4879474, at *1 (9th Cir. Nov. 25, 2024) (applying abuse of discretion standard to denial of leave to amend); *United States v. Sanchez*, No. 22-11923, 2023 WL 5844958, at *5 (11th Cir. Sept. 11, 2023), cert. denied, 145 S. Ct. 139 (2024) (same).

## Discussion:

### A. The petition failed to meet the threshold requirements of Section 853(n) because it was silent as to the time and circumstances of David's purported acquisition of the boat.

Section 853 governs criminal forfeitures. "[T]hird-party claimants can establish their entitlement to return of the assets only by means of the hearing afforded under 21 U.S.C. § 853(n)." *Libretti v. United States*, 516 U.S. 29, 44 (1995). To do so, a third party must file a petition signed under penalty of perjury that "set[s] forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21

13

U.S.C. § 853(n)(3). "Courts strictly construe Section 853's statutory requirements." *United States v. Davis*, No. 23-20475, __ F.4th __, 2025 WL 1417703, at *2 (5th Cir. May 16, 2025) (collecting cases).

Rule 32.2 governs the procedure the district court must follow to evaluate third party claims. If a third party files a petition asserting an interest in the property (other than money judgments) to be forfeited that complies with the statutory requirements, then "the court must conduct an ancillary proceeding." Fed. R. Crim. P. 32.2(c)(1). "[B]ut [Rule 32.2] clearly contemplates that proceeding may not require an evidentiary hearing." *United States v. Valentin-Acevedo*, 625 F. App'x 16, 18–19 (1st Cir. 2015). "[T]he court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason," taking the facts in the petition to be true. Fed. R. Crim. P. 32.2(c)(1)(A).

David's third-party claim is deficient. First, he failed to sufficiently allege the "time and circumstances of [his] acquisition of . . . title" to the boat. 21 U.S.C. § 853(n)(3). In his pro se petition, David alleged he was "the sole and rightful owner of the vessel." (AA126). In support to this conclusory statement, he attached (i) an untranslated Spanish-language property certificate for the boat purportedly showing it was registered to his name on

14

January 19, 2022, (AA131), (ii) an undated boat license in the Spanish language without translation, (AA132), (iii) an untranslated Spanish-language certificate of title to the trailer, (AA130), and (iv) untranslated Spanish-language receipts of engines issued to his name, (AA133). But those documents must be set aside.

Neither the district court could, nor this Court can consider those documents under the Jones Act. "[S]ection 42 of the Jones Act . . . requires that "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico . . . be conducted in the English language." *See United States v. Rivera-Rosario*, 300 F.3d 1, 5–6 (1st Cir. 2002) (citing 48 U.S.C. § 864); *see also* Dist. P.R. Local R. 5(c) (requiring all non-English language documents filed with the court be accompanied by a certified translation in English). "The Jones Act prohibits federal courts from considering untranslated documents." *United States v. Pacheco*, 921 F.3d 1, 2 (1st Cir. 2019) (dismissing appeal based on failure to comply with Jones Act). On appeal, David argues that "[h]is pro se petition *and supporting documents* were sufficient to trigger a hearing." (AB16 (emphasis added)). Nevertheless, almost all of his "supporting documents" are in Spanish and unaccompanied by certified translations in English. (AA130-33). The Jones

Act "consequently bars [this Court] from taking account of the untranslated documents . . . and 'requires that [it] set [them] aside." *Pacheco*, 921 F.3d at 4 (citation omitted). Without the documents, all that is left is David's conclusory assertion that he is "the sole rightful owner of the vessel." (AA126-27). Such conclusory allegation of interest is insufficient to meet the Section 853(n) requirements. *See, e.g., United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (holding petition that asserts only a conclusory legal interest in the properties is insufficient).[6] "Since the want of a record compliant with the Jones Act leaves [the Court] unable to determine the merits of [David]'s argument," this Court should dismiss his appeal. *Pacheco*, 921 F.3d at 4.

Even if this Court were to ignore David's failure to comply with the Jones Act, something this Court cannot do, *see id.* at 4, these documents would show, at most, that at some point prior to the commission of the crime (2019 to 2021), he had title of and thus, an interest in the boat. The petition,

---

[6] That the government did not challenge David's non-compliance with the Jones Act below, does not otherwise allow the district court or this Court to consider the untranslated documents. *See United States v. Millan-Isaac*, 749 F.3d 57, 63 (1st Cir. 2014) (holding "the duty of the court to ensure compliance with the Jones Act is not lessened in cases where counsel acquiesces or even encourages the district court to set aside the English-language requirement").

however, is silent as to when and how he came to acquire the boat as required under Section 853(n)(3). So, even taking the allegations as true and construing the petition liberally,[7] it is deficient.

Even after the government moved to dismiss and alerted David that his petition was deficient, he failed to cure it. In his response to the government's motion to dismiss, for which he now had the benefit of filing through counsel, David's counsel attached an untranslated Spanish-language document purporting to show that title to the boat transferred from a previous owner to him in 2017. (AA 140, 143). But this response is facially deficient because David did not sign it or swore to its contents under penalty of perjury as required under Section 853(n)(3)—only his lawyer signed it. *See, e.g.*, *Sanchez*, 2023 WL 5844958, at *4 (holding petitioner failed to comply with "unambiguous pleading requirement laid out by the statute" where only her lawyer signed the petition and such defect was not curable via motion to amend). What's more, the purported title transfer document submitted with the response is hardly legible and at least part of it appears

---

[7] In an abundance of caution, the government construed the petition liberally because it was filed pro se. (AA136, n. 2). However, it duly noted that at the time David filed the petition, he was already represented by counsel who had filed the administrative claim in 2022. (*Id.*; AA152-56).

to be in Spanish without a translation. (AA143). Thus, the document must be set aside. *See Pacheco*, 921 F.3d at 4.

In any event, the response attempting to amend the petition was deficient even if David had provided a sworn-to, English-language translation for any untranslated portions of the transfer document. While such document could have shown "when" he acquired title, it would have done nothing to show the circumstances of "how" he came to acquire that title. He failed to provide any sworn statement or other information regarding the circumstances surrounding his acquisition of the boat as required under Section 853(n)(3). So, the response still failed to comply with the explicit requirements of Section 853(n) and did not cure the petition's defects.

Accordingly, David failed to sufficiently allege he had an interest in the boat under Section 853(n) and the district court properly granted the government's motion to dismiss for lack of standing and failure to state a claim. *See, e.g.*, *Catala*, 870 F.3d at 9-10 (describing statutory standing as asserting a legal interest in the property within the meaning of Section 853(n)); *United States v. McDonald*, 18 F. Supp. 3d 13, 16 (D. Me. 2014) (dismissing third-party claim without a hearing for failure to state a claim

where party failed to swear to the time and circumstances under which he acquired property subject to forfeiture); *United States v. Davis*, No. 3:20-cr-00575-X, 2022 WL 313437 (N.D. Tex. Feb. 2, 2022) (dismissing petition for failure to state a claim because petitioner did not allege time and circumstances of her acquisition of her interest in a 2017 Bentley, only stated that it is titled to her).

David relies on inapposite case law in support of his case. He tries to distinguish his case from this Court's decisions in *Valentin-Acevedo*, 625 F. App'x at 16 and *Catala*, 870 F.3d at 10. (AB12-15). But neither of these cases involve the deficiencies at issue here and do nothing to help his case. For example, in *Valentin-Acevedo*, the district court, consistent with Rule 32.2(c)(1)(B), allowed the parties to exchange discovery and before affording a hearing, applied a summary judgment standard to dismiss the petition. 625 Fed. App'x at 18 (affirming district court's holding that petitioner did not generate a factual dispute where it was undisputed that government's interest vested in 2007 and she only provided evidence that she acquired title in 2008). In contrast, here, the petition failed at the filing stage because David failed to sufficiently allege the time and circumstances under which he acquired title of the boat—a threshold requirement under Section 853(n).

19

David's suggestion that the district court erred by not affording him discovery like the court in *Valentin-Acevedo* is wrong. (AB12-13). Nothing in Rule 32.2 requires the district court to afford a third-party claimant discovery. *See* Fed. R. Crim. P. 32.2(c)(1)(B) (stating the court "may" not "must" permit discovery). Rather, the Rule allows the court to dismiss a deficient petition without such process and without a hearing for lack of standing and failure to state a claim. *Id*. at (c)(1)(A). Because David's petition was facially deficient, the district court correctly dismissed it without discovery and without a hearing pursuant to Rule 32.2.

*Catala* is also inapposite. It involved the forfeiture of cash proceeds, and, after a hearing on the third-party petition, the issue was whether the petitioner proved his interest in the forfeited cash vested prior to the United States's interest as required under Section 853(n)(6). *See Catala*, 870 F.3d at 10. Because the petitioner could not have acquired an interest in the cash before the crime occurred, then this Court held the United States' interest in the cash vested first and therefore, the claim failed. *See id.* Nothing in that case supports a finding that David sufficiently claimed a legal interest in an instrumentality of his brother's crime to warrant a hearing where he failed to sufficiently allege the time and circumstances surrounding the acquisition

of the boat. Because neither case helps David's case, his argument that his petition was sufficient is without support.

**B.    The district court did not abuse its discretion in not allowing David to file an amended petition.**

David failed to show he was entitled to leave to amend his deficient petition. In his response to the government's motion, David alternatively requested that the court grant him leave to amend his petition. (AA141). Yet, he failed to provide any new information to the district court that could potentially cure the deficiencies in his petition. The new information that he provided was not sworn-to under penalty of perjury, was supported by a hardly legible and partly untranslated Spanish-language document that the court could not consider, and, in any event, did not provide any explanation as to the circumstances of his acquisition of the boat. *See supra* at p. 15-17. Therefore, the new information in the response did not cure the deficiency.

Even assuming the transfer document was somehow sufficient, David failed to explain why he failed to present it when he filed his petition. *See Welch III*, 2024 WL 4879474, *1 (holding "district court did not abuse its discretion in denying [petitioner] leave to amend his petition" where petitioner "failed to explain why he was previously unable to discover the

information set forth in his motion to amend"). Indeed, he knew about the forfeiture of the boat since at least 2022 when he filed the administrative claim with the DEA claiming a right in the boat. (AA152-56). So, he had plenty of time to obtain his title document by the time he filed the petition.

Moreover, allowing him to amend his petition would undermine the statutory timely filing requirement. "Allowing amendment in these circumstances would [] allow circumvention of the time limit set forth for third-party petitions in criminal forfeiture actions." *Welch III*, 2024 WL 4879474, *1 (citing 21 U.S.C. § 853(n)(2)). Section 853(n) requires third party claimants to file any petitions within thirty days of the final publication of notice or actual receipt of notice, whichever is earlier. 21 U.S.C. § 853(n)(2). Here, final publication of notice was on February 16, 2024, (DE 246), and David did not file his response to the motion to dismiss until May 21, 2024, (AA139-41). Thus, by the time David asked to amend his petition, "the mandatory thirty-day deadline had long since passed." *Sanchez*, 2023 WL 5844958, at *5 (holding district court did not abuse its discretion "when it enforced this congressionally prescribed, 'mandatory' thirty-day window and denied leave to amend"). Allowing David to amend his petition to include the title transfer document and any other information that he had at

the time he filed the petition, would effectively undermine the mandatory 30-day filing limit. Therefore, the district court did not abuse its discretion in rejecting the petition without allowing David to amend it after the 30 days had passed.[8]

Finally, David's reliance on *United States v. Furando*, 40 F.4th 567 (7th Cir. 2022) is unavailing. (AB16). In *Furando*, the Seventh Circuit agreed with the district court that the petition was facially deficient but remanded for the district court to either provide a hearing or an opportunity to amend the petition. *Id.* at 578-79. However, in that case, after filing the initial petition, the petitioner did not have a second opportunity to present amended allegations to the court. *See id.* at 580. In contrast, here, David, had an

---

[8] David argues that the government purposely caused delays in the proceedings by filing the stayed civil forfeiture action. (AB15-16). But he is wrong. It is well-established that the United States may choose in its discretion how to pursue forfeiture of tainted assets. *See United States v. Candelaria-Silva*, 166 F.3d 19, 43 (1st Cir. 1999) (discussing government's "commonplace" procedure of converting civil seizures into criminal forfeitures and government's ability to "shift theories of criminal forfeiture"). The United States can choose to pursue forfeiture criminally, civilly, or both simultaneously. *See Paret–Ruiz v. United States*, 827 F.3d 167, 171 (1st Cir. 2016) ("[T]he government may pursue civil forfeiture simultaneously with a criminal prosecution that includes a forfeiture count."). So, any suggestion that the government filed the stayed civil forfeiture proceeding for any purpose other than to preserve its right to forfeit the boat is wrong.

opportunity to cure the defects in his petition when he filed, through counsel, his response to the government's motion to dismiss. Yet, he still failed to cure the defects. And he failed to provide sufficient indication that, if he had been allowed leave to amend his petition, he would have provided sufficient sworn statements or other information to warrant a hearing. His persistent failure should not be rewarded with a third (and untimely) bite at the apple.

## CONCLUSION

For the foregoing reasons and authorities, this Court should affirm the district court's order denying David's petition and its final forfeiture order.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this day of May 23, 2025.

W. Stephen Muldrow
United States Attorney

Juan Carlos Reyes-Ramos
Assistant United States Attorney
Chief, Appellate Division

/s/ Gabriella S. Paglieri
Assistant United States Attorney
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
Tel. (787) 282-1930
Fax (787) 771-4050

**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

**CERTIFICATE OF COMPLIANCE WITH RULE 32(A)**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type-Style Requirements

1. This brief complies with the type-volume limitation in FED. R. APP. P.
   32(a)(7)(B) because:

   ☑ the brief contains 4,561 words, excluding the parts of the brief
   exempted under FED. R. APP. P. 32(f), *or*

   ☐ the brief uses a monospaced typeface and contains _____
   lines of text, excluding the parts of the brief exempted under FED.
   R. APP. P. 32(f).

2. This brief complies with the typeface requirements in FED. R. APP. P.
   32(a)(5) and the type-style requirements in FED. R. APP. P. 32(a)(6)
   because:

   ☑ the brief has been prepared in a proportionally spaced typeface
   and, except for emphases, in a plain, roman style using Book
   Antiqua in 14 point, *or*

   ☐ the brief has been prepared in a monospaced typeface using
   _____ with _____.

Dated: May 23, 2025                    /s/ Gabriella S. Paglieri
                                       Assistant United States Attorney

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on May 23, 2025, I filed the above brief with the Clerk of Court using the Court's electronic-filing system, which will send notification to counsel for the appellant.

/s/ Gabriella S. Paglieri
Assistant United States Attorney